


# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

November 6, 2006

PLEASE REPLY TO:    New Castle Office – Civil Division

*Via Electronic Delivery*
The Hon. Kent A. Jordan
United States Courthouse
844 King Street
Wilmington, DE 19801

Re:    **Sminkey v. State of Delaware, et al**
       *U.S. District Court, C.A. 06-263-KAJ*

Dear Judge Jordan:

Please allow this to serve as defendant Ron Sauls' reply to plaintiff's response to your Honor's Rule to Show Cause Order of October 3, 2006. In that Order, the Court directed the plaintiff to show cause why the case should not be dismissed for failing to serve process within 120 days of filing the complaint in accordance with Rule 4(m).

In a letter dated October 30, 2006, plaintiff responds by asserting: that all defendants were served within forty-eight hours of filing the complaint; or that counsel entered an appearance on behalf of all defendants; or that one Theresa Graham accepted service on behalf of all defendants by signing a receipt for a package by a delivery service; or that based on some meeting with some of the named defendants he was excused from following any rule; or that if none of those excuses suffice, could the Court give him another chance to serve defendants.

This is not the plaintiff's first *pro se* lawsuit. He maintained a Title VII and civil rights lawsuit against his former employer SEPTA in the U.S. District Court for the Eastern District of Pennsylvania. *Jack Sminkey v. Southeastern Penn. Transportation Authority, et al.* 1998 WL 401686, C.A. No. 97-1347 (E.D. Pa June 30, 1998) Provided as an attachment to plaintiff's response, was a copy of

Rule 4 and combined with plaintiff's doctorate level education, he has the ability to understand the fundamental requirements of Rule 4. Rule 4 requires service of a summons and complaint within 120 days of filing a complaint unless a signed waiver is filed.

The docket makes clear that the only summons issued in this matter was for defendant Ron Sauls. Ron Sauls answered the complaint on May 16, 2006, which is well within the 120 day-time period under Rule 4(m). (D.I. 3) Included as defenses in that answer, was a failure to properly serve Sauls (¶ 242) and a lack of personal jurisdiction (¶ 243). See Ayres v. Jacobs & Crumplar, 99 F.3d 563, 570[1] (3d Cir. 1996). Despite being put on notice by Sauls' answer that plaintiff may have a service problem, he did nothing to cure it or even make an inquiry.

The docket is clear that counsel only entered an appearance on behalf of Ron Sauls and preserved certain defenses including failure of proper service of process. Plaintiff's response makes it clear that the one defendant for which a summons was issued, was not properly served under Rule 4. The Rule requires that defendant Sauls be personally served with both a summons and complaint (Rule 4(e)(2)) or that plaintiff can use the State law method for service of process (Rule 4(e)(1)). Plaintiff did neither.

Defendant Sauls requests the Court dismiss the matter without prejudice pursuant to Rule 4.

Respectfully submitted,

/s/ Marc P. Niedzielski
Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us

Jack E. Sminkey, Ph.D.
3402 Edgemont Avenue, #333
Brookhaven, PA 19015

---

[1] ["We further hold that a summons when properly issued is not effective in conferring personal jurisdiction upon [a party defendant] if it is not served in accordance with Rule 4 …"]