# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK E. SMINKEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-263-KAJ |
| STATE OF DELAWARE, DEPARTMENT | : | |
| OF CORRECTION, RUTH ANN MINNER, | : | |
| STANLEY TAYLOR, ALAN MACHTINGER, | : | |
| KATHLEEN MICKLE-ASKIN, LOUISE | : | |
| LAYTON, RONALD SAULS, ALISON | : | |
| STEVENS, DONNA WATSON, ANNETTE | : | |
| FRANZE, NICHOLE SHULER, | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF ALISON STEVENS

Defendant Alison Stevens by and through her attorney answers the complaint as follows:

1. This is a legal contention for which no response is required.

2. This is a legal contention for which no response is required.

3. This is a legal contention for which no response is required.

4. This is a legal contention for which no response is required.

5. This is a legal contention for which no response is required.

6. It is admitted that plaintiff was a probationary employee during his unsuccessful attempt to become a Probation and Parole Officer. It is admitted that plaintiff was terminated prior to completion of his training. Answering defendant is without sufficient information to respond to the balance of this paragraph.

7. Admitted that Ruth Ann Minner was and is the Governor of the State of Delaware. The balance of the paragraph is a legal contention for which no response is required.

8. Admitted that Stanley Taylor was the Commissioner of the Department of Correction. The balance of the paragraph is a legal contention for which no response is required.

9. Denied. Alan Machtinger is the Director of Human Resources and Employee Development.

10. Denied. Kathleen Mickle-Askin is the Director of Training.

11. Denied. Louise Layton is a Training Administrator.

12. Denied. Answering defendant is a Training Administrator.

13. Admitted.

14. Denied. Donna Watson was a Training Educator prior to her promotion.

15. Denied. Annette Franze was/is a Training Educator.

16. Denied. Nicole Shuler was/is a Training Educator.

17. Denied as stated. The role of the Department of Correction is set out by law in the Delaware Code.

18. Denied. The Administrative Headquarters of the Department of Correction is 245 McKee Road, Dover. DE 19904.

19. This is a legal contention for which no response is required.

20 – 90.     Answering defendant is without sufficient information to form a belief as to the truth of these paragraphs.

91. – 154.     These paragraphs are not directed to answering defendant.

155.    This incorporation paragraph does not require a response.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    This is a legal contention for which no response is required.

161.    Denied.

162.    This incorporation paragraph does not require a response.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    This incorporation paragraph does not require a response.

171.    Denied as stated.

172.    This is not a factual allegation.

173. Answering defendant is without sufficient information to form a belief as to the truth of these paragraphs.

174. Denied.

175. This is a legal contention for which no response is required.

176- 236. These paragraphs are not directed to answering defendant

237. Denied.

## First defense

238. The complaint, in whole or in part, fails to state claim for which relief could be granted.

## Second Defense

239. The Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution.

## Third Defense

240. The Court lacks jurisdiction under Article III, § 2, clause 2 of the U.S. Constitution.

## Fourth Defense

241. The complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

## Fifth Defense

242. The complaint should be dismissed as service of process was improper or insufficient.

## Sixth Defense

243. The Court lacks personal jurisdiction over defendant and the complaint should be dismissed.

**Seventh Defense**

244. The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

WHEREFORE, defendant Alison Stevens requests the Court grant judgment for all that is just and proper, to include dismissal of this suit with plaintiff to pay all costs.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Alison Stevens

DATED:  February 12, 2007

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail of Alison Steven's Answer on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED:  February 12, 2007