**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JACK E. SMINKEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-263-KAJ |
| STATE OF DELAWARE, DEPARTMENT | : | |
| OF CORRECTION, RUTH ANN MINNER, | : | |
| STANLEY TAYLOR, ALAN MACHTINGER, | : | |
| KATHLEEN MICKLE-ASKIN, LOUISE | : | |
| LAYTON, RONALD SAULS, ALISON | : | |
| STEVENS, DONNA WATSON, ANNETTE | : | |
| FRANZE, NICHOLE SHULER, | : | |
| | : | |
| Defendants. | : | |

## <u>A N S W E R</u>

Defendants Annette Franze and Donna Watson, by and through their attorney, answer the complaint as follows:

1. This is a legal contention for which no response is required.

2. This is a legal contention for which no response is required.

3. This is a legal contention for which no response is required.

4. This is a legal contention for which no response is required.

5. This is a legal contention for which no response is required.

6. It is admitted that plaintiff was a probationary employee during his unsuccessful attempt to become a Probation and Parole Officer. It is admitted that plaintiff was terminated prior to completion of his training. Answering defendants are without sufficient information to respond to the balance of this paragraph.

7. Admitted that Ruth Ann Minner was and is the Governor of the State of Delaware. The balance of the paragraph is a legal contention for which no response is required.

8. Admitted that Stanley Taylor was the Commissioner of the Department of Correction. The balance of the paragraph is a legal contention for which no response is required.

9. Denied. Alan Machtinger is the Director of Human Resources and Employee Development.

10. Denied. Kathleen Mickle-Askin is the Director of Training.

11. Denied. Louise Layton is a Training Administrator.

12. Denied. Answering defendant is a Training Administrator.

13. Admitted.

14. Denied. Donna Watson was a Training Educator prior to her promotion.

15. Denied. Annette Franze was/is a Training Educator.

16. Denied. Nicole Shuler was/is a Training Educator.

17. Denied as stated. The role of the Department of Correction is set out by law in the Delaware Code.

18. Denied. The Administrative Headquarters of the Department of Correction is 245 McKee Road, Dover. DE 19904.

19. This is a legal contention for which no response is required.

20 – 90.    Answering defendants are without sufficient information to form a belief as to the truth of these paragraphs.

91 – 103.    Not directed to answering defendants.

104.    This is an incorporation paragraph which requires no response.

105.    This is a legal contention for which no response is required.

106.    Answering defendants are without sufficient information to form a belief as to the truth of these paragraphs.

107.    Denied.

108.    This is an incorporation paragraph that does not require a response.

109 – 120.    Denied.

121.    This is an incorporation paragraph that does not require a response.

122 -127.    Denied.

128.    This is an incorporation paragraph that does not require a response.

129 – 131.    Denied.

132.    Admitted.

133.    Admitted.

134.    Denied as stated.

135.    Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

136.    Denied.

137.    This is an incorporation paragraph that does not require a response.

138. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

139. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

140. Admitted that another defendant told cadets that termination was one of the possibilities.

141. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

142. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

143. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

144. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

145. Denied.

146. This is an incorporation paragraph that does not require a response.

147. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

148. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

149. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

150. Denied.

151. This is an incorporation paragraph that does not require a response.

152. Answering defendants are without sufficient information to form a belief as to the truth of this paragraph.

153. Denied.

154. This is a legal contention for which no response is required.

155. This incorporation paragraph does not require a response.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. This is a legal contention for which no response is required.

161. Denied.

162. This incorporation paragraph does not require a response.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170 – 236. Not directed to answering defendants.

237. Denied.

### First defense

238. The complaint, in whole or in part, fails to state claim for which relief could be granted.

### Second Defense

239. The Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution.

### Third Defense

240. The Court lacks jurisdiction under Article III, § 2, clause 2 of the U.S. Constitution.

### Fourth Defense

241. The complaint should be dismissed, in whole or in part, as plaintiff failed to properly exhaust his administrative remedies.

### Fifth Defense

242. The complaint should be dismissed as service of process was improper or insufficient.

### Sixth Defense

243. The Court lacks personal jurisdiction over defendant and the complaint should be dismissed.

### Seventh Defense

244. The matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by some administrative time requirement.

### Eighth Defense

245. The answering defendants are entitled to official immunity and the matter should be dismissed.

WHEREFORE, defendant Annette Franze and Donna Watson request the Court grant judgment for all that is just and proper, to include dismissal of this suit with plaintiff to pay all costs.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Marc P. Niedzielski
        Marc P. Niedzielski
        Bar I.D. 2616
        Deputy Attorney General
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8324
        marc.niedzielski@state.de.us
        Attorney for Franze and Watson

DATED: February 20, 2007

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED:  February 20, 2007