# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY,                         :
                                         :
            Plaintiff,                    :
                                         :
    v.                                   :    C.A. No. 06-263-***
                                         :
STATE OF DELAWARE, et al.,               :
                                         :
            Defendants.                   :

## DEFENDANTS' OPPOSITION TO DEFAULT JUDGMENT

Defendants Annette Franze, Donna Watson[1] and Louise Layton by and through their attorney hereby oppose plaintiff's motion for a default judgment. Plaintiff's motion for a default judgment should be denied for the reasons that follow:

1.      Plaintiff commenced this action by filing a complaint on April 24, 2006.  Plaintiff had the clerk issue a single summons for defendant Ron Sauls.  On May 16, 2006, defendant Ron Sauls answered the complaint by denying all wrongdoing and asserted a number of defenses including insufficient or improper service of process and a lack of personal jurisdiction. (D.I. 1, 2, & 3)

2.      On October 3, 2006, the Court issued a rule to show cause why the complaint should not be dismissed for failure to serve the defendants. (D.I. 4) On October 31, 2006, plaintiff responded by asserting a number of things including:

---

[1] A motion for default motion was received by counsel as to defendants Annette Franze and Donna Watson, but does not appear on the docket.

that all defendants were served within forty-eight hours of filing the complaint; or

that counsel entered an appearance on behalf of all defendants; or that one Theresa

Graham accepted service on behalf of all defendants by signing a receipt for a

package by a delivery service;  or that based on some meeting with some of the

named defendants he was excused from following any rule; or that if none of those

excuses suffice, could the Court give him another chance to serve defendants.

(D.I. 5)

> 3.    In response, defendant Sauls stated:

> This is not the plaintiff's first *pro se* lawsuit.  He maintained a Title VII and civil rights lawsuit against his former employer SEPTA in the U.S. District Court for the Eastern District of Pennsylvania. *Jack Sminkey v. Southeastern Penn. Transportation Authority, et al.*  1998 WL 401686, C.A. No. 97-1347 (E.D. Pa June 30, 1998)  Provided as an attachment to plaintiff's response, was a copy of Rule 4 and combined with plaintiff's doctorate level education, he has the ability to understand the fundamental requirements of Rule 4.  Rule 4 requires service of a summons and complaint within 120 days of filing a complaint unless a signed waiver is filed.

> The docket makes clear that the only summons issued in this matter was for defendant Ron Sauls.   Ron Sauls answered the complaint on May 16, 2006, which is well within the 120 day-time period under Rule 4(m). (D.I. 3) Included as defenses in that answer, was a failure to properly serve Sauls (¶ 242) and a lack of personal jurisdiction (¶ 243). *See Ayres v. Jacobs & Crumplar*, 99 F.3d 563, 570[2]  (3d Cir. 1996).  Despite being put on notice by Sauls' answer that plaintiff may have a service problem, he did nothing to cure it or even make an inquiry.  (D.I. 6)

---

[2] ["We further hold that a summons when properly issued is not effective in conferring personal jurisdiction upon [a party defendant] if it is not served in accordance with Rule 4 …"]

4.    Before a ruling on the matter, Judge Jordan was elevated to the Court of Appeals for the Third Circuit and this case was assigned to the vacant judgeship. On January 12, 2007, the Magistrate-Judge entered an order directing plaintiff to serve defendants in accordance with Fed.R.Civ.P. 4 within 30 days. The docket suggests that plaintiff purportedly served defendants on January 29, 2007. (D.I. 10 – 19)  All defendants filed answers that deny any wrongdoing and assert defenses including insufficient or improper service of process and a lack of personal jurisdiction. (D.I. 20-24, 26)

Plaintiff now moves for a default judgment under Rule 55 against Louise Layton for filing an answer 8 days (in the undocketed motion against Franze and Watson plaintiff contends they were a day late) day after the 20 day period starting on the day attempting service by serving a receptionist at DOC Headquarters. (D.I. 27)

5.    Plaintiff moves for default after all defendants have answered.  Rule 55 contemplates that such a motion can only be made against a party that has failed to answer or plead.   Fed.R.Civ.P. 55(a) [When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules…"].  Accordingly, Rule 55 does not authorize the entry of a default judgment where the application is made after an answer is filed and served.  The purpose of the rule is to compel an answer or other response.

6.    Additionally, defendants will be challenging service of process as improper and a lack of personal jurisdiction.  Moreover, plaintiff does not even suggest that he was prejudiced by the one day and eight day delay in answering.

WHEREFORE, for the above reasons defendants request the Court deny plaintiff's motion for default judgment against Annette Franze, Donna Watson and Louise Layton.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Defendants

DATED: March 13, 2007

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular

U.S. Mail of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: March 13, 2007