**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JACK E. SMINKEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-263-*** |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' RULE 26 (a) DISCLOSURES

Defendants, by and through their attorney, make the following disclosures pursuant to Fed.R.Civ.P. 26(a):

**(A).   Individuals with information.**

Plaintiff, defendants and other cadets in BOTC training class. All contact with defendants and defendants' employee - witnesses must be conducted through counsel.

**(B)   Documents that may supports defenses.**

EEOC documents and defendants' personnel file on plaintiff. Some of those documents are attached to this document.

**(C)   Damages.**

None.

**(D)   Insurance agreements.**

None.

- 2 -

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


/s/ Marc P. Niedzielski
Marc P. Niedzielski
Bar I.D. 2616
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for defendants

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: March 28, 2007

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jack E. Sminkey
3402 Edgmont Avenue
Apt. 333
Brookhaven, PA 19015

From: Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

RECEIVED
JAN 3 1 2006
HUMAN RESOURCES

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-03060 | George E. King, Jr., Supervisory Investigator | (215) 440-2659 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Marie M. Tomasso,
District Director

January 27, 2006
(Date Mailed)

cc: DELAWARE DEPARTMENT OF CORRECTIONS

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA  ☒ EEOC | 170-2005-03060 |

Delaware Department of Labor _____ and EEOC
State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.)
**Mr. Jack E. Sminkey**

Home Phone No. (Incl Area Code): (610) ███████
Date of Birth: ███-1962

**Street Address**
**3402 Edgmont Avenue, Apt. 333, Brookhaven, PA 19015**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**
**DELAWARE DEPARTMENT OF CORRECTIONS**

No. Employees, Members: **500 or More**
Phone No. (Include Area Code): **(302) 739-5601**

**Street Address**
**245 Mc Kee Road, Dover, DE 19904**

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: **03-15-2005**  Latest: **04-28-2005**
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On or about March 15, 2005, I believe that my disability was used to hurt, embarrass and create a hostile work environment for me. I believe that race was a factor in how I was treated in that a Mexican male frequently cursed, told lewd jokes and was sarcastic to instructors but received no disciplinary action. I was discharged on May 3, 2005. I believe that age was a factor in that another male and I are both over the age of 40, he attacked an instructor for which he could have been fired but received no disciplinary action and I was discharged. I believe that I was discriminated against based on sex/sexual harassment in that a female cadet motioned as if to kick me in the groin, said she was going to "kick me in the nuts" and talked about women wearing thongs and one of the instructors told me that my underwear was showing. I had been employed since February 25, 2005.

My discharge notice dated April 28, 2005 which was signed by Stan Taylor, White male Commissioner about 53 years old, stated that I was dismissed after being placed on formal notice due to my failure to follow directions, repetitive history of showing an inappropriate attitude and most recently, my disrespectful responses towards a guest Instructor and Probation and Parole Supervisor.

I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my race, White and my sex, male, in violation of the Age Discrimination in Employment Act of 1967, as amended, because of my age, 42 (at the time of my employment), and in violation of the Americans with Disabilities Act of 1990 because of my disability. I believe that I was retaliated against because of my disability.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 14, 2005       *Jack E. Sminkey* (signature)
Date               Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Not Received

DATE: March 17, 2005

**Behavioral Assessment Meeting**

RE:             BOTC-1

TIME:           9:45 AM

Attendance:     Louise Layton
                Donna Watson
                Nicole Shuler
                Barbara Roscoe

RE: Cadet K▓▓▓ M▓▓▓ and Cadet Jack E. Sminkey

PAR : None

**DEFICIENCIES:**
**Cadet K▓▓▓ M▓▓▓** is deficient in Practical IPC. He passed the written portion, but is unable to perform at a level that demonstrates an ability to utilize those skills effectively. He was counseled on what is expected and encouraged to practice with other Cadets until he would take another Practical exam with Linda Valentino. The test needs to be taken by March 24, 2005. He signed a BOTC Behavior Assessment Report addressing this subject.

**DESCREPENCIES:**
**Cadet K▓▓▓ M▓▓▓**
During a conversation he has admitted to have knowledge and contact with offenders. He regularly plays cards with these associates.

Generally, he has a problem understanding instructions, demonstrating poor listening and verbal skills. It was stressed that IPC skills are basic to being an effective Probation and Parole Officer.

**Cadet Jack E. Sminkey :**
**Cadet Sminkey** demonstrates negative behavior using inappropriate responses to any criticism or suggestions from either instructor. Several incidents have occurred resulting in an inquiry as to whether he has a problem with authority. His response was that he has a problem with people who have to have control all of the time. It was discovered that when he came through the Academy many years ago, there were no female instructors. He was advised that his instructors do have control over his career and that his sarcastic remarks would not be tolerated. Should another incident arise, he will meet with Administrator Layton. Both Instructor Watson and Instructor Shuler agree that he should be given the opportunity to correct his behavior. He signed a BOTC Behavior Assessment Report addressing this issue.

**Cadet D___ C. S_____** injured her knee during physical training on March 9, 2005. She has some restrictions physically, but she has not missed any training and it is not interfering with her academics.

Generally, the class is proceeding well. There are some excellent candidates within the group.

# BOTC BEHAVIOR ASSESSMENT REPORT

Cadet's Name : K███████ M█████

S.S. No:                                                       Class No.: **BOTC-1**

Date: **March 17, 2005**

Reasons for this Report:

Tardiness [ ]          Unauthorized Absence [ ]      Inappropriate Attitude [ ]

**Unacceptable Academic Performance [X]**     Unacceptable Physical Performance [ ]

Other [ ]

**Remarks:**

    Mr. M████ is deficient in the Practical Evaluation of IPC training. Although he seems to grasp the skills intellectually, he was unable to perform at a level that demonstrates an ability to utilize those skills effectively. As well as not being able to do so during the practical exam, several guest instructors took note and reported that he was weak in the scenarios during the individual blocks of instruction.

    I also spoke to Mr. M████ previously about my concerns about him not being able to verbalize in a confident manner, but that he rather appeared to be timid in his communications with instructors as well as classmates. At that time I encouraged him to practice being more assertive and confident in his demeanor.

**Recommended Remedies:**

    Mr. ████████ should be given an opportunity to have another practical evaluation with another instructor present. Instructors should also provide him with the guidance to improve those skills prior to taking the exam.

    It should also be noted that Mr. M████ has been advised that IPC skills are the foundation for much of the future training and that he will continue to be evaluated on his ability to use those skills during TAC House, Defensive Tactics, etc.

These concerns have been reviewed with the Cadet listed above on    3/17/05

                                                                                             (Date)

_Donna Watson_                                   K████ ▪ J. M█████

(Instructor Signature)                                 (Cadet Signature)

Follow-up: Practical exam and continuous evaluation during future training

# BOTC BEHAVIOR ASSESSMENT REPORT

Cadet's Name :   **Jack Sminkey**

S.S. No:                                                         Class No.: **BOTC-1**

Date: **March 17, 2005**

Reasons for this Report:

Tardiness  []            Unauthorized Absence  [ ]        **Inappropriate Attitude  [ X ]**

Unacceptable Academic Performance  [ ]     Unacceptable Physical Performance  [ ]

Other  [ ]

**Remarks:**

    Mr. Sminkey has been advised on two occasions that his sarcastic comments and behavior directed towards instructors was unacceptable and could cause a negative impact on the rest of his class.

    During the week of March seventh, 2005 during physical training Mr. Sminkey was corrected by Instructor Watson regarding an exercise he was performing. Instructor Watson then proceeded to leave the gym area and this Instructor was still present. Mr. Sminkey proceeded to make a derogatory remark directed towards Instructor Watson as she was leaving that this Instructor observed but cannot remember. I then proceeded to advise Mr. Sminkey that "his sarcastic comments were to cease and that if couldn't respect instructors then he will not respect probationer's, therefore he will be unable to perform this job". He agreed and continued with his physical training.

    On March 16, 2005 during IPC training adjunct Instructor Fentress made a comment to the class that this officer had taught him everything he knows and you have to be assertive with offenders just as he was taught. Mr. Sminkey then proceeded to say "Oh, that makes a lot of sense then if she

trained you". Mr. Sminkey was then asked if he had a problem with authority, which this instructor is not sure, if he answered as the class then proceeded forward. When the class dismissed for a brief break this instructor observed Mr. Sminkey in the common area. Mr. Sminkey asked this instructor "what" and this instructor then asked him again "do you have a problem with authority?" Mr. Sminkey then replied "no, I just have a problem with people who have to have control all of the time'. This instructor then asked Mr. Sminkey if that comment was directed towards his instructors and he did not respond. This instructor then advised Mr. Sminkey that we as instructors do have control over Mr. Sminkey's career at the present moment and sarcastic remarks would not be tolerated.

Instructor Watson and myself met with Mr. Sminkey following the dismissal of class at the end of the day to inform him that his behavior was unacceptable, and to determine his intentions. During this time we explained to him that his behavior could cause a negative environment for his fellow cadets, future fellow officers as well as with offenders. He was also advised that within this profession that it is imperative that you communicate and interact with others well. Mr. Sminkey advised myself and Instructor Watson that his intentions were not to be negative or sarcastic, but also proceeded to advise us that cadet Reyes advised Mr. Sminkey one day in the locker room that he thought that his attitude may be viewed as negative and sarcastic by instructors.

**Recommended Remedies:**

Mr. Sminkey should be given the opportunity to conform his behavior through self-evaluation through out the remainder of the course. Instructors should also provide him with feedback regarding his attitude, and address any behavior that could be questionable.

These concerns have been reviewed with the Cadet listed above on 3-17-05
(Date)

_____          _____
(Instructor Signature)                   (Cadet Signature)

**Follow-up:** Constant evaluation and follow up's during the remainder of the BOTC program

Revised Form 01/31/01

DATE: March 29, 2005

Behavioral Assessment Meeting

RE:             BOTC-1

TIME:           12:50 PM

Attendance:     Louise Layton
                Donna Watson
                Nicole Shuler
                Barbara Roscoe

**RE: Cadets Dawn C. Stevens-Arbaugh, Kenneth McDowell and Jack E. Sminkey**

PAR : None

### DESCREPENCIES:

**Cadet D█████ C. ███████████** has another follow-up doctor's appointment today. She hopes to be cleared so that she can assume regular duty. She has displayed some negative attitude toward authority and offenders. She doesn't take constructive feedback well. She will be observed.

**Cadet Jack E. Sminkey's** attitude has turned around. He has improved since signing the formal BAC form.

**Cadet K█████ M█████** successfully passed his IPC training with Instructors Linda Valentino and Donna Watson.

Generally, the class is still doing well.

DATE: April 8, 2005

Behavioral Assessment Meeting

RE:             BOTC-1

TIME:           0840 AM

Attendance:     Ronald Sauls
                Annette Franze
                Nicole Shuler
                Barbara Roscoe

**RE: Cadet Jack E. Sminkey**

PAR : None

### DESCREPENCIES:

**Cadet Jack E. Sminkey's** inconsistent attitude and performance is still a cause for concern.

4/7/05 Instructor Annette Franze asked Cadet Sminkey how training was going? The short conversation at this time began evolving into information that TE Franze wanted to explore later. His answer began to reflect concerns he had that had developed prior in this training. The next morning, 4/8/05, he delivered a packet that contained "noteworthy entries" regarding his response to the last BAC Report that he signed as well as a copy of a National Forensic Center Certificate he was awarded and two copies of a J & S Products & Services Report.

Instructors Annette Franze and Nicole Shuler reviewed the information in his packet. At that time, Cadet Sminkey was brought in for a Counseling session. That session covered his behavior issues that followed Hearing Presentations and the contents of his packet. He believed that he was being singled out for the most difficult cases in order to embarrass him and keep him in front of the group the longest time. He had become withdrawn with his head bent over, not participating in the class. They discussed some discrepancies on some of the information in the packet as not being complete or accurate. They also discussed concerns about the training program and the environment as he portrayed them in a negative way.

He declared that he wants to continue training, but has concerns with the BAC process in that it might follow him to his assignment. He was counseled that he needs to be respectful and to participate in class. He is also concerned about where his thoughts are concerning this BOTC program. He believes that he is being singled out and his future job is threatened.

4/9/05 Instructor Nicole Shuler noted that he greeted her in a professional, receptive way. They had an open discussion on general work issues.

The main concern with the Instructors is that his attitude is inconsistent. It is also noted that he still struggles with accepting constructive criticism. He should be given formal notice that is clearly defined. At this point Cadet Sminkey was called into Administrator Ron Saul's office with Instructor Annette Franze present.

4/8/04 @ 11:15 AM

Adminstrator Ron Sauls
Instructor Annette Franze
Cadet Sminkey
Barbara Roscoe

Adminstrator Ron Sauls told Cadet Sminkey that he was now on formal notice that any future write-ups for; Tardiness, Unauthorized Absence, Inappropriate Attitude, Unacceptable Academic Performance, or Unacceptable Physical Performance or any other reason would end his training in this BOTC class.

Cadet Sminkey was encouraged to participate in class. At the end of the class he was welcomed to write up any suggestions to improve the training that he felt would improve the training program.

# BOTC BEHAVIOR ASSESSMENT REPORT

(Please Print Firmly)

Cadet's Name: SMINKEY, JACK E.

S.S. No:                                                  Class No.: BOTC 05-1

Date: April 12, 2005

**Reasons for this Report:**

Tardiness   [ ]          Unauthorized Absence   [ ]          Inappropriate Attitude   [X]

Unacceptable Academic Performance   [ ]          Unacceptable Physical Performance   [ ]

Other   [ ]


**REMARKS:**

I was assigned with this BOTC class on Thursday, March 31, 2005. While instructing Legal Issues and Search Law on Thursday and Law of Arrest on Friday Mr. Sminkey's participation was positive, asking appropriate questions and interjecting statements. On two occasions during class Mr. Sminkey was addressed with not paying attention by carrying on conversations with another participant. That matter was closed as Mr. Sminkey did not routinely continue side conversations.

On Monday, April 4, during Emotional Aspects and Search practical classes, I noticed that Mr. Sminkey's participation sharply declined. Continued observation during the next two days occurred (Officer Survival and First Aid) the same behavior of withdrawing from participating and appearing closed up occurred. The appearance was that Mr. Sminkey did not want to be here and was going thru the motions.

During First Aid on Wednesday, April 6, a fire drill was conducted and on the way back into the building I asked Mr. Sminkey how he was doing, and how he thought training was going. Mr. Sminkey stated that there were positives and negatives about training. Mr. Sminkey stated that he wasn't comfortable with some things that seemed to be going on during training. I said that we could continue the discussion later since he was due back in class. We did not get to the discussion later this day.

1

RE: Sminkey
April 12, 2005

The next morning, Thursday, April 7, Mr. Sminkey delivered a large white envelope packet to me and stated that 'this was our secret'. Later during a counseling (noted below) with Mr. Sminkey he stated that he was 'joking' when he said the packet was our secret. Mr. Sminkey was informed during the counseling that the packet is not able to remain secret and the information was shared with TE Shuler and Administrator Layton.

When I opened the packet a cover letter dated April 7, first stated that he was 'writing to inform me that he changed his mind with regard for my request to meet. He further stated that he 'didn't believe anything positive could result'. He stated that he appreciated that I pulled him aside to ask about training.

These statements confirmed the observations I saw with regard to the negative attitude toward training. Specifically, he last stated in the cover letter that, 'hopefully, in 16 days, the nightmare would be over'.

Additional information was provided within the packet regarding evaluation of instruction of training and trainers. This was discussed with Mr. Sminkey during the counseling session later this day. Mr. Sminkey was advised that he can provide evaluation input later that would assist EDC, and P&P with enhancing the training program. At this time, I informed Mr. Sminkey that we want him to focus on being a participant of the training.

Also included in the packet was a copy of the BAC report dated March 17, 2005 and a comments page attached reflecting Mr. Sminkey's point of view of that BAC.

Last, Mr. Sminkey provided a copy of a certification and two examples of his work as an investigator.

2

BOTC BAC Report
RE: Sminkey
April 12, 2005

At the end of the day on April 7, TE Shuler and I spoke with Mr. Sminkey in a counseling session. We discussed information (positive, negative and discrepancies) in the packet, the prior situation that had occurred during BOTC (BAC Mar 17), Mr. Sminkeys concerns with that last BAC, what he thought of training, how he felt about continuing with the training, and our concerns of observed negative behavior/progress of Mr. Sminkey at this time.

Mr. Sminkey was explained the BAC process in full again for clarity, that to continue with training a more positive attitude was required, that included full participation (positive), teamwork, no overt challenging of trainers, nor showing of negative behavior, and to become a positive influence with the class that would also enhance the program.

The discussion was healthy, beneficial to TE Shuler and myself. Clarifications and our training concerns were addressed, and Mr. Sminkey was provided an opportunity to share his concerns.

RECOMMENDED REMEDIES:

Mr. Sminkey was informed that the counseling session we had would proceed to the BAC and that recommendations as to whether he continued with training would occur.

In addition, Mr. Sminkey was informed that observation of behavior and progress would continue.

3

BOTC BAC Report
RE: Sminkey
April 12, 2005

These concerns have been reviewed with the Cadet listed above on Date:

4-12-05  _____          _____ 4/12/05
            (Instructor Signature)                  (Cadet Signature)

FOLLOW-UP:

Administrator R. Sauls conducted the BAC on April 8, 2005. Mr. Sminkey was informed that the BAC dated March 17 would not be forwarded when Mr. Sminkey was assigned to a District office (One of Mr. Sminkey's concerns regarding his career).

As a result of the current behavior demonstrating a negative attitude, at this time, Mr. Sminkey was placed on formal 'Notice'. Should any inappropriate behavior, poor performance, or negative attitude be demonstrated by Mr. Sminkey another BAC would result, and a recommendation whether Mr. Sminkey is eligible to continue training would be made.

Mr. Sminkey needs to demonstrate a positive attitude toward all aspects of the training program and to participate in all phases for successful completion.

Mr. Sminkey provided a copy of this Report on 4-13-05
                                                           A France

Revised Form 01/31/01

4

DATE: April 14, 2005

**Behavioral Assessment Meeting**

RE:             BOTC-1

TIME:           0905 AM

Attendance:     Ronald Sauls
                Annette Franze
                Nicole Shuler
                Amos Callaway
                Barbara Roscoe

RE: Cadets N▓▓ W▓▓, R▓▓F▓ R▓ B▓▓, J▓ R▓▓ and Jack E. Sminkey

PAR: None

   **DESCREPENCIES:**

   N▓▓ W▓▓ had an injury on 4/5/05. The doctor's report showed that she had a stain on her right foot and cleared her for running and jumping. When it appeared that she was in pain, Instructor Annette Franze counseled her on her injury and modified her physical activities so that there would be no impact on her foot. The problem seems to be more of a planters wart than an actual injury.

   R▓▓F▓ (CVOP) injured his foot, finger and leg on 4/13/04. A First Report of Injury will follow. No other treatment will transpire at this time.

   R▓ Br▓▓ (JUV) injured his shoulder during Defensive Tactics. A First Report of Injury will follow. It is recommended that it be checked out either by Healthworks or his private physician.

      His injury is legitimate. In addition, Instructors Nicole Shuler and Amos Callaway overheard him making a remark that he wanted a reason to take the summer off.

   J▓▓ R▓▓ had an inappropriate response during the blocking drill on 4/12/04. He displayed the inability to maintain control in responding to blocking/punches with excessive use of force when he attacked Instructor Harold Mack. During his counseling session, he was respectful and apologetic for his actions. He understands that he will be closely monitored, especially during simulated base training.

   Cadet Jack E. Sminkey has shown a positive attitude.

DATE: April 27, 2005

**Behavioral Assessment Meeting**

RE: BOTC-1

TIME: 0905 AM

Attendance: Louise Layton
Ronald Sauls
Annette Franze
Nicole Shuler
Barbara Roscoe

**RE: Cadets J███ S█████, N███ W█████, R████ F███, R██ B█████ and Jack E. Sminkey**

PAR : None

    **DESCREPENCIES:**

    **J██ S█████** reported that he had received a speeding ticket that he received on 4/26/05. He was advised to pay the fine.

    **Cadets N███ W█████s, R████ F███ and R██ B█████** were cleared medically..

    **Cadet Jack E. Sminkey** has requested copies of the 3/17/05 BAC, his 3/18/05 response packet and his 4/7/05 cover letter. This matter will be taken to the Training Academy Administrator, Kathy Mickle-Askin for advisement.