**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JACK E. SMINKEY, Pro se : | |
| : | |
| Plaintiff, : | |
| : | |
| : | C.A. No. 06-263*** |
| : | |
| STATE OF DELAWARE, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANT ALAN MACHTINGER'S RESPONSES TO
PLAINTIFF"S 2<u>nd</u> SET OF INTERROGATORIES**

  **General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1<u>st</u> set of interrogatories. Without waiving these objections, the defendant responds as follows:

1. *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

   <u>Answer:</u>  Alan Machtinger, Delaware Dept. of Correction, Human Resources 245 McKee Road, Dover, DE 19904, 302-739-5601, DOB: XX/XX/47, XXX-XX-4047

2. *List all residences (real property) you own, in part, or whole.*

   <u>Answer</u>:  Please refer to general objection.

3. *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

   <u>Answer:</u>  Please refer to general objection.

4. *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

    <u>Answer</u>:  Please refer to general objection.

5. *List all lawsuits you have been party to over the last 7 years filed by current or former employees of the State of Delaware. Indicate case number, date filed, court, nature and disposition of the suit.*

    <u>Answer</u>:  Please refer to general objection.

6. *List all court cases where a court entered a judgment against you in your personal or official capacity. Include how much the judgment was for and who paid the judgment.*

    <u>Answer</u>:  Please refer to general objection.

7. *What percentage of persons terminated by the Department of Correction were Terminated for:*
   *A. Work rule violation(s)*
   *B. Tardiness*
   *C. Absenteeism*
   *D. Drugs/alcohol problem*
   *E. Other (percentage)*

    <u>Answer</u>:  The Department does not maintain a database of specific reasons for termination.

8. *Of all Department of Correction cadets separated from training over the last 7 years, how many persons who requested a post termination meeting with you, were put into another class or otherwise re-hired?*

    <u>Answer</u>:  The Department does not maintain a database of information that would be responsive to this interrogatory.

9. *List the persons re-hired and indicate their sex, race, and age.*

    <u>Answer</u>:  The Department does not maintain a database of this information.

10. *Was there anything in my May 16, 2005 letter to you that made you think I had some valid concerns and should not have been terminated?*

    <u>Answer</u>:  No.

11. *Did you inquire about any of the concerns I expressed in my letter dated May 16, 2005 or while at the post-termination meeting?*

    Answer:  Dismissal from the Training Academy is a decision reached by committee including training administrators, instructors and the Human Resources Director.  Because of the seriousness of dismissal and the money invested in each cadet, all factors are taken into consideration.
    The conduct of plaintiff Sminkey, as documented by his instructors, was inconsistent, going from one extreme to the other.  One moment he is sarcastic toward his instructors and the next moment he withdraws from participation in class.  This behavior contrasts sharply with the experience and education he touts in his May 16, 2005 letter to me.  Taken into consideration with harassing letters he wrote to training officials and classmates after his termination, the department was more than justified in dismissing him.  His behavior is not compatible with law enforcement and public safety duties.
    Finally, three main reasons for his termination were:
    1.  His behavior and conduct in training culminated in him putting his head down at his desk and refusing to participate, a fact he admitted.
    2.  His excuse that he was not computer literate while at the same time, he used his home computer to look up home addresses of BOTC Trainers.
    3.  His obsessive and stalking behavior which is consistent with his conduct at our post-termination meeting.

12. *Are you concerned at all with the attrition rate at the Department of Correction?*

    Answer:  Retention of employees is a major concern and focus of the Department.  However, the interests of the Department and public safety are not furthered by retaining employees whose conduct is unacceptable.

13. *If a cadet was treated unfairly, and/or the dismissal was improper, do you have the authority to correct the wrong and re-hire the employee? If you don't, who does?*

    Answer: I could and would make efforts to have an employee rehired if improperly dismissed.

14. *In the last 7 years were you ever consulted by instructor(s) about a "problem" cadet and recommended the person continue training?  If so, how many?  What were some of the issues?*

    Answer:  A number of Academy Cadets have been allowed to continue training after counseling by instructors.  Whether or not they finish the course depends on their ability to follow the advice of their instructors.  When they do not and problems continue, they are dismissed.

15.  *As a result of the judgments against you, did you receive any disciplinary actions?*

<u>Answer</u>:  Please refer to general objection.

16.  *What do you do to ensure the workplace is free of discrimination, retaliation, or other civil rights type violations?*

<u>Answer</u>:  To the extent possible, I attempt to insure that the Department's policies and actions are in-line with State policy and Executive Orders from the Governor on discrimination, sexual harassment and equal opportunity.

17.  *Name all persons who assisted you with answering this interrogatory.*

<u>Answer</u>:  The legal objections and actual responses were authored by my attorney with   my input as to the factual information.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                <u>/s/ Marc P. Niedzielski</u>
                Marc P. Niedzielski (#2616)
                Deputy Attorney General
                820 North French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I the undersigned do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

                <u>     /s/Alan Machtinger          </u>

- 5 -

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies by regular U.S. Mail of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007