IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se

      Plaintiff,

v.

STATE OF DELAWARE, DEPARTMENT  :
OF CORRECTION, RUTH ANN MINNER,  :
STANLEY TAYLOR, ALAN MACHTINGER, :
KATHLEEN MICKLE-ASKIN, RONALD   :
SAULS, ALISON STEVENS, DONNA     :
ANNETTE FRANZE, NICHOLE SHULER.  :

C.A. No. 06-263***

      Defendants

## MOTION TO COMPEL ANSWERS TO FIRST AND SECOND INTERROGATORIES AND FIRST AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.

NOW COME the plaintiff, Jack Sminkey, who hereby move your Honorable court as follows:

1. On or about March 23, 2007 plaintiff and defense counsel, Mr. Marc Niedzielski, Esquire agreed to a proposed scheduling order, which was accepted by the court.

2. Plaintiff and defense counsel communicated via e-mail and U.S. mails regarding various discovery items. By June 2007 we appeared to hit some "turbulence" regarding discovery matters. See EXHIBIT # 1 of relevant communication between Plaintiff and defense counsel.

3. Plaintiff believes opposing counsel provided evasive answers, made blanket objections, is utilizing stalling tactics, and is making frivolous Rule 26 objections.

RECEIVED

OCT 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4. Plaintiff believes he is entitled to truthful and complete answers to his questions and all documents he is seeking.

5. On or about April 28th Plaintiff sent counsel for defendants a first set of interrogatories. On or about May 31, 2007 all defendants responded to the interrogatories.

6. On June 18, 2007 Plaintiff sent opposing counsel a letter attempting to clarify discovery rules/requests and gain cooperation from Mr. Niedzielski.

7. On July 18th Plaintiff sent a second letter to Mr. Niedzielski via the U.S. Mail. Around July 28th Plaintiff received a letter from Mr. Niedzelski indicating he never received Plaintiff's letter dated June 18th letter.

8. On or about August 11th Plaintiff sent a second set of interrogatories and request for production of documents to all defendants.

9. On or about September 14th Mr. Niedzelski sent plaintiff and e-mail seeking a two week extension, which plaintiff granted.

10. On October 1, 3, and 4th, Plaintiff received a response to his second set of interrogatories and request for production of documents by CD, e-mail, and U.S. Mail.

11. Despite plaintiff's best efforts, plaintiff believes all defendants are far of complying with discovery.

12. The first interrogatory was served on ALL DEFENDANTS.
All questions were answered satisfactorily except those listed below. Defense counsel make the below "general objections".

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS.

GENERAL OBJECTIONS. Defendants hereby object to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to discovery of admissible evidence. Defendants further object to discovery requests that

seek information that is intended to harass and annoy defendants and are not crafted to any matters at issue. Without waiving these objections, the individual defendant may provide information responsive to this request.

13. Interrogatory No. 4.

List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, telephone number, dates of visits, and reasons for visits.

Answer: For all defendants, please refer to general objection.

14. Interrogatory No. 5.

List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.

Answer: For all defendants, please refer to general objection.

15. Interrogatory No. 6.

List all residences (real property) you own in part, or whole, or possess a deed, or hold a mortgage note.

Answer: For all defendants, please refer to general objection.

16. Interrogatory No. 8.

List all lawsuits you have been a party to over the last 7 years. Indicate weather you were a plaintiff, defendant, case number, date filled, court where filed, the nature of the suit, and disposition of the case.

RUTH ANN MINNER:

Answer: Please refer to response No. 1. (Response No 1 states "Please refer to above general objection, and the fact that the Governor is not alleged to have participated in any conduct regarding the plaintiff").

ALAN MACHTINGER:

Answer: See attached

NICHOLE SHULER:

Answer: Plaintiff, Superior Court, Resolved

17. Interrogatory No. 9

List all judgments filed against you over the last 7 years. Indicate whether the judgment was in your personal or official capacity, how much the judgment was for, the case number, who paid the judgment, and what the judgment was for?

Answer: For all defendants, please refer to objections.

18. Interrogatory No. 10.

List all criminal convictions on your criminal record from any jurisdiction. Explain the circumstances or your arrest. Exclude pardons and expungments.

RUTH ANN MINNER
Answer: Please refer to response No. 1.

ANNETTE FRANZE
Answer: Please refer to general objections.

19. Interrogatory No. 11.

Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or GED, and all college degrees, all certifications, all certificates of training, all licenses, etc.

RUTH ANN MINNER
Answer: Please refer to response No. 1.

ALAN MACHTINGER
Answer: Copies of Degrees and diplomas not readily available

RONALD SAULS
 Answer:
( no response)

ANNETTE FRANZE
Answer: Please refer to general objections.

20. Interrogatory No. 12

List in chronological order all documented training you ever received in the
following areas and provide documentation for same.
    A. Labor Law
    B. Title VII
    C. Constitutional/Law/rights
    D. Sexual Harassment
    E. Discrimination
    F. Unsafe work environment
    G. Wrongful discharge
    H. Covenant of good faith and fair dealing
    I. Contracts (employment related)
    J. Americans With Disabilities Act
    K. Department of Correction Code of Conduct
    L. Executive order #10, and #19.
    M. Principles and beliefs
    N. Management principles for the workplace
    O. Sexual harassment Prevention
    P. Affirmative Action
    Q. Workplace bullying

RUTH ANN MINNER
Answer: Please refer to response No. 1.

RONALD SAULS
 Answer:
( no response)

ALISON STEVENS

Answer: Refer to answer in question #11
(Her answer is "Alison L. Stevens
Sussex Day Reporting Center, 317 S.
Dupont Hwy., Georgetown, DE 19947
302-854-6994 DOB xx-xx-65 SS#
xxx-xx-1523)

ANNETTE FRANZE:
Answer: Please refer to general objections.

21. Interrogatory No. 13.

List in chronological order, all documented training you ever received in
supervising and/or counseling employees under your authority and control.
Please attach documentation of same.

RUTH ANN MINNER:
Answer: Please refer to response to No. 1

RONALD SAULS:
Answer:
( no response)

22. Interrogatory No. 24.

What documented training have you had specific to instruct, supervise, or
administer Department of Correction academy training. Please attach
documentation.

ANNETTE FRANZE:
Answer: Please refer to responses to No. 11
(Her answer is refer to general objections)

RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
DIRECTED TO DEFENDANTS.

*** After Mr. Niedzelski reminded plaintiff that he is supposed to restate the
question, plaintiff advised counsel he would just re-ask the question in his
second interrogatories to defendants. Plaintiff re-asked all defendants the
questions found above in interrogatory No. 4, 5, 6, 8, 9, and 10. Plaintiff

received the same basic blanket (frivolous) objections, evasive answers, or a refusal to answer the questions.

These questions were derived from defense counsel first set of interrogatories to plaintiff. A full, completed, and truthful response is needed for verification or investigative purposes. "Behaviors" are at issue in this suit. Additionally, evidence of "prior bad acts" are admissible at trial. Plaintiff also wonders if defendants may be taking medications or are seeking professional help (which may help explain some of their behaviors).

Plaintiff is NOT offended at all with opposing counsel suggesting things that make him a better Pro se litigant (like failure to comply with a local rule). Additionally, plaintiff does not want to burden the court anymore then he has too.

23. Interrogatories 1-24 of second set of interrogatories directed to Ruth Ann Minner.

RUTH ANN MINNER
Answer: Please refer to general objection. In addition, Governor Minner is not alleged to have participated an any of the allegations of employment discrimination as set out in the complaint.

See EXHIBIT #2.

STANLEY TAYLOR

24. Interrogatory No. 9.

During your tenure as Commissioner, did you ever (offer to the Governor) to leave, resign, quit, or retire as Correction Commissioner? If yes, why?

Answer: Please refer to general objection.

25. Interrogatory No. 13.

Why did you retire when you did?

Answer: Please refer to general objection. Without waiving the objections, the decision to retire was unrelated to this lawsuit.

26. Interrogatory No. 17.

As a result of investigations conducted of the Department of Correction throughout the last several years, list all employees who were disciplined as a result of the investigative reports

Answer: Please refer to general objection. in addition, the interrogatory is ambiguous as it does not identify the investigation for which the inquiry is being made.

27. Interrogatory No. 18.

Do you believe you are responsible for what happened within the Department over the last several years?

Answer: Please refer to general objection. In addition, the interrogatory is ambiguous as it does not identify the events for which inquiry is made.

ALAN MACHTINGER

28. Interrogatory No. 7.

What percentage of persons terminated by the Department of correction were terminated for:

    A. Work rule violation(s).
    B. Tardiness
    C. Absenteeism
    D. Drugs/alcohol problem
    E. Other (percentage)

    Answer: The Department does no maintain a database of information that would be responsive to this interrogatory.

29. Interrogatory No. 8.

Of all Department of Correction cadets separated from training over the last 7 years, how many persons who requested a post-termination meeting with you, were put in another class or otherwise re-hired?

Answer: The Department does not maintain a database of information that would be responsive to this interrogatory.

30. Interrogatory No. 9.

List persons re-hired and indicate their sex, race, and age.

Answer: The Department does not maintain a database of this information.

30. Interrogatory No. 15.

As a result of the judgments against you, did you receive and disciplinary actions?

Answer: Please refer to general objection.

DONNA WATSON

31. Interrogatory No. 17.

List your qualifications to teach introduction and personnel issues.

Answer: Objection, this interrogatory is ambiguous.

32. Interrogatory No. 19.

Are you related in any way to the former Commissioner of Corrections Robert J. Watson? If yes, indicate relationship.

Answer: please refer to general objection.

SHULER:

33. Interrogatory No. 19.

Provide the case number, date filed, and an explanation as to what caused you to be a plaintiff in superior court. Please provide a copy of the complaint and the final disposition.

Answer: Please refer to general objection.

## DEFENDANTS RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

GENERAL OBJECTION: Defendants object to these requests are they seek information that is beyond the scope of Rule 26 and are not calculated to lead to admissible evidence. (objection made by defense counsel).

34. Interrogatory No.1
Provide a complete copy of all written documents listed below that were in effect on 02/25/2005.

  a. Department of Correction Code of Conduct.
  b. Department of Correction Employee Handbook.
  c. Beliefs and Principles (dated 09/10/2002).
  d. Management Principles for the workplace (dated 12/18/2002).
  e. Policy on sexual harassment prevention (dated 12/18/2002).
  f. Career development mentoring program.
  g. Guidelines in Equal Employment Opportunity and affirmative action.
  h. Workplace violence policy
  i. Reasonable accommodation guidelines and recommended procedure.
  j. Drug free workplace
  k. Employee file guidelines
  l. Human resource procedure manual.
  m. Workforce planning guide.
  n. Job descriptions for all defendants
  o. Workplace bullying policy.

** Defense counsel provided website addresses to access aforementioned policies but never provided policies requested. Mr. Niedzielski did provide most of these policies in his response to plaintiff's second request for production of documents. What was largely provided were the policies in effect today, NOT the policies in effect on 02/25/2005 as requested above.

It's important that plaintiff has these policies marked with a bate stamp and provided by defense counsel so as to ensure authenticity of the documents.

35. Interrogatory No. 3.

Provide a complete copy of all consent decrees signed with the United States Government involving the Delaware State Police and the Department of Correction over the last 7 years.

Answer: Defendants are not in possession of documents that are responsive to the request.

36. Interrogatory No. 7.

Provide a copy of the "Hostage Incident at the Delaware Correctional Center" dated 02/07/2005.

Answer: refer to http://governor.delaware.gov/dccreport.shtml

37. Interrogatory No. 11

Provide a complete copy of all medical, hospital, workers compensation, or injury reports authored as a result of a cadet seeking medical attention while in probation and parole or correctional officer training from 1/1/2000 thru 4/30/2007.

Answer: Please refer to prior response. In addition, the information sought is private medical information that is protected under state and federal law.

38. Interrogatory No. 13.

Provide a complete copy of all dismissal letters issued to DOC cadets who were terminated prior to the completion of training from 1/1/2000 thru 4/30/2007.

Answer: Please response to response No. 11. Without waiving these objection, a sample letter of dismissal, and plaintiff's dismissal letter are attached at D000096-98.

39. Interrogatory No. 15

Provide a curriculum vitae for every person named as a defendant in the suit.

Answer: These documents, if they exist, may be produced after receipt and review.

40. Interrogatory No. 17.

Provide a complete copy of all course evaluations (authored by cadets) requested by the department for all cadets who completed probation and parole training from 1/1/2000 thru 4/30/2007.

Answer: Please refer to response to No.11.

41. Provide a complete copy of all class/cadet sign in sheets for every day of cadet training from 1/1/2000 thru 4/30/2007.

Answer: Refer to general objection. In addition, the information requested would require an improper invasion of privacy on individuals that are not parties to this lawsuit.

42. Interrogatory No. 24. A complete copy of State law regarding maintaining a safe work environment and written policy regarding same.

Answer: Please refer to general objections.

DEFENDANT STATE OF DELAWARE/DEPARTMENT OF CORRECTION'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.

** Plaintiff's second request for production of documents was largely a re-issue of the first request for production of documents (after Mr. Niedzelski pointed out to plaintiff the local rules required him to restate the question). Although plaintiff is not a member of the bar, he agreed to do so.

43. See EXHIBIT # 3.

The only questions defendant answered to plaintiff's satisfaction were questions numbers 4, 18, 19, and 20.

44. As evidenced above, plaintiff asserts that Mr. Niedzelski provided EVASIVE ANSWERS, made frivolous BLANKET OBJECTIONS, utilized STALLING TACTICS, and made frivolous RULE 26 OBJECTIONS.

45. Plaintiff believes he is entitled to full and complete answers to interrogatories and authentic copies of documents requested.

46. Plaintiff respectfully requests the court sanctions defense counsel as the court deems appropriate (for the reasons stated in paragraph 44 above) and require him to fully comply with FRCP Rules 26 and 33. Plaintiff requests the court order Mr. Niedzelski to fully comply with the rules and provide complete truthful answers and a copy of authentic documents to Plaintiff within 30 days of the courts resolution of these motions.

47. Plaintiff requests the discovery deadline indicated on the scheduling order be extended six months due to defendant's failure to comply with the FRCP, specifically, Rules 26 and 33.

WHEREFORE, Your Honorable Court is respectfully requested to enter an Order directing ALL DEFENDANTS to answer in full, completely, and directly, all questions plaintiff cites above and produce authentic copies of all documents indicated above.


Jack Sminkey, Ph.D.
Plaintiff, Pro se
3402 Edgmont Avenue # 333
Brookhaven, PA 19015
(610) 620-3670

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. mail of a motion to compel discovery on all defendants.

Marc P. Niedzielski, Esquire
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801

Jack Sminkey, Ph.D.
Plaintiff, Pro Se
3402 Edgmont Avenue #333
Brookhaven, PA 19015
(610) 620-3670

Dated: October 9, 2007

EXHIBIT # 1
October 9, 2007

COMMUNICATIONS

## Jack Sminkey

| | |
|---|---|
| **From:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **To:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **Cc:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Thursday, May 31, 2007 3:51 PM |
| **Subject:** | Re: Sminkey v. DOC |

Ok, thanks

----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Thursday, May 31, 2007 2:06 PM
**Subject:** Sminkey v. DOC

Mr. Sminkey:

This afternoon, we are filing responses to your discovery and serving those responses on you by regular mail. We have not received all of our client's verifications, but will provide you them as they are available. Thanks for you attention.

Mr. Marc Niedzielski, Esquire
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801                          June 18, 2007

RE:    06-263*** (Discovery Requests)

This letter comes to you regarding your response to my first set of production of
documents and first set of interrogatories.

I must advise you that if you don't fully comply with discovery, I will have no alternative
but to file a motion to compel and request sanctions as well.

### The Rules

Rule 26(b) (1)
Information sought "need not be admissible at the trial if discovery appears reasonably
calculated to lead to the discovery of admissible evidence".

Informal Discovery – Since I am not subject to lawyers' ethical duties, I may, in fact,
choose to seek information from fellow cadets or any other person willing to cooperate.

Rule 33 (Interrogatories)
My first set of interrogatories were not form interrogatories. Interrogatory answers will
help me determine what witnesses I want to depose and what documents I may wish to
examine.

Additionally, none of my questions or requests were vague, ambiguous, unduly
burdensome, or crafted to harass, annoy, or violate any privilege, as your general
objections suggest.

My present claims are many. They include the following allegations:

    (1)    Unconstitutional policies
    (2)    Retaliation
    (3)    Wrongful Discharge
    (4)    Various Constitution Violations
    (5)    Sexual Harassment
    (6)    Various Forms of Discrimination
    (7)    Conspiracy To Deprive Civil Rights
    (8)    Unsafe Work Environment

(9)     Failure To adequately train, investigate, and supervise
(10)    Negligent Entrustment
(11)    Negligent Retention
(12)    Negligent Training
(13)    Covenant Of Good Faith And Fair Dealing
(14)    Breach Of Contract
(15)    Failure to allow me access to my personnel file

Suffice to say, this cause of action has a lot of defendants, a lot of allegations, and therefore, requires a lot of documents that are clearly discoverable, relevant, and/or admissible. The state possesses these documents. I am entitled to discover them.

Doing It On The Cheap

As evidence by our email exchanges, we agreed to go back seven years in time. We agreed to this to streamline discovery, avoid unnecessary costs, etc. It now appears to me that you have become unwilling to fully comply with discovery and have raised broad, vague, or frivolous objections, which I will now address below.

Defendants' Responses to Plaintiff's 1st Set of Interrogatories Directed To Defendants

My Responses

Question #1 – All persons are party to this lawsuit. I believe, at minimum, I am entitled to information that provides identification of the person(s) involved, such as their full name, address, telephone number, last four digits of their social security number and date of birth.

We are in the discovery phase, and therefore, I need this information for investigative purposes.

Question #3 – I would be real surprised to learn that any of your clients don't possess a curriculum vitae. A CV speaks volumes about a person's background, education, experience, work history, etc. This is all very relevant to the assertions found in my (rather long) complaint.

Question #4 and #5 – You asked me for this information in Question #6 of your interrogatory to me. I provided you with an answer.

Additionally, I wonder if any of your clients have mental or medical problems, which could have contributed to the treatment I received as an employee. I also wonder if supervisors, managers, or other public officials have medical or psychological issues that would allow them to fail to correct an environment like the Department of Correction.

Here again, we are in the discovery phase. These very legitimate questions may lead to discoverable information and therefore, should be answered.

Question #6 – For investigative purposes a home address is important information to have to verify assets and identity, etc. None of your clients live at the Department of Justice or Training Academy. Also, some defendants have had personal judgments against them in the past. Should this occur again, their assets could come into question.

Question #7 – Defendants Franze and Shuler need to provide definite answers. Perhaps their union or some other repository has a copy of the paperwork, if applicable.

Question #8 & #9 – Defendants Minner, Taylor, Machtinger, and Shuler need to fully answer this question.

Question #10 – Defendants Minner, Mickle-Askin, Franze, and Shuler need to comply with this question.

I reject your general objections or the use of "N/A". The Defendant either has, or doesn't have a criminal record. I am entitled to this discovery request.

Question #11 – Given the length and numerous assertions in the complaint, I reject your broad objections to this and other questions. The central focus of this case has to do with education and training, or the lack thereof. Clearly, all defendants have, or can obtain the documentation requested.

Question #12, #13, #14 – I reject your general objections. All defendants need to provide documentation associated with these questions.

Question #19 – Defendant Sauls needs to provide an answer.

### Defendants Response To Plaintiff's First Request For Production Of Documents

#### Responses

Question #1 – I asked for a copy of said policies, not their website addresses. Please provide an authentic copy of all policies you failed to provide.

Question #2, #4, #5, #6, #7 – Same request as question #1.

Question #3 – I find it hard to believe that the Delaware Department of Justice would not possess a copy of these documents. Please look a little harder and provide me with an authentic copy.

Question #11 – I disagree. These documents are business records. I am not seeking their social security numbers or dates of birth, etc. Suppose I want to interview them regarding this cause of action?

Question #12 and #13 – Same response as question #11.

Question #15 and #16 – Still waiting for the documents.

Question #17 – These documents are business records (they were filled out anonymously in my class).

Question #18 – These documents are business and/or payroll records. Nothing private about a person's signature.

Question #25 – Awaiting copy of my MMPI test results and psychological evaluation results. Please provide same.

In closing I also noticed the interrogatories were not signed by the defendants. Please have them sign, and provide me with a signed copy, as well as future copies.

Regards,

Jack Sminkey, Ph.D
3402 Edgmont Ave. #333
Brookhaven, PA 19015
(610) 620-3670

Mr. Marc Niedzielski, Esquire
Deputy Attorney General                          July 18, 2007
820 N. French Street, 6th Floor
Wilmington, DE 19801                    7006 0810 0002 7340 6525

RE:    Supplemental Response to Plaintiffs first request for production of
       . documents (06-263***)

Dear Mr. Niedzielski:

On July 14th I received your supplemental response dated July 12, 2007 containing a
copy of the contents of my personnel file and psychological evaluation, etc.
(D000239-501).

On June 18th I sent you the enclosed letter and have had no response from your
office.

As a result of what seems to be an unwillingness to comply with discovery, I am
unable to provide you my second set of interrogatories and request for production of
documents. This problem is also putting a "glitch" in our discovery time line.

Please promptly comply with the contents of my June 18th letter (see enclosed) no
later than August 3rd so as to save me the trouble of filing the appropriate motions.

Lastly, I have provided you with a copy of my educational/training documentation.
This is the same documentation I am seeking from your clients, among other things.

Best regards,

Jack Sminkey, Ph.D
3402 Edgmont Ave. #333
Brookhaven, PA 19015-2804
610.620.3670

Via certified and regular mail

Mr. Marc Niedzielski, Esquire
Deputy Attorney General/DOJ
820 N. French Street, 6th Floor
Wilmington, DE 19801                          July 30, 2007

Re: Sminkey v State of Delaware, et al. C.A. 06-263***

Dear Mr. Niedzielski;

I'm in receipt of your letter dated July 23, 2007. Obviously, I presumed my June 18th letter to you was delivered. However, I accept you explanation.

My real concern is that I feel you have not been real cooperative or forthright with discovery (as evidenced by your responses to my first set of interrogatories and request for production of documents).

While I realize its summer time and you represent numerous defendants, I also realize you are employed by the largest law firm in the State of Delaware with unlimited resources. Additionally, you never requested an extension for responding to discovery requests.

I appreciate your pointing out the local rule. In an effort at efficiency for both of us, I am going to send you a second set of interrogatories and requests that will supersede the first sets. In effect, it will give you a second opportunity to fully and completely answer the questions and provide the requested information.

Between now and then, I would suggest that you spend your time rounding up documents instead of writing me a detailed letter. I believe, for the most part, all of my questions and requests are very appropriate given the gravity of the case.

I have signed the two authorization forms. It was my understanding that when I provided you with a copy of my medical reports, applications for employment, and certified prescription history, that negated the need for the release forms.

The legal issues regarding health issues are: 1) was the employer aware of my disability 2) was the disability documented, and 3) did I request a reasonable accommodation? The answer is "yes" to all three. If you want to waste your time getting all of my medical files, go ahead, just send me a copy like we agreed.

It's also my understanding that we agreed to go back seven years in time regarding employment and medical data. I am unwilling to release a copy of my families tax returns do to privacy concerns. My wife and children are not party to this litigation.

I anticipate sending you the second set of rogs and requests shortly. Therefore, I would expect to have ALL information and documents back by the middle of September. I would also hope that all of your clients fully comply with my discovery requests.

Thanks for your prompt attention to this matter.

Sincerely,

Jack Sminkey, Ph.D.
3402 Edgmont Ave. #333
Brookhaven, PA 19015
(610) 620-3670

(Enclosures)

## AUTHORIZATION FOR THE RELEASE OF INFORMATION

Client Name: (print) Jack E. Sminkey    Date of Birth    XX/XX/ 1962

I, Jack E. Sminkey _____ authorize_____
       (Client's Name)                                                            (Name of Healthcare Provider)

to release and/or provide copies of my health information to:

   Marc P. Niedzielski, Deputy Attorney General
   820 N. French Street, 6th Floor
   Wilmington, DE 19801

to allow any member or employee of said firm, or any physician appointed by said firm, to examine such health information regarding the condition or treatment of me, to confer with any member or employee of said firm regarding such treatment or condition.

These records are needed for the following reason(s):
___ Medical Care
___ Legal Consultation
___ Insurance Review
_X_ Other (specify) Litigation

The following information is to be released:
_x_ Medical Records (including, but not limited to: Physician's Orders, Progress Notes, Diagnostics, Treatments)
_X_ Financial Records
_X_ Special Records including substance abuse treatment and counseling, mentral health , HIV and STD information.
___ Other:

In reference to the following (where applicable):

___ Date(s) of Service -

___ Location(s)

___ Department(s)

___ Type(s) of Service:

Expiration of this authorization:    **This authorization expires in one year**

Revoking this authorization. This authorization may be revoked at any time but is not retroactive for requests that have been complied with in good faith. To revoke this authorization, please provide a written request to the department releasing your information.

_____                    07/30/2007  OR
(Signature of Patient/Client)                                  (Date)


_____                    _____    _____
(Signature of Legal Representative & Relationship)              (Phone)              (Date)

Information, once released, may no longer be protected by Federal Privacy Rules and may be subject to re-disclosure by the recipient. However, information covered under Federal Regulation 42 CFR Part 2 may not be re-disclosed unless expressly permitted by the authorization or the regulations.

**\*A photocopy of the signed authorization is as valid as the original\***

## AUTHORIZATION FOR RELEASE OF INFORMATION

I, Jack E. Sminkey, SSN xxx-xx-1582, DOB XXXXXXXX xx, 1961, do hereby authorize anyone to release all employment information, applications for employment, records, or information from anyone who has received, reviewed, interviewed or investigated me for employment purposes and further authorized such persons to speak with the below named individuals or their agents.

I hereby discharge any legal claim of any nature against such individuals who in accordance with this authorization provide employment information and records to the following named individuals or their agents:

> Marc P. Niedzielski
> Deputy Attorney General
> Department of Justice
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801

A photocopy of this authorization is fully effective to release any such

information and can be used for six months from the date executed.

_____
Jack E. Sminkey

07/30/2007
Date

Witnessed by:

_____



JOSEPH R. BIDEN, III
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

July 23, 2007

Jack Sminkey, Ph.D.
3402 Edgemont Ave. #333
Brookhaven, PA 19015-2804

### *Re:*    Sminkey v. State of Delaware, et al , *C.A. 06-263-\*\*\**

Dear Mr. Sminkey:

Please allow this to acknowledge receipt of yours of July 18, 2007. Included in your correspondence was a copy of a letter dated June 18, 2007 and is addressed to me regarding defendants' responses to your discovery. I do not recall seeing that letter prior receiving your July 18, 2007 cover letter. My staff has check the files and could not locate the original of the letter dated June 18, 2007, and I must conclude that I have not seen the letter before now.

Nevertheless, I shall carefully review your letter and shall provide you with a detailed written response. However, the time required to review such matters and contact my clients, if needed, will take some time and I do not think I can have that accomplished by the August 3, 2007 deadline that you have imposed.  I shall endeavor to provide you with a response in a timely fashion.

LR 26.1(c) requires a responding party restate the interrogatory (or request for production) and then state the response. I ask that you rewrite your responses to defendant's discovery to comply with the local rule. On April 2, 2007, I sent you an e-mail with two forms of authorizations attached. I again enclosed the authorizations and ask that you sign and return to me. Thank you for your anticipated cooperation.

Sincerely,
/s/ Marc P. Niedzielski
Marc P. Niedzielski (# 2616)
Deputy Attorney General

Enclosures

FRST 1CL MAILED0196

PRESORTED
FIRST CLASS
E3

UNITED STATES POSTAGE
$ 00.312
PITNEY BOWES
02 1A
0004623756    JUL 24 2007
MAILED FROM ZIP CODE 19801

STATE OF DELAWARE
DEPARTMENT OF JUSTICE
STATE OFFICE BUILDING
820 N. FRENCH ST.
WILMINGTON, DELAWARE 19801-3509
'15-01-01

OFFICIAL BUSINESS
Penalty For Private Use $300.00

Jack Sminkey, Ph.D.
3402 Edgemont Ave. #333
Brookhaven, PA 19015-2804

EAHMSS1 19015

## Jack Sminkey

| | |
|---|---|
| **From:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **To:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **Cc:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Friday, September 14, 2007 2:59 PM |
| **Subject:** | Re: Sminkey v. DOC |

Granted, I look forward to your continued cooperation.

Regards,

Jack

----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Friday, September 14, 2007 9:14 AM
**Subject:** Sminkey v. DOC

Dear Mr. Sminkey:

We are in the process of completing our responses to your second set of discovery. However, to complete and have the verifications, we will need additional time of approximately two weeks. I thank you for your patience.

## Jack Sminkey

**From:**     "Jack Sminkey" <jesminkey@comcast.net>
**To:**       "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
**Cc:**       "Jack Sminkey" <jesminkey@comcast.net>
**Sent:**     Monday, October 01, 2007 8:07 AM
**Subject:**  discovery

Goodmorning,

Just a note to find out the status of the verifications?

Regards,

Jack

## Jack Sminkey

| | |
|---|---|
| **From:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **To:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **Cc:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Wednesday, October 03, 2007 8:53 AM |
| **Subject:** | discovery requests |

Dear Mr. Niedzielski,

On October 1 I received the following:

1. Response to my second request for production of Doc from the SOD/DOC.
2. Response to my second request for rogs from defendants Layton,
Machtinger, Sauls, Stevens, Taylor, and Watson.
3. The CD with numerous doc's which I printed.

Feel free to send me other CD's if necessary as I have a great printer and
plenty of ink and paper.

As of yesterdays mail I did not receive any further communication from your
office. I will take the appropriate action regarding the above captioned
matter.

I am,

Jack Sminkey

## Jack Sminkey

| | |
|---|---|
| **From:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **To:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **Cc:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Wednesday, October 03, 2007 7:23 PM |
| **Subject:** | Re: discovery requests |

Dear Mr. Niedzielski,

I believe I'm in receipt of all responses in question, to the extent you
chose to provide them. I will start working on a motion to compell tomorrow.
I will send you a copy as soon as I file it. I think all of my questions and
requests are very appropriate given the nature and gravity of my complaint.
I look forward to the courts response.

Regards,

Jack Sminkey
----- Original Message -----
From: "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
To: "Jack Sminkey" <jesminkey@comcast.net>
Sent: Wednesday, October 03, 2007 9:16 AM
Subject: RE: discovery requests


You will be receiving the attached in the mail.  Thanks.

-----Original Message-----
From: Jack Sminkey [mailto:jesminkey@comcast.net]
Sent: Wednesday, October 03, 2007 8:53 AM
To: Niedzielski Marc (DOJ)
Cc: Jack Sminkey
Subject: discovery requests

Dear Mr. Niedzielski,

On October 1 I received the following:

1. Response to my second request for production of Doc from the SOD/DOC.
2. Response to my second request for rogs from defendants Layton,
Machtinger, Sauls, Stevens, Taylor, and Watson.
3. The CD with numerous doc's which I printed.

Feel free to send me other CD's if necessary as I have a great printer
and
plenty of ink and paper.

As of yesterdays mail I did not receive any further communication from
your
office. I will take the appropriate action regarding the above captioned

## Jack Sminkey

| | |
|---|---|
| **From:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **To:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Friday, October 05, 2007 8:41 AM |
| **Subject:** | RE: discovery requests |

Mr. Sminkey:

Under the rules and scheduling order you are suppose to try to
work out the disputes before you file a motion.

-----Original Message-----
From: Jack Sminkey [mailto:jesminkey@comcast.net]
Sent: Wednesday, October 03, 2007 7:23 PM
To: Niedzielski Marc (DOJ)
Cc: Jack Sminkey
Subject: Re: discovery requests

Dear Mr. Niedzielski,

I believe I'm in receipt of all responses in question, to the extent you

chose to provide them. I will start working on a motion to compell
tomorrow.
I will send you a copy as soon as I file it. I think all of my questions
and
requests are very appropriate given the nature and gravity of my
complaint.
I look forward to the courts response.

Regards,

Jack Sminkey
----- Original Message -----
From: "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
To: "Jack Sminkey" <jesminkey@comcast.net>
Sent: Wednesday, October 03, 2007 9:16 AM
Subject: RE: discovery requests

You will be receiving the attached in the mail. Thanks.

-----Original Message-----
From: Jack Sminkey [mailto:jesminkey@comcast.net]
Sent: Wednesday, October 03, 2007 8:53 AM
To: Niedzielski Marc (DOJ)
Cc: Jack Sminkey
Subject: discovery requests

Dear Mr. Niedzielski,

On October 1 I received the following:

1. Response to my second request for production of Doc from the SOD/DOC.
2. Response to my second request for rogs from defendants Layton,
Machtinger, Sauls, Stevens, Taylor, and Watson.
3. The CD with numerous doc's which I printed.

Feel free to send me other CD's if necessary as I have a great printer
and
plenty of ink and paper.

As of yesterdays mail I did not receive any further communication from
your
office. I will take the appropriate action regarding the above captioned

matter.

I am,

Jack Sminkey

## Jack Sminkey

| | |
|---|---|
| **From:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **To:** | "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us> |
| **Cc:** | "Jack Sminkey" <jesminkey@comcast.net> |
| **Sent:** | Friday, October 05, 2007 12:55 PM |
| **Subject:** | Re: discovery requests |

Dear Mr. Niedzielski,

I know, I believe I have met this burden. If you look at our email
exchanges, the letters dated June18th, July 18th, July 23, and July 30th, I
think the court will agree I have been reasonable, fair, and attempted to
resolve this matter. Remember, you have all of the documents I need to prove
my case. I have the burden of proof. Furthermore, you are a member of the
bar and I am not. What I have is a good education, expertise, and a library
full of books lawyers use(that are written by attorneys). They tell me
exactly what to do and when to do it, although I occasionally miss something
(like a local rule). A kind word of advice-- DO NOT take my kindness for
weakness (like many of your clients did) and DO NOT take me lightly like
Septa did (or you will end up embarrassed like they did). I don't bring
suits and loose them. I will not loose this one either. With all of this
said, my business is shut down until I file this motion (which may be as
soon as Monday). On the otherhand, If you have a viable solution, I am in my
office (working on the motion) and near my email if you care to respond. I
don't have any ax to grind with you. I know you are doing your job and I
would expect you to aggressively defend your clients and employer---but you
are not expected to get yourself in trouble or tarnish your reputation doing
it.

Sincerely,

Jack

----- Original Message -----
From: "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
To: "Jack Sminkey" <jesminkey@comcast.net>
Sent: Friday, October 05, 2007 8:41 AM
Subject: RE: discovery requests


Mr. Sminkey:

Under the rules and scheduling order you are suppose to try to
work out the disputes before you file a motion.

-----Original Message-----
From: Jack Sminkey [mailto:jesminkey@comcast.net]
Sent: Wednesday, October 03, 2007 7:23 PM
To: Niedzielski Marc (DOJ)
Cc: Jack Sminkey

Subject: Re: discovery requests

Dear Mr. Niedzielski,

I believe I'm in receipt of all responses in question, to the extent you

chose to provide them. I will start working on a motion to compell
tomorrow.
I will send you a copy as soon as I file it. I think all of my questions
and
requests are very appropriate given the nature and gravity of my
complaint.
I look forward to the courts response.

Regards,

Jack Sminkey
----- Original Message -----
From: "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
To: "Jack Sminkey" <jesminkey@comcast.net>
Sent: Wednesday, October 03, 2007 9:16 AM
Subject: RE: discovery requests


You will be receiving the attached in the mail. Thanks.

-----Original Message-----
From: Jack Sminkey [mailto:jesminkey@comcast.net]
Sent: Wednesday, October 03, 2007 8:53 AM
To: Niedzielski Marc (DOJ)
Cc: Jack Sminkey
Subject: discovery requests

Dear Mr. Niedzielski,

On October 1 I received the following:

1. Response to my second request for production of Doc from the SOD/DOC.
2. Response to my second request for rogs from defendants Layton,
Machtinger, Sauls, Stevens, Taylor, and Watson.
3. The CD with numerous doc's which I printed.

Feel free to send me other CD's if necessary as I have a great printer
and
plenty of ink and paper.

As of yesterdays mail I did not receive any further communication from
your
office. I will take the appropriate action regarding the above captioned

matter.

I am,

Jack Sminkey

CA 06-263 **A**

EXHIBIT # 2
October 9, 2007

SECOND SET OF INTERROGATORIES
DIRECTED TO ALL DEFENDANTS EXCEPT
DEFENDANT KATHLEEN MICKLE-ASKIN



RECEIVED

OCT 1 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

JACK E. SMINKEY, Pro se           :
                               :

       Plaintiff,              :
                               :

                               :     C.A. No. 06-263***
                               :

STATE OF DELAWARE, et al.,     :
                               :

       Defendants.            :

## 2nd SET OF INTERROGATORIES DIRECTED TO DEFENDANT RUTH ANN MINNER

      **General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy, or invade personal privacy of defendant and are not crafted to any matters at issue. Defendant also objects to any interrogatory that seeks information that was already requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1.     *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

        Answer: Please refer to general objection. In addition, Governor Minner is not alleged to have participated in any of the allegations of employment discrimination as set out in the complaint.

2.     *List all residences (real property) you own, in part, or whole.*

        Answer: Please refer to response to No. 1.

3.     *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

        Answer: Please refer to response to No. 1.

4.     *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

Answer:  Please refer to response to No. 1.

5.    *List all lawsuits you have been party to over the last 7 years filed by current or former employees of the State of Delaware. Indicate case number, date filed, court, nature and disposition of the suit.*

Answer:  Please refer to response to No. 1.

6.    *List all court cases where a court entered a judgment against you in your personal or official capacity. Include how much the judgment was for and who paid the judgment.*

Answer:  Please refer to response to No. 1.

7.    *List all criminal convictions on your criminal record from any jurisdiction. Explain the circumstances of the arrest (exclude pardons and expungments).*

Answer:  Please refer to response to No. 1.

8.    *What is the highest year of education completed?*

Answer:  Please refer to response to No. 1.

9.    *During your tenure as Governor, did you ever ask Correction Commissioner Taylor to leave, resign, retire, or step down? If not, why not?*

Answer:  Please refer to response to No. 1.

10.   *Are you aware of the wide spread media coverage regarding the Department of Correction over the last several years?*

Answer:  Please refer to response to No. 1.

11.   *How often do you read the Delaware News Journal and/or Delaware State News?*

Answer:  Please refer to response to No. 1.

12.   *Have you ever filed a defamation or slander suit against any media outlet? If yes, please explain.*

Answer:  Please refer to response to No. 1.

13.   *Do you have advisors, personal assistants, or media relations personnel that help you with media or public relations issues?*

Answer:  Please refer to response to No. 1.

14.   *In January 2001, did you provide a "road map" to be used to hire more women and minorities?*

Answer:  Please refer to response to No. 1.

15.   *In your quest to rid the state of discrimination, what did you do to ensure that white employees were not discriminated against (in reverse)?*

Answer:  Please refer to response to No. 1.

16.   *What training did you recommend or require for department heads to ensure that discrimination, retaliation, or other civil rights violations be minimized?*

Answer:  Please refer to response to No. 1.

17.   *When you called then DSP Superintendent Gerald R. Pepper in from vacation (summer of 2001) and met with him, what was the gist of the conversation?*

Answer:  Please refer to response to No. 1.

18.   *Did you ever ask DSP Col. Aaron Chaffinch to retire, quit, or resign as a result of the (reverse) discrimination lawsuits (and judgments) or, the sexual harassment allegations lodged against him?  If not, why not?*

Answer:  Please refer to response to No. 1.

19.   *Has the State of Delaware signed consent decrees with the Federal Government for allegations of discrimination, retaliation, prisoner rights violations, or other civil rights violations.*

Answer:   Please refer to response to No. 1.

20.   *As a result of the consent decrees, has anyone serving at your pleasure been disciplined?  If yes, who?*

Answer:  Please refer to response to No. 1.

21.   *As a result or your executive orders, or investigations you have authorized over the last 7 years (regarding the Delaware State police or the Department of Correction), has anyone ever been disciplined?  If yes, who?*

Answer:  Please refer to response to No. 1.

22.    *As Governor, do you feel you are responsible to residents of Delaware for the negative publicity, expense, and harm that has been caused under your leadership?*

Answer:  Please refer to response to No. 1.

23.    *Do you feel you were a good Governor for the citizens of Delaware?*

Answer:  Please refer to response to No. 1.

24.    *In hindsight, what do you think you could have done better regarding issues of discrimination, retaliation, lawsuits, civil rights violations, and alike?*

Answer:  Please refer to response to No. 1.

25.    *Name all persons who assisted you in answering this interrogatory?*

Answer: The legal objections were authored by counsel.

> STATE OF DELAWARE
> DEPARTMENT OF JUSTICE
>
> /s/ Marc P. Niedzielski
> Marc P. Niedzielski (#2616)
> Deputy Attorney General
> 820 North French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Attorney for Defendants

DATED: October 2, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated he served two copies by regular U.S. mail, postage prepaid, of Defendant Ruth Ann Minner's Answers to Plaintiff's Second Set of Interrogatories to the following:

Jack Sminkey, Ph.D.
3402 Edgmont Avenue #333
Brookhaven, P A 19015
(610) 620-3670

/s/ Marc P. Niedzielski
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801

DATED:   October 2, 2007

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

#### U.S. District Court

#### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 10/2/2007 at 10:48 AM EDT and filed on 10/2/2007

**Case Name:**         Sminkey v. State of Delaware Department of Corrections et al

**Case Number:**       1:06-cv-263

**Filer:**             Ruth Ann Minner

**Document Number:** 75

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Ruth Ann Minner.(Niedzielski, Marc)

#### 1:06-cv-263 Notice has been electronically mailed to:

Marc P. Niedzielski      marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

#### 1:06-cv-263 Notice has been delivered by other means to:

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/2/2007] [FileNumber=452882-0]
[52ba2c070f85006af9d8aed3441bfbc4596d3521fa47a96c7c6a0a66d7318858e065
c6314138d099bfda20ebc98e9e4a3f9cd929dad3e722b181b62b14da53d0]]

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se              :

        Plaintiff,             :

                             :     C.A. No. 06-263***

STATE OF DELA WARE, et al.,       :

Defendants.                   :

### STANLEY TAYLOR'S RESPONSES TO
### PLAINTIFF'S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1. *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

     Answer:  Stanley W. Taylor, Jr.; XXXX, Dagsboro, DE 19939, (302) 539-XXXX; XX/XX/51; SSN XXX-XX-4862

2. *List all residences (real property) you own, in part, or whole.*

     Answer:  Please refer to general objection.  Without waiving such objection, none

3. *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

     Answer:  Please refer to general objection.

4. *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

Answer: Please refer to general objection.

√ 5.    *List all lawsuits you have been party to over the last 7 years filed by current or former employees of the State of Delaware. Indicate case number, date filed, court, nature and disposition of the suit.*

Answer: Please refer to general objection.

√ 6.    *List all court cases where a court entered a judgment against you in your personal or official capacity. Include how much the judgment was for and who paid the judgment.*

Answer: Please refer to general objection.

7.    *Did you graduate from Indian River High School and university of Delaware?*

Answer: Yes

8.    *List all law enforcement related training you received during your tenure as Corrections commissioner.*

Answer: I do not recall.

√ 9.    *During your tenure as Commissioner, did you ever (offer to the Governor) to leave, resign, quit, or retire as Correction Commissioner? If yes, why?*

Answer: Please refer to general objection.

10.    *Was there anything in my May 16, 2005 letter to you that made you think I should not have been terminated, or should have been re-hired?*

Answer: I do not recall any of the specifics.

11.    *When you made the decision to terminate my employment, did you just blindly take the recommendation of Defendant Mickle-Askin?*

Answer: I do not recall any of the specifics.

12.    *Did you consult with any other persons prior to making the decision to terminate my employment? If yes, what were you told.*

Answer: I do not recall any of the specifics.

√ 13.    *Why did you choose to retire when you did?*

Answer: Please refer to general objection. Without waiving such objections, the

decision retire was unrelated to this lawsuit.

14.   *Did you sign a consent decree with the Federal Government regarding Civil Rights violations that occurred within the Department of Correction.*

      Answer: No.

*15.*   *What training did you give, require, or recommend to subordinates to help them be more proficient with their job or ready them for promotion?*

      Answer: While I do not recall specifically giving, requiring or recommending courses, there are many courses offered within DOC and State of DE

16.   *What training did you recommend or require for department heads to ensure that discrimination, retaliation, or other civil rights violations were minimized?*

      Answer: While I do not recall personally giving, requiring or recommending courses, there are many courses offered within DOC and State of DE

✓17.   *As a result of investigations conducted of the Department of Correction throughout the last several years, list all employees who were disciplined as a result of the investigative reports.*

      Answer: Please refer to general objection. In addition, the interrogatory is ambiguous as it does not identify the investigation for which inquiry is being made.

✓ 18.   *Do you believe you are responsible for what has happened within the Department over the last several years?*

      Answer: Please refer to general objection. In addition, the interrogatory is ambiguous as it does not identify the events for which inquiry is being made.

19.   *How did you train employees in your department in departmental policies, executive orders, state policies, etc?*

      Answer: I did not train employees.

20.   *List all persons who assisted you in answering this interrogatory.*

      Answer: The legal objections and actual responses were authored by my attorney with my input as to the factual information.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I the undersigned do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

/s/Stanley Taylor

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 2:02 PM EDT and filed on 9/28/2007

**Case Name:**       Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**     1:06-cv-263
**Filer:**           Stanley Taylor
**Document Number:** 71

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Stanley Taylor.(Niedzielski, Marc)

#### 1:06-cv-263 Notice has been electronically mailed to:

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

#### 1:06-cv-263 Notice has been delivered by other means to:

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451624-0]
[a590f2de9f29c1fb6df04aed72fa952f229ef704e09e8e19e63f1539b64369502ea4
3c8dd4bfd50c453f790883c4d7f9b13dc41d07e1e22e7ea7d9687d69942c]]

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se          :
                                 :
          Plaintiff,             :
                                 :
                                 :    C.A. No. 06-263***
                                 :
STATE OF DELAWARE, et al.,       :
                                 :
Defendants.                      :

### DEFENDANT ALAN MACHTINGER'S RESPONSES TO
### PLAINTIFF"S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1. *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

   *Answer:* Alan Machtinger, Delaware Dept. of Correction, Human Resources 245 McKee Road, Dover, DE 19904, 302-739-5601, DOB: XX/XX/47, XXX-XX-4047

2. *List all residences (real property) you own, in part, or whole.*

   Answer: Please refer to general objection.

3. *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

   *Answer:* Please refer to general objection.

4. *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

   <u>Answer</u>: Please refer to general objection.

5. *List all lawsuits you have been party to over the last 7 years filed by current or former employees of the State of Delaware. Indicate case number, date filed, court, nature and disposition of the suit.*

   <u>Answer</u>: Please refer to general objection.

6. *List all court cases where a court entered a judgment against you in your personal or official capacity. Include how much the judgment was for and who paid the judgment.*

   <u>Answer</u>: Please refer to general objection.

7. *What percentage of persons terminated by the Department of Correction were Terminated for:*
   *A. Work rule violation(s)*
   *B. Tardiness*
   *C. Absenteeism*
   *D. Drugs/alcohol problem*
   *E. Other (percentage)*

   <u>Answer</u>: The Department does not maintain a database of specific reasons for termination.

8. *Of all Department of Correction cadets separated from training over the last 7 years, how many persons who requested a post termination meeting with you, were put into another class or otherwise re-hired?*

   <u>Answer</u>: The Department does not maintain a database of information that would be responsive to this interrogatory.

9. *List the persons re-hired and indicate their sex, race, and age.*

   <u>Answer</u>: The Department does not maintain a database of this information.

10. *Was there anything in my May 16, 2005 letter to you that made you think I had some valid concerns and should not have been terminated?*

    <u>Answer</u>: No.

11. *Did you inquire about any of the concerns I expressed in my letter dated May 16, 2005 or while at the post-termination meeting?*

Answer: Dismissal from the Training Academy is a decision reached by committee including training administrators, instructors and the Human Resources Director. Because of the seriousness of dismissal and the money invested in each cadet, all factors are taken into consideration.

The conduct of plaintiff Sminkey, as documented by his instructors, was inconsistent, going from one extreme to the other. One moment he is sarcastic toward his instructors and the next moment he withdraws from participation in class. This behavior contrasts sharply with the experience and education he touts in his May 16, 2005 letter to me. Taken into consideration with harassing letters he wrote to training officials and classmates after his termination, the department was more than justified in dismissing him. His behavior is not compatible with law enforcement and public safety duties.

Finally, three main reasons for his termination were:

1. His behavior and conduct in training culminated in him putting his head down at his desk and refusing to participate, a fact he admitted.

2. His excuse that he was not computer literate while at the same time, he used his home computer to look up home addresses of BOTC Trainers.

3. His obsessive and stalking behavior which is consistent with his conduct at our post-termination meeting.

12. *Are you concerned at all with the attrition rate at the Department of Correction?*

Answer: Retention of employees is a major concern and focus of the Department. However, the interests of the Department and public safety are not furthered by retaining employees whose conduct is unacceptable.

13. *If a cadet was treated unfairly, and/or the dismissal was improper, do you have the authority to correct the wrong and re-hire the employee? If you don't, who does?*

Answer: I could and would make efforts to have an employee rehired if improperly dismissed.

14. *In the last 7 years were you ever consulted by instructor(s) about a "problem" cadet and recommended the person continue training? If so, how many? What were some of the issues?*

Answer: A number of Academy Cadets have been allowed to continue training after counseling by instructors. Whether or not they finish the course depends on their ability to follow the advice of their instructors. When they do not and problems continue, they are dismissed.

√ 15.   *As a result of the judgments against you, did you receive any disciplinary actions?*

Answer:  Please refer to general objection.

16.   *What do you do to ensure the workplace is free of discrimination, retaliation, or other civil rights type violations?*

Answer:  To the extent possible, I attempt to insure that the Department's policies and actions are in-line with State policy and Executive Orders from the Governor on discrimination, sexual harassment and equal opportunity.

17.   *Name all persons who assisted you with answering this interrogatory.*

Answer:  The legal objections and actual responses were authored by my attorney with   my input as to the factual information.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I the undersigned do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

_____/s/Alan Machtinger_____

- 4 -

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

**Discovery Documents**

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 1:59 PM EDT and filed on 9/28/2007

| | |
|---|---|
| **Case Name:** | Sminkey v. State of Delaware Department of Corrections et al |
| **Case Number:** | 1:06-cv-263 |
| **Filer:** | Alan Machtinger |
| **Document Number:** | 68 |

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Alan Machtinger.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451612-0]
[01a7919c8598c5ae2f83a61a0914e06dda9cd4cc8236f43df5c45b67ae975d8be7d9
f7575d4dd9fe4630e7760f732fa65b95cdb4de9b45dde354bca24270745a]]

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se       :
      :
    Plaintiff,       :
      :
      :    C.A. No. 06-263***
      :
STATE OF DELAWARE, et al.,       :
      :
Defendants.       :

## DEFENDANT LOUISE LAYTON'S RESPONSES TO PLAINTIFF'S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy, or invade personal privacy of defendant and are not crafted to any matters at issue. Defendant also objects to any interrogatory that seeks information that was already requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1.    *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

    <u>Answer</u>: Louise Layton, Harrington, DE 19952, DOB XX/XX/ 1962, SSN XXX-XX-1137

✓ 2.    *List all residences (real property) you own, in part, or whole.*

    <u>Answer</u>: Please refer to general objection.

✓ 3.    *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

    <u>Answer</u>: Please refer to general objection.

✓ 4.    *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

Answer:  Please refer to general objection.

5.    *What documented training have you had specific to instruct, supervise, or administer department of correction academy training. Please attach documentation.*

Answer:  Please refer to response to plaintiff's 1st set of interrogatories and the training records being produced.

6.    *List all licenses and/or certifications you possess to teach law enforcement officers.*

Answer:  Please refer to response to No. 5.

7.    *When you become aware of a "problem" cadet, what do you do?*

*Answer:*  Please refer to general objection.  Additionally, the term "problem" is ambiguous and can not be responded to without clarification.

8.    *Explain why you did not talk to me about the alleged "problems" I was having during BOTC training.*

Answer:  The BAC process was properly followed.

9.    *Name all persons who assisted you with answering this interrogatory.*

Answer: The legal objections and actual responses were authored by my attorney with    my input as to the factual information.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: September 28, 2007

- 2 -

## **VERIFICATION**

I, the undersigned, do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

_____/s/Louise Layton_____

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

     Jack Sminkey
     3402 Edgemont Avenue, # 333
     Brookhaven, PA  19005

                /s/ Marc P. Niedzielski
                Marc P. Niedzielski (2616)
                Deputy Attorney General
                Department of Justice
                820 North French Street
                Carvel Building, 6th Floor
                Wilmington, DE 19801
                (302) 577-8324

DATED: September 28, 2007

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 1:58 PM EDT and filed on 9/28/2007

**Case Name:**        Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**     1:06-cv-263
**Filer:**              Louise Layton
**Document Number:** 67

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Louise Layton.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451609-0]
[882fb2bea42bc8f8df38ba0c30c888d3cf14c15aeb223ab2e6a032c00cb86b7b5aff
fc7193a0631456d858882237258ed2267235e791a8bdbd0eb75aab823da2]]

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se          :
                          :

     Plaintiff,            :
                          :

                          :    C.A. No. 06-263***
                          :

STATE OF DELAWARE, et al.,     :
                          :

Defendants.              :

## DEFENDANT RONALD SAULS' RESPONSES TO
## PLAINTIFF'S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

✓ 1.   *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

   <u>Answer</u>: Ronald D. Sauls, Dover, DE 19904, XX/XX/1955 and XXX-XX-7348.

2.   *List all residences (real property) you own, in part, or whole.*

   <u>Answer</u>: Please refer to general objection. Without waiving such objection, none

✓ 3.   *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

   <u>Answer</u>: Please refer to general objection.

✓ 4.   *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

   <u>Answer</u>: Please refer to general objection.

5.  *Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or GED, all college degrees, all certifications, all certificates, all licenses, etc.*

    <u>Answer</u>:  Please refer to training documents being produced.

6.  *List in chorological order all documented training you ever received in the following areas and provide documentation for same.*
    *A. Labor law*
    *B. Title VII*
    *C. Constitutional law/rights*
    *D. Sexual harassment*
    *E. Discrimination*
    *F. Unsafe work environment*
    *G. Wrongful discharge*
    *H. Covenant of good faith and fair dealing I. Contracts (employment related)*
    *J. Americans with disabilities act*
    *K. Department of Correction code of conduct L. Executive orders # 1 0 and # 19*
    *M. Principles and beliefs*
    *N. Management principles for the workplace o. Sexual harassment prevention*
    *P. Affirmative action*
    *Q. Workplace bullying*

    <u>Answer</u>:  Please refer to prior response.

7.  *List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control.*
    *Please attach documentation of same.*

    <u>Answer</u>:  Please refer to response to No. 6.

8.  *Do you believe your employer has made a concerted effort to increase the hiring training, and retention of women and minorities since January 1, 2001 ? If so, what class of people does this adversely affect?*

    <u>Answer</u>:  I do not believe anyone has been adversely affected.

9.  *List all training on your training record and attach copy of same.*

    <u>Answer</u>:  Please refer to response to No. 6.

- 2 -

10.    *List all licenses and certifications you possess to teach law enforcement officers.*

Answer: Please refer to response to No. 6.


11.    *List all persons who assisted you with answering this interrogatory.*

Answer: The legal objections and actual responses were authored by my attorney
with    my input as to the factual information.


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I, the undersigned, do verify that under the penalty of perjury that the factual information
contained in the above responses are true and correct to the best of my information and
belief.

\_\_\_\_/s/Ronald Sauls_____

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

-4-

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 2:00 PM EDT and filed on 9/28/2007

**Case Name:**     Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**   1:06-cv-263
**Filer:**         Ronald Sauls
**Document Number:** 69

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Ronald Sauls.(Niedzielski, Marc)

#### 1:06-cv-263 Notice has been electronically mailed to:

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

#### 1:06-cv-263 Notice has been delivered by other means to:

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451615-0]
[8f3f6c591fcb7f7718f24bb70437ec16357ca7ad4cc09cdb59408d742475b77d3ff7
26740f5667234237f883bbbfb87720922f0fda5a10ccd3392fe9a6eae613]]

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se            :

            Plaintiff,           :

                             :     C.A. No. 06-263***

STATE OF DELAWARE, et al.,      :

           Defendants.         :

## DEFENDANT ALISON STEVENS' RESPONSES TO
## PLAINTIFF'S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1. *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

   Answer: Alison L. Stevens, Milford DE 19963, DOB: XX-XX-65 SS#: XXX-XX-1523

2. *List all residences (real property) you own, in part, or whole.*

   Answer: Please refer to general objection.

3. *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

   Answer: Please refer to general objection.

4. *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

Answer: Please refer to general objection.

5.    *Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or OED, all college degrees, all certifications, all certificates, all licenses, etc.*

Answer: Please refer to response to plaintiff's 1 set of interrogatories and the training records being produced.

6.    *List in chorological order all documented training you ever received in the following areas and provide documentation for same.*

*A. Labor law*
*B. Title VII*
*C. Constitutional law/rights*
*D. Sexual harassment*
*E. Discrimination*
*F. Unsafe work environment*
*G. Wrongful discharge*
*H. Covenant of good faith and fair dealing I. Contracts (employment related)*
*J. Americans with disabilities act*
*K. Department of Correction code of conduct L. Executive orders # 1 0 and # 19*
*M. Principles and beliefs*
*N. Management principles for the workplace O. Sexual harassment prevention*
*P. Affirmative action*
*Q. Workplace bullying*

Answer: Please refer to response to No. 5.

7.    *List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control. Please attach documentation of same.*

Answer: Please refer to response to No. 5.

8.    *Do you believe your employer has made a concerted effort to increase the hiring training, and retention of women and minorities since January 1, 2001? If so, what class of people does this adversely affect?*

Answer: To the best of my knowledge, the Department of Correction is an equal opportunity employer.

9.    *List all training on your training record and attach copy of same.*

Answer: Please refer to response to No. 5.

- 2 -

10.     *List all licenses and certifications you possess to teach law enforcement officers.*

Answer:  Please refer to response to No. 5.

11.     *When you encountered a "problem" with a cadet, what did you do?*

Answer:  Please refer to general objection.  Additionally, the term "problem" is ambiguous and can not be responded to without clarification.

12.     *Is it fair to say that an instructor at BOTC training supervises cadets?*

Answer:  In the common use of the word supervise, BOTC instructors do supervise.  However, if the interrogatory is seeking the information regarding the requirements for agency liability under Title VII, it is denied that instructors are supervisors for Title VII purposes.

13.     *Are you considered a supervisor with the Department of Correction?*

Answer:  Please refer to response to No. 12.

14.     *What is your relationship to Governor Minner?*

Answer:  Please refer to general objection.  Without waiving such objection, I have no relationship with Governor Minner.

15.     List all persons who assisted you with answering this interrogatory.

Answer:  The legal objections and actual responses were authored by my attorney with   my input as to the factual information.

                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

                                                /s/ Marc P. Niedzielski
                                                Marc P. Niedzielski (#2616)
                                                Deputy Attorney General
                                                820 North French Street, 6th Floor
                                                Wilmington, DE 19801
                                                (302) 577-8400
                                                Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I, the undersigned, do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

/s/Alison L. Stevens

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

**Discovery Documents**

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

## U.S. District Court

## District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 2:01 PM EDT and filed on 9/28/2007

**Case Name:**         Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**     1:06-cv-263
**Filer:**                 Alison Stevens
**Document Number:** 70

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Alison Stevens.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451621-0]
[a5719d73a180f1b541d1b6854d501613466314d8312438da1e4a81911ad122837fda
4d5fcef15998321654c7ab9ffe572e7a31f96471648ebe2f07a9088baafa]]

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se     :
              :
   Plaintiff,       :
              :
              :  C.A. No. 06-263***
              :
STATE OF DELAWARE, et al.,   :
              :
Defendants.        :

### DEFENDANT DONNA WATSON'S RESPONSES TO
### PLAINTIFF'S 2nd SET OF INTERROGATORIES

   **General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1.  *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

  <u>Answer</u>: Please refer to response to plaintiff's 1st set of interrogatories.

2.  *List all residences (real property) you own, in part, or whole.*

  <u>Answer</u>: Please refer to general objection.

3.  *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

  <u>Answer</u>: Please refer to general objection.

4.  *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

  <u>Answer</u>: Please refer to general objection.

✓ 5. *Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or GED, all college degrees, all certifications, all certificates, all licenses, etc.*

Answer: Please refer to response to plaintiff's 1st set of interrogatories.

6. *List years of completion/graduation from the following institutions:*

*A. Raritan High School*
*B. DTCC*
*C. U of D*
*D. Wilmington college*

Answer: A. 1973, B. 1992, C. 1993 and D. 1994.

7. *List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control. Please attach documentation of same.*

Answer: Please refer to response to plaintiff's 1st set of interrogatories.

8. *List all documented training you have had specific to instruct, supervise, or administer BOTC training. Please attach documentation.*

Answer: I have experience in Probation & Parole, 8 years with the DOC, and certifications to teach specific courses within the program.

9. *List all training on your training record and attach copy of same.*

Answer: Please refer to response to plaintiff's 1st set of interrogatories.

10. *List all licenses and certifications you possess to teach law enforcement officers.*

Answer: Please refer to responses to plaintiff's 1st set of interrogatories and documents being produced.

11. *When you encountered a "problem" with a cadet, what did you do?*

*Answer:* Please refer to general objection. Additionally, the term "problem" is ambiguous and can not be responded without clarification.

- 2 -

12.   *Is it fair to say that an instructor at BOTC training supervises cadets?*

Answer:   In the common use of the word supervise, BOTC instructors do supervise. However, if the interrogatory is seeking the information regarding the requirements for agency liability under Title VII, it is denied that instructors are supervisors for Title VII purposes.

13.   *List all of your qualifications to teach physical fitness training.*

Answer:   Please refer to general objection. Without waiving such objections, please refer to documents being produced, response to prior interrogatories and my participation in the physical training.

14.   *In the last 7 years how many cadets have you run into exhaustion during fitness training?*

Answer: None.

15.   *Who developed the physical fitness program and what are the person(s) credentials?*

Answer:   I believe it was adopted from the State Police training for physical fitness.

16.   *Who trained you to teach physical fitness training?*

Answer:   Amos Callaway, Ron Sauls, and Alex Lapinsky

17.   *List your qualifications to teach introduction and personnel issues.*

*Answer:*  Objection, this interrogatory is ambiguous.

18.   *Are you intimidated teaching retired police officers?*

Answer:   No.

19.   *Are you related in any way to the former commissioner of corrections Robert J. Watson? If yes, indicate relationship.*

Answer:   Please refer to general objection.

- 3 -

20.    *Identify all persons who assisted you with this interrogatory.*

Answer: The legal objections and actual responses were authored by my attorney with my input as to the factual information.

> STATE OF DELAWARE
> DEPARTMENT OF JUSTICE
>
> /s/ Marc P. Niedzielski
> Marc P. Niedzielski (#2616)
> Deputy Attorney General
> 820 North French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Attorney for Defendants

DATED: September 28, 2007

## **VERIFICATION**

I the undersigned do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.

_____/s/Donna Watson_____

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 2:02 PM EDT and filed on 9/28/2007

**Case Name:**          Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**        1:06-cv-263
**Filer:**              Donna Watson
**Document Number:** 72

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Donna Watson.(Niedzielski, Marc)

### 1:06-cv-263 Notice has been electronically mailed to:

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

### 1:06-cv-263 Notice has been delivered by other means to:

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451633-0]
[2660b8d3dc60646ac0756725cc3f1e2936342051b8bf977aa663b5608738fdd49811
c232d1ee5e5a8b0e4d20fde73717fe5afc410cf2945fb5c896f0117cc31f]]

## Jack Sminkey

**From:** "Jack Sminkey" <jesminkey@comcast.net>
**To:** "Mitchell Jennifer (DOJ)" <Jennifer.Mitchell@state.de.us>
**Cc:** "Jack Sminkey" <jesminkey@comcast.net>
**Sent:** Wednesday, October 03, 2007 6:55 PM
**Subject:** Re: Sminkey v. DOC

Thank you Michelle, I look forward to receive the rest of them.

Regards,

Jack

----- Original Message -----
**From:** Mitchell Jennifer (DOJ)
**To:** jesminkey@comcast.net
**Cc:** Niedzielski Marc (DOJ)
**Sent:** Wednesday, October 03, 2007 4:00 PM
**Subject:** Sminkey v. DOC

Mr. Sminkey -

Attached please find Annette Franze's responses to your second interrogatory request.

Thanks!
Jennifer Mitchell
Paralegal
Department of Justice
(302) 577-8416

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JACK E. SMINKEY, Pro se | : |
| | : |
| Plaintiff, | : |
| | : |
| | :    C.A. No. 06-263*** |
| | : |
| STATE OF DELAWARE, et al., | : |
| | : |
| Defendants. | : |

## DEFENDANT ANNETTE FRANZE'S RESPONSES TO
## PLAINTIFF'S 2nd SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1st set of interrogatories. Without waiving these objections, the defendant responds as follows:

1. *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

   Answer: Annette Franze; Work (302)739-5601; DOB – XX/XX/1958 and SSN# - XXX-XX-6078

2. *List all residences (real property) you own, in part, or whole.*

   Answer: Please refer to general objection.

3. *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

   Answer: Please refer to general objection.

4. *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

Answer: Please refer to general objection.

5.   *Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or GED, all college degrees, all certifications, all certificates, all licenses, etc.*

   Answer: Please refer to training records being produced.

6.   *List in chorological order all documented training you ever received in the following areas and provide documentation for same.*

   *A. Labor law*
   *B. Title VII*
   *C. Constitutional law/rights*
   *D. Sexual harassment*
   *E. Discrimination*
   *F. Unsafe work environment*
   *G. Wrongful discharge*
   *H. Covenant of good faith and fair dealing I. Contracts (employment related)*
   *L. Americans with disabilities act*
   *K. Department of Correction code of conduct L. Executive orders # 10 and # 19*
   *M. Principles and beliefs*
   *N. Management principles for the workplace o. Sexual harassment prevention*
   *P. Affirmative action*
   *Q. Workplace bullying*

   Answer: Please refer to response to No. 5.

7.   *List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control. Please attach documentation of same.*

   Answer: Please refer to response to No. 5.

8.   *List all documented training you have had specific to instruct, supervise, or administer BOTC training. Please attach documentation.*

   Answer: Please refer to response to No 5 and my experience.

9.   *List all training on your training record and attach copy of same.*

   Answer: Please refer to response to No. 5.

2

10.    *List all licenses and certifications you possess to teach law enforcement officers.*

Answer:  Please refer to response to No. 5.

11.    *When you encountered a "problem" with a cadet, what did you do?*

Answer: Please refer to general objection. Additionally, the term "problem" is ambiguous and can not be responded to without clarification.

12.    *Is it fair to say that an instructor at BOTC training supervises cadets?*

Answer: In the common use of the word supervise, BOTC instructors do supervise. However, if the interrogatory is seeking the information regarding the requirements for agency liability under Title VII, it is denied that instructors are supervisors for Title VII purposes.

13.    *List all of you qualifications to teach physical fitness training.*

Answer:  Please refer to response to No. 5.

14.    *In the last 7 years how many cadets have you run into exhaustion during fitness training?*

Answer:  None.

15.    *Who developed the physical fitness program and what are the person(s) credentials?*

Answer:  I do not know.

16.    *Who trained you to teach physical fitness training?*

Answer:  Please refer to response to No. 13.

17.    *List your qualifications to teach search and weapons law.*

Answer:  Please refer to response to No. 5.

18.    *Are you intimidated teaching retired police officers?*

Answer:  No.

19.    *List all criminal convictions on your record from any jurisdiction. Explain the circumstances of the arrest (exclude pardons and expungments).*

3

Answer:  Please refer to general objection.

20.    *Identify all persons who assisted you with this interrogatory.*

Answer:  The legal objections and actual responses were authored by my attorney with my input as to the factual information.


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: October 3, 2007


## VERIFICATION

I the undersigned do verify that under the penalty of perjury that the factual information contained in the above responses are true and correct to the best of my information and belief.


_____/s/ Annette Franze_____


4

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served a copy by electronic mail on the

following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005
jesminkey@comcast.net

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: October 3, 2007

5

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se                           :
                                                  :
        Plaintiff,                                :
                                                  :
                                                  :    C.A. No. 06-263***
                                                  :
STATE OF DELAWARE, et al.,                        :
                                                  :
        Defendants.                               :

## DEFENDANT NICOLE SHULER'S RESPONSES TO
## PLAINTIFF'S 2ⁿᵈ SET OF INTERROGATORIES

**General objections.** Defendant hereby objects to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to discovery requests that seek information that is intended to harass, annoy defendant, invade personal privacy and are not crafted to any matters at issue. Defendant also objects to any interrogatory that again seeks information that was requested in plaintiff's 1ˢᵗ set of interrogatories. Without waiving these objections, the defendant responds as follows:

1.      *What is your full name, home address, home telephone number, date of birth, and last digits of your social security number?*

        Answer:  Nicole J Shuler, DOB XX-XX-71, SSN XXX-XX-3559.

2.      *List all residences (real property) you own, in part, or whole.*

        Answer:  Please refer to general objection.

3.      *List all psychologists or psychiatrists you have seen over the last 7 years. Include name, address, and telephone number, dates of visits, and reasons for visits.*

        Answer:  Please refer to general objection.

4.      *List all medications, narcotics, or other drugs you have taken or been prescribed over the last 7 years. Provide name, address, telephone number of person(s) who gave you or prescribed the medication, narcotic, or drug and the reason why you take them.*

        Answer:  Please refer to general objection.

5.   *Provide in chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or GED, all college degrees, all certifications, all certificates, all licenses, etc.*

Answer:  Please refer to response to 1st set of interrogatories and training records that are being produced.

6.   *List in chorological order all documented training you ever received in the following areas and provide documentation for same.*

*A. Labor law*
*B. Title VII*
*C. Constitutional law/rights*
*D. Sexual harassment*
*E. Discrimination*
*F. Unsafe work environment*
*G. Wrongful discharge*
*H. Covenant of good faith and fair dealing I. Contracts (employment related)*
*J. Americans with disabilities act*
*K. Department of Correction code of conduct L. Executive orders # 1 0 and # 19*
*M. Principles and beliefs*
*N. Management principles for the workplace O. Sexual harassment prevention*
*P. Affirmative action*
*Q. Workplace bullying*

Answer: Please refer to response to No. 5.

7.   *List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control. Please attach documentation of same.*

Answer: Please refer to response to No. 5.

8.   *List all documented training you have had specific to instruct, supervise, or administer BOTC training. Please attach documentation.*

Answer: Please refer to response to No. 5.

9.   *List all training on your training record and attach copy of same.*

Answer:  Please refer to response to No. 5.

10.   *List all licenses and certifications you possess to teach law enforcement officers.*

Answer:  Please refer to response to No. 5.

11.    *When you encountered a "problem" with a cadet, what did you do?*

Answer: Please refer to general objection. Additionally, the term "problem" is ambiguous and can not be responded without clarification.

12.    *Is it fair to say that an instructor at BOTC training supervises cadets?*

Answer:    In the common use of the word supervise, BOTC instructors do supervise. However, if the interrogatory is seeking the information regarding the requirements for agency liability under Title VII, it is denied that instructors are supervisors for Title VII purposes.

13.    *List all of your qualifications to teach physical fitness training.*

Answer: Please refer to response to No. 5.

14.    *In the last 7 years how many cadets have you run into exhaustion during fitness training?*

Answer: None.

15.    *Who developed the physical fitness program and what are the person(s) credentials?*

Answer: I cannot recall individual's name or exact credentials, but am aware that it was professionally developed.

16.    *Who trained you to teach physical fitness training?*

Answer: EDC Instructors

17.    *List your qualifications to teach first aid and CPR.*

Answer: Please refer to response to No. 5.

18.    *Are you intimidated teaching retired police officers?*

Answer: No

19.    *Provide the case number, date filed, and an explanation as to what caused you to be a plaintiff in superior court. Please provide a copy of the complaint and final disposition.*

Answer: Please refer to general objection.

- 3 -

20.    *Identify all persons who assisted you with this interrogatory.*

Answer:  The legal objections and actual responses were authored by my attorney
with my input as to the factual information.

                                    STATE OF DELAWARE
                                    DEPARTMENT OF JUSTICE

                                    /s/ Marc P. Niedzielski
                                    Marc P. Niedzielski (#2616)
                                    Deputy Attorney General
                                    820 North French Street, 6th Floor
                                    Wilmington, DE 19801
                                    (302) 577-8400
                                    Attorney for Defendants

DATED: October 2, 2007

## **VERIFICATION**

I the undersigned do verify that under the penalty of perjury that the factual information
contained in the above responses are true and correct to the best of my information and
belief.

                        /s/ Nicole Shuler

- 4 -

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: October 2, 2007

- 5 -

*CA 06-263 × × ×*

EXHIBIT # 2 A
October 9, 2007

FIRST SET OF INTERROGATORIES
DIRECTED TO ALL DEFENDANTS



RECEIVED

OCT 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se          :
                                  :
    Plaintiff,                    :
                                  :
                                  :          C.A. No. 06-263***
STATE OF DELAWARE, et al.,        :
                                  :
    Defendants,                   :

### *DEFENDANTS' RESPONSES TO PLAINTIFF'S 1ST SET*
### *OF INTERROGATORIES DIRECTED TO DEFENDANTS*

### INTERROGATORIES

**General objections.** Defendants hereby object to these interrogatories in that they seek information that is beyond the scope of discovery under Rule 26 and are not reasonably calculated to lead the discovery of admissible evidence. Defendants further object to discovery requests that seek information that is intended to harass and annoy defendants and are not crafted to any matters at issue Without waiving these objections, the individual defendant may provide information responsive to the request.

*1.*    *What is your full name, address, telephone number, date of birth, and first five digits of your social security number?*
**RESPONSE:**

Ruth Ann Minner:
Please refer to above general objections, and the fact that the Governor is not alleged to have participated in any individual conduct regarding the plaintiff.

Stanley Taylor:
Stanley W. Taylor, Jr., XXXXX, Dagsboro, DE 19939, (302)539-XXXX; XX/XX/51; SSN XXX-XX-__,

Alan Machtinger:
Alan Machtinger, Delaware Dept. of Correction, Human Resources, 245 McKee Rd., Dover, DE 19904; (302)739-5601; DOB X/XX/47; SSN XXX-XX-4047

Kathleen Mickle-Askin:
Kathleen Alexis Mickle-Askin, 245 McKee Rd., Dover, DE 19904; (302)739-5601; X/X/52; SSN XXX-XX-4069

Louise Layton:
Louise A. Layton, 245 McKee Rd., Dover, DE 19904, (302)739-5601; DOB X/XX/62, SSN XXX-XX-1137

Ronald Sauls:
Ronald D. Sauls, 245 McKee Road, Dover, DE 19904, (302)739-5601; DOB
XX/XX/55; SSN XXX-XX-___,

Alison Stevens:
Alison L. Stevens, Sussex Day Reporting Center, 317 S. Dupont Highway,
Georgetown DE 19947, (302) 854-6994, DOB XX/XX/65, SSN XXX-XX-1523

Donna Watson:
Donna Watson, 245 McKee Road, Dover, DE 19904; (302) 739-5601; DOB
X/XX/55; XXX-XX-2351

Annette Franze:
Annette Franze, (302)739-5601; DOB XX/XX/___; SSN XXX-XX-6078

Nicole Shuler:
Nicole Joan Shuler, 1601 Pine Street, Wilmington Delaware 19802, (302)577-
3443; XX/XX/71; SSN XXX-XX-3559

2.      *What is your date of hire with the State of Delaware, and the Department of*
        *Correction? What is your present position, and what was your title or position*
        *between February 25, 2005 and April 29, 2005, during BOTC class #1.*
        **RESPONSE:**

Ruth Ann Minner:
Please refer to response to Number 1.

Stanley Taylor:
October 6, 1976; Retired; Commissioner

Alan Machtinger:
August 3, 1981 with State of Delaware
January 1, 2004 with Dept. of Correction
Title: Director, Human Resources and Development

Kathleen Mickle-Askin:
October 1, 1981 (State of Delaware)
May 1, 1981 (Department of Correction)
Position: Training Academy Administrator/Director of Training

Louise Layton:
June 1987 -- DOH
Training Educator Administrator II – today and during BOTC 1

<u>Ronald Sauls:</u>
3/21/83
Training Education Administrator II

<u>Alison Stevens:</u>
01-16-1984 – hire date with the State of Delaware and Dept. of Correction
Probation/Parole Supervisor

<u>Donna Watson:</u>
Date of hire with State: 5/7/85
Corrections: 4/95
Quality Improvement Program Administrator
Trainer Educator: 2/25 thru 4/1

<u>Annette Franze:</u>
05/00/83 Trainer/Educator

<u>Nicole Shuler:</u>
8/1998, Senior Probation Officer, Trainer Educator

3.    *Including the State of Delaware, list all other employers including name, address,*
*telephone number, immediate supervisor, and your title or position during the last*
*7 years. Provide an updated copy of your curriculum vitae.*
**RESPONSE:**

<u>Ruth Ann Minner:</u>
Please refer to response to No. 1.

<u>Stanley Taylor:</u>
Commissioner; Governors Minner and Carper

<u>Alan Machtinger:</u>
Delaware Department of Correction
245 McKee Rd.
Dover, DE 19904
(302)739-5601
Supervisor: Stan Taylor, Commissioner
          Carl Danberg, Commissioner from Feb. 1, 2007
Position: Director of Human Resources and Development

<u>Kathleen Mickle-Askin:</u>
| Current: | Training Academy Administrator/Director of Training |
| | Alan Machtinger (302)739-5601 |
| 3/2000-6/2004 | Training Administrator II |
| | Tony Powell (deceased) |

- 3 -

Louise Layton:
Department of Correction for last 20 yrs.  Current supervisor Kathy Mickle-Askin

Ronald Sauls:
Tony Powell EDC Administrator
Kathy Mickle- Askin EDC Administrator
Ron Sauls Training Education Administrator I & II

Alison Stevens:
State of Delaware
Department of Correction
Bureau of Community Custody & Supervision
245 McKee Road
Dover, DE 19904
(302) 739-5601
2000-2001 – Senior Probation/Parole Officer
Supervisor – J. Curt Shockley
2001-Present – Probation/Parole Supervisor
Supervisor – J. Curt Shockley

Hartstring's Childrenswear
Tanger Outlet Center – Midway
        Rehoboth DE 19971
(302) 644-0666
2005-Present – PT Key Holder
Supervisor – Marty Bryant

Donna Watson:
All Corrections

Annette Franze:
State of Delaware, Department of Correction
245 McKee Rd., Dover, DE 19904
(302)739-5601
Supervisor: Louise Layton
My Title: Trainer/Educator II

Nicole Shuler:
State of Delaware, Department of Correction
1601 Pine Street, Wilmington DE 19802
577-3443
Supervisor: Patrick Cronin.  Title: Senior Probation and Parole Officer, Operation
Safe Streets
Supervisor: James Cobb. Title: Senior Probation and Parole Officer

- 4 -

State of Delaware, Department of Correction
245 McKee Road, Dover DE 19904
739-5601
Supervisor: Louise Layton.  Title: Trainer Educator

Delaware Technical and Community College, Dover Delaware, Adjunct
Instructor.  Supervisor for Delaware Tech part time position is Jeff Peck


4.    *List all psychologists or psychiatrists you have seen over the last 7 years.  Include*
      *name, address, and telephone number, dates of visits, and reasons for visits.*
      **RESPONSE:**

      For all defendants, please refer to general objection.


5.    *List all medications, narcotics, or other drugs you have taken or been prescribed*
      *over the last 7 years. Provide name, address, telephone number of person(s) who*
      *gave you or prescribed the medication, narcotic, or drug and the reason why you*
      *take them.*
      **RESPONSE:**

      For all defendants, please refer to general objection.


6.    *List all residences (real property) you own in part, or whole, or possess a deed, or*
      *hold a mortgage note.*
      **RESPONSE:**

      For all defendants, please refer to general objection.


7.    *List all disciplinary actions you have received over the last 7 years and attach a*
      *copy of same with your answer.*
      **RESPONSE:**

      Ruth Ann Minner:
      Please refer to response to No.1.

      Stanley Taylor:
      None

      Alan Machtinger:
      None

Kathleen Mickle-Askin:
None

Louise Layton:
None

Ronald Sauls:
None

Alison Stevens:
None.

Donna Watson:
None

Annette Franze:
None to Recollection

Nicole Shuler:
N/A

8.    *List all lawsuits you have been a party to over the last 7 years. Indicate whether*
*you were a Plaintiff, Defendant, case number, date filed, court where filed, the*
*nature of the suit, and disposition of the case.*
      **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
Taylor has been named as a defendant in a large number of lawsuits many of
which he was not served or otherwise provided notice. It is unduly burdensome
for defendant to respond and plaintiff is referred to make inquiry of the state and
federal courts.

Alan Machtinger:
See Attached

Kathleen Mickle-Askin:
None

Louise Layton:
None

Ronald Sauls:
None

Alison Stevens:
None

Donna Watson:
None

Annette Franze:
None

Nicole Shuler:
Plaintiff, Superior Court, Resolved

9.    *List all judgments filed against you over the last 7 years. Indicate whether the judgment was in your personal or official capacity, how much the judgment was for, the case number, who paid the judgment, and what the judgment was for.*
**RESPONSE:**

For all defendants, please refer to general objections.

10.    *List all criminal convictions on your criminal record from any jurisdiction. Explain the circumstances of your arrest. Exclude pardons and expungments.*
**RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
None

Alan Machtinger:
None

Kathleen Mickle-Askin:
N/A

Louise Layton:
None

Ronald Sauls:
None

Alison Stevens:
None

Donna Watson:
None

Annette Franze:
Please refer to general objections.

Nicole Shuler:
N/A

11.   *Provide the chronological order, the names, addresses, and telephone numbers of every educational institution and/or training you attended starting with high school, to present. Provide a copy of your high school diploma or OED, all college degrees, all certifications, all certificates of training, all licenses, etc.*
      **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
Indian River High School
University of Delaware

Alan Machtinger:
Sandia HS, Albuquerque, NM
University of New Mexico, Albuquerque, NM
George Washington University, Washington, D.C.
University of Maryland, College Park, MD
Copies of Degrees and diplomas not readily available

Kathleen Mickle-Askin:
Newark Senior High School (diploma not available)
University of Delaware (B.A. 1974 – Sociology)
University of Delaware (M.C. 1978 – Masters in Counseling)
Wilmington College: Statistics, School Guidance
Training is extensive:
Modelnetics, Duke Executive Leadership Program, Zenger Miller FrontLine Leadership Certification, Training for Trainers (National Institute of Corrections – NIC), Advanced Training Design and Development (NIC), Training for Training Coordinators/Directors (NIC), Conferences – International Association for Correctional Training Personnel, American Personnel and Guidance, American Correctional Association, Mid Atlantic States Correctional Association, Supervisory Skills for Law Enforcement (University of Delaware), Summer Institute for Alcohol, Drugs, and Mental Health, Post Traumatic Stress, Hostage

- 8 -

Negotiation Training, Seamless Security (NIC), DACCUM Training (NIC), Other training spans a 30+ year career and are too numerous to list.

Louise Layton:
Lake Forest High Felton DE - 1980
Wilmington College, Dover DE - Bachelor of Arts in Behavioral Science 2001
Wilmington College, Certificate in Criminal Justice
Wilmington College, Certificate in Training and Development
Certificates of Training:
See attached.

Ronald Sauls:

Alison Stevens:
1979-1983
Milford Senior High School
N.E. 10th Street
Milford DE 19963
(302) 422-1610
Diploma Received

1985- 1990
Delaware Technical & Community College
Owens Campus
Route 18
Georgetown DE 19947
(302) 856-5400
AA – Human Services

I have attended numerous training seminars during the course of my 23+ years of state employment.

Donna Watson:
Raritan High School, Hazlet, NJ
Delaware Technical and Community College
University of Delaware
Wilmington College

Annette Franze:
Please refer to general objections.

Nicole Shuler:
Middletown High School, Middletown DE 19709, Diploma

Delaware Technical and Community College, Dover DE, Associates Degree

- 9 -

Bachelors in Behavioral Science, Wilmington College, New Castle, DE
Wilmington College, Masters Degree, Administration in Justice, New Castle DE

12.    *List in chronological order all documented training you ever received in the
       following areas and provide documentation for same.*

   *A. Labor Law*
   *B. Title VII*
   *C. Constitutional Law/Rights*
   *D. Sexual Harassment*
   *E. Discrimination*
   *F. Unsafe work environment*
   *G. Wrongful Discharge*
   *H. Covenant of good faith and fair dealing*
   *I. Contracts (employment related)*
   *J. Americans With Disabilities Act*
   *K. Department of Correction Code of Conduct*
   *L. Executive order #10 and #19*
   *M. Principles and Beliefs*
   *N. Management principles for the workplace*
   *O. Sexual Harassment Prevention*
   *P. Affirmative Action*
   *Q. Workplace bullying*
   **RESPONSE:**

   Ruth Ann Minner:
   Please refer to response to No. 1.

   Stanley Taylor:
   I do not recall.

   Alan Machtinger:
   See attached training record

   Kathleen Mickle-Askin:
   A. Labor Law
   B. Title VII
   C. Constitutional Law/Rights
   D. Sexual Harassment – **Refresher Training – January 2007**
   E. Discrimination
   F. Unsafe work environment
   G. Wrongful Discharge
   H. Covenant of good faith and fair dealing
   I. Contracts (employment related)–**Briefings on new contracts within the Dept.**
   J. Americans With Disabilities Act

- 10 -

K. Department of Correction Code of Conduct
L. Executive order #10 and #19- **signed at time of employment**
M. Principles and Beliefs
N. Management principles for the workplace
O. Sexual Harassment Prevention- **Refresher training in January of 2007**
P. Affirmative Action
Q. Workplace bullying- **Workplace Violence Workshop**

Louise Layton:
Upon promotion with the department I attended a supervisor symposium that included Sexual Harassment. Constitutional Law was one of my courses in college. As a new hire with DOC I received Sexual Harassment training in Basic training as well as refresher training on this topic several times during my career with the department, the most recent I believe was attended last year. Code of conduct was also taught during my basic training with DOC.

Ronald Sauls:


Alison Stevens:
Refer to answer in Question #11.

Donna Watson:
n, a, i, f, b, d, j, p, k

Annette Franze:
Please refer to general objections.

Nicole Shuler:
I cannot recall exact trainings. Some training may have also been obtained from college courses.


13.  List in chronological order, all documented training you ever received in supervising and/or counseling employees under your authority and control. Please attach documentation of same.
     **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
Refer to response to No. 12.

Alan Machtinger:
See attached training record

Kathleen Mickle-Askin:
Principles of Supervision (graduate level course while in graduate school, Masters in Counseling – University of Delaware)
Supervisory Skill for Law Enforcement (University of Delaware)
Front Line Leadership – Instructor level

Documentation no longer available without contracting sources

Louise Layton:
Coaching and Counseling
Frontline Leadership
Writing State Employee Performance plans and reviews training.

Ronald Sauls:


Alison Stevens:
Refer to response to No. 11.

Donna Watson:
Management Supervision, Principles of Management, Supervision Studies, Supervisory Management (Instructor)

Annette Franze:
Please refer to general objections.

Nicole Shuler:
I cannot recall specific training. Some training may have also been obtained from college courses.

14.    *List, in chronological order, all documented training you have ever received in how to embarrass, humiliate, intimidate, belittle, demoralize, threaten, or be hostile towards a fellow employee or cadets you supervise.*
**RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
None

Alan Machtinger:
N/A

Kathleen Mickle-Askin:
None

Louise Layton:
N/A

Ronald Sauls:
None

Alison Stevens:
None.

Donna Watson:
None

Annette Franze:
None

Nicole Shuler:
N/A

15. *Based on what you know about this lawsuit right now, do you think the Plaintiff was treated with the same respect, dignity, and equality as his fellow cadets? If yes, explain how.*
   **RESPONSE:**

   Objection for all defendants, this question assumes facts that are not correct and asks for a legal opinion.

16. *Based upon what you know about this lawsuit right now, do you think written policies were violated by instructors or fellow cadets during BOTC class number one training. If yes, please explain all violations based upon your observations, experience, and knowledge of company written policies.*
   **RESPONSE:**

   Objection for all defendants, this question assumes facts that are not correct and asks for a legal opinion.

17. *Based upon your knowledge and experience with state employment and/or the Department of Correction, does the Department of Correction have a custom, pattern, practice, or "unwritten policy" of discrimination, harassment, sexual harassment, retaliation, or violating an employee, citizens, or prisoner's civil rights?*

**RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
No

Alan Machtinger:
No

Kathleen Mickle-Askin:
No

Louise Layton:
No

Ronald Sauls:
No

Alison Stevens:
No

Donna Watson:
No

Annette Franze:
No

Nicole Shuler:
No.

18.     If you could "redo" the events of BOTC Class #1, what would you do, not do, or
        change.
        **RESPONSE:**

        Objection for all defendants, this question that request the defendant speculate on
        facts and the future.

19.     Do you believe your employer has made a concerted effort to increase the hiring,
        training, and retention of women and minorities since January 1, 2001?  If so,
        what class of people do these policies and practices adversely effect?
        **RESPONSE:**

- 14 -

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
DOC is an equal opportunity employer and to my knowledge our employment practices have not adversely affected anyone.

Alan Machtinger:
The Delaware DOC does not discriminate in hiring, training or retention of any application or employee

Kathleen Mickle-Askin:
I am not aware of the concerted effort and any adverse impact

Louise Layton:
I believe that DOC hiring practices are fair and equal.

Ronald Sauls:
N/A

Alison Stevens:
To the best of my knowledge, the Department of Correction is an equal opportunity employer.

Donna Watson:
I am not aware of who is targeted for recruitment. I know that we hire men, women, and minorities.

Annette Franze:
Yes. None of the policies adversely affect anyone.

Nicole Shuler:
I believe my employer has made an effort to hire and retain a diverse population.

20. As a result of the events of BOTC Class #1, were there any changes made to the curriculum, syllabus, lesson plans, instructors, etc. If yes, what has changed?
**RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1/

Stanley Taylor:
Not that I am aware of

Alan Machtinger:
No changes required as a result of BOTC Class #1. No changes made as a result of BOTC Class #1.

Kathleen Mickle-Askin:
No changes were made as result of BOTC Class #1

Louise Layton:
There has been no changes as a result of the BOTC 1.

Ronald Sauls:
Correctional officers training is now part of the BOTC

Alison Stevens:
I have no knowledge of this.

Donna Watson:
I have no knowledge of this.

Annette Franze:
I have no knowledge of this.

Nicole Shuler:
Changes to all of the above are ongoing and continuous, and to my knowledge no changes to the above were made "as a result" of BOTC Class #1

21. *List all Department of Correction cadets you know of over the last 7 years who were disciplined for 1) attacking an instructor during boxing training 2) sexual harassment 3) harassment 4) telling lewd jokes or, 5) bullying.*
    **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
I do not know.

Alan Machtinger:
Information is not retained in manner that would allow a response to the question as poised.

Kathleen Mickle-Askin:
EDC has a process to address individual performance and behaviors that occur during training. This has been used since the early 80's with slight modification. We deal with issues as they arise, provide corrective feedback, and use progress

approaches to discipline up to recommending separation from training. We do not keep statistics or data by performance or behavioral categories.

Louise Layton:
This list was submitted by HR and would be the same list for me.

Ronald Sauls:
HR has prepared a list

Alison Stevens:
I have no knowledge of this.

Donna Watson:
I have no knowledge of this.

Annette Franze:
I have no knowledge of this.

Nicole Shuler:
I am aware of individuals that were disciplined for the above, but cannot recall the names, dates, specifics, or outcome.

22. *List all Department of Correction cadets who were disciplined over the last 7 years for 1) failing to follow directions 2) inappropriate attitude or, 3) giving disrespectful responses to an instructor.*
**RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
I do not know

Alan Machtinger:
Please refer to prior response.

Kathleen Mickle-Askin:
Please refer to prior response.

Louise Layton:
Please refer to prior response.

Ronald Sauls:
Please refer to prior response.

Alison Stevens:
Please refer to prior response.

Donna Watson:
Please refer to prior response.

Annette Franze:
Please refer to prior response.

Nicole Shuler:
Please refer to prior response.

23.   *What is your understanding of the Department of Corrections written policy or practice regarding accessing an employee personnel file? **If** you requested access to your personnel file, explain how you gained access.*
      **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No.1.

Stanley Taylor:
Refer to Alan Machtinger

Alan Machtinger:
Any active employee is authorized to access their personnel file simply by walking into Human Resources and asking or by making an appointment. Terminated employees are not authorized access.

Kathleen Mickle-Askin:
I make a request to HR to see my personnel file, I may look at my file in the HR unit.

Louise Layton:
If I want access to my file…I would contact HR make arrangements to come to HR Dept.. They would provide me with my file and a place to review it.

Ronald Sauls:
I would contact HR

Alison Stevens:
I would refer to the Department of Correction Policy Manual.

Donna Watson:
I would go to the Human Resources Office

Annette Franze:
I would go to the Human Resources Office

Nicole Shuler:
Contact Human Resources and request to review it.


24.    *What documented training have you had specific to instruct, supervise, or administer Department of Correction academy training. Please attach documentation.*
    **RESPONSE:**

Ruth Ann Minner:
Please refer to response to No. 1.

Stanley Taylor:
None

Alan Machtinger:
N/A

Kathleen Mickle-Askin:
See response to No. 14; include the State Budgeting and Accounting Course.

Louise Layton:
National Institute of Corrections:    Training for Trainers, Conducting Needs Assessment, Leadership for Women, Foundation Skills for trainers, Wilmington College Training and Development Certificate.

Ronald Sauls:
My training record

Alison Stevens:
Refer to response to No. 11.

Donna Watson:
Completed CEIT course and BOTC course.    Received training at instructor level for Fire Safety, CPR/First Aid, Munitions, Inter-Personal Communications, Firearms Safety, Front Line Leadership, Institutional Field Training Office Program Development

Annette Franze:
Please refer to responses to No. 11

Nicole Shuler:
Please refer to responses to Nos. 11 and 12.

25.    *Name all people who assisted you in answering these interrogatories.*
       **RESPONSE:**

Objections were stated by counsel in accordance with the Federal Rules of Civil Procedure.

Ruth Ann Minner:
Counsel stated the objections.

Stanley Taylor:
None

Alan Machtinger:
None

Kathleen Mickle-Askin:
I received advice from my attorney, Marc Niedzielski

Louise Layton:
N/A

Ronald Sauls:
None

Alison Stevens:
None.

Donna Watson:
None

Annette Franze:
None

Nicole Shuler:
I received assistance from Jennifer Mitchell, who is my attorney's paralegal.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: May 31, 2007

- 21 -

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: May 31, 2007

**Discovery Documents**

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Niedzielski, Marc on 5/31/2007 at 2:07 PM EDT and filed on 5/31/2007
**Case Name:**        Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**    1:06-cv-263
**Filer:**                   State of Delaware Department of Corrections
                              Alan Machtinger
                              Stanley Taylor
                              Ruth Ann Minner
                              Kathleen Mickle-Askin
                              Louise Layton
                              Ronald Sauls
                              Alison Stevens
                              Donna Watson
                              Annette Franze
                              Nichole Shuler
**Document Number:** 52

**Docket Text:**
ANSWER to Interrogatories from Plaintiff by Alison Stevens, Donna Watson, Annette Franze, Nichole Shuler, Ruth
Ann Minner, State of Delaware Department of Corrections, Stanley Taylor, Alan Machtinger, Kathleen Mickle-Askin,
Louise Layton, Ronald Sauls.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Rick E. Sminkey
402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
STAMP dcecfStamp_ID=1079733196 [Date=5/31/2007] [FileNumber=395816-0]

d163da6e7d699f4337432cc9904d632fdcbe4549bbe618b6c3431b02719b03b70e27
733cf8b925888fa7b249400135d43e4f92467c44ce57275a3c4dfd30b81]]

*C A 0 6 - 263 ж жо*

EXHIBIT # 3
October 9, 2007

FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
RESPONSE



RECEIVED

OCT 1 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se                          :
                                                 :
     Plaintiff,                              :        C.A. No. 06-263***
                                                 :
STATE OF DELAWARE, et al.,                       :        .
                                                 :
     Defendants                              :

### DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS

General Objection: Defendants object to these requests are they seek information

that is beyond the scope of Rule 26 and are not calculated to lead to admissible evidence.

Without waiving this objection, defendants respond as follows:

1)    *Provide a complete copy of all written documents listed below that were in effect
on 2/25/2005.*

    *a) Department of Correction Code Of Conduct.*
    *b) Department of Correction Employee Handbook.*
    *c) Beliefs and Principles (dated 9/10/2002).*
    *d) Management Principles for the workplace (dated 12/18/2002).*
    *e) Policy on sexual harassment prevention (dated 12/1812002).*
    *f) Career development mentoring program.*
    *g) Guidelines on Equal Employment opportunity and affirmative action.*
    *h) Workplace violence policy.*
    *i) Reasonable accommodation guidelines and recommended procedure.*
    *j) Drug Free work place.*
    *k) Employee file guidelines.*
    *1) Human Resources procedure manual.*
    *m) Workforce planning guide.*
    *n) Job descriptions for all defendants.*
    *0) Workplace bullying policy.*

### Response:

**a)**    Attached as D0000001-16

**b) Department of Correction Employee Handbook:**
    http://www.doc.delaware.gov/edc/DOCmanual_new.pdf

**c) Beliefs and Principles (dated 9/10/2002)**
http://www.delawarepersonnel.com/policies/beliefs_princ.shtml

**d) Management Principles for the workplace (dated 12/18/2002).**
http://www.delawarepersonnel.com/policies/manage_princ.shtml

**e) Policy on sexual harassment prevention (dated 12/1812002).**
http://www.delawarepersonnel.com/policies/sex_harassment.shtml

**f) Career development mentoring program.**
http://delawarepersonnel.com/diversity/documents/mentor.shtml

**g) Guidelines on Equal Employment opportunity and affirmative action.**
http://delawarepersonnel.com/diversity/documents/guide.pdf

**h) Workplace violence policy.**
http://www.delawarepersonnel.com/policies/docs/workplace_violence.pdf

**i) Reasonable accommodation guidelines and recommended procedure.**
http://www.delawarepersonnel.com/policies/docs/ada_guidelines_092006.pdf

**j) Drug Free work place.**
http://www.delawarepersonnel.com/policies/docs/drugfreeworkplace.pdf

**k) Employee file guidelines.**
http://delawarepersonnel.com/policies/docs/personnelfiles_06.pdf

**1) Human Resources procedure manual.**
http://www.delawarepersonnel.com/policies/docs/hr_procedures_manual_032807.pdf

**m) Workforce planning guide:**
http://www.delawarepersonnel.com/workforce/docs/WorkPlanGuide.pdf

**n) Job descriptions for all defendants.**
See attached as D0000017-39

**0) Workplace bullying policy.**
No responsive documents to this request.


2)    *Provide a complete copy of all written documents listed above in effect on 4/30/2007.*

**Response:**    Please refer to same web sites for the above subjects.

3)    *Provide a complete copy of all consent decrees signed with the United States government involving the Delaware State Police and the Department of Correction over the last 7 years.*

**Response:**    Defendants are not in possession of documents that are responsive to this

request.

4)    *Provide a complete copy of Executive Orders # 1 0, 19 and 81.*

**Response:**    refer to    http://governor.delaware.gov/orders/eo-10shtml#TopOfPage   ;
http://governor.delaware.gov/orders/eo-19html#TopOfPage              ;              and,
http://governor.delaware.gov/orders/executiveorderno81.shtml#TopOfPage .

5)    *Provide a complete copy of "Review of the Delaware State Police" dated December 1, 2001 authorized by Lisa Blunt-Bradley.*

**Response:**    refer    to    http://www.delawarepersonnel.com/diversity/documents/dsp-report.pdf

6)    *Provide a complete copy of "Final Report of the task force on security issues at the Delaware Correctional Center" dated 2/14/2005.*

**Response:**    refer to http://governor.delaware.gov/dccreport.shtml

7)    *Provide a complete copy of the "Hostage Incident at the Delaware Correctional Center" dated 2/7/2005.*

**Response:**    refer to http://governor.delaware.gov/dccreport.shtml

8)    *Provide a complete copy of the BOTC training program curriculum, syllabus and lesson plan for BOTC class #1 from 2/25/2005 - 4/29/2005.*

**Response:**    See attached documents

9)    *Provide a complete copy of the BOTC training program curriculum, lesson plan, and syllabus for the last class completed of probation and parole officer cadets.*

**Response:**    See attached documents

10)    *Provide a complete copy of all handwritten notes (by any source) during BOTC training class #1 (from 2/25/2005 - 4/29/2005).*

**Response:** See attached documents

11)    *Provide a complete copy of all bac' s issued to any cadet who participated in probation and parole training or correctional officer training from 1/1/2000 thru 4/30/2007.*

**Response:**    Refer to general objection. In addition, the information requested would

require an improper invasion of privacy on individuals that are not parties to this lawsuit.

12)    *Provide a complete copy of all medical, hospital, workers compensation, or injury reports authorized as a result of a cadet seeking medical attention while in probation and parole or correctional officer training from 1/1/2000 thru 4/30/2007.*

**Response:** Please refer to prior response. In addition, the information sought is private

medical information that is protected under state and federal law.

13)    *Provide a complete copy of all dismissal letters issued to DOC cadets who were terminated prior to the completion of training from 1/1/2000 thru 4/30/2007.*

**Response:** Please refer to response to No. 11. Without waiving theses objection, a

sample letter of dismissal, and plaintiff's dismissal letter are attached at D000096-98.

14)    *Provide a complete listing of the race, age, and sex of every department of correction cadet that was involuntarily terminated while attending training*

**Response:**    See attached D000099-102

15)    Provide a curriculum vitae for every person named as defendant in this suit.
**Response:**    These documents, if they exist, may be produced after receipt and review.

16)    *Provide a complete copy of licenses, certifications, training certificates, seminars attended, or degrees relevant to law enforcement or teaching.*

**Response:**    Please refer to general objections.

17)    *Provide a complete copy of all course evaluations (authorized by cadets) requested by the department for all cadets who completed probation and parole training from 1/1/2000 thru 4/30/2007.*

**Response:**    Please refer to response to No. 11.

18)    *Provide a complete copy of all class/cadet sign in sheets for every day of cadet training from 1/1/2000 thru 4/30/2007.*

**Response:**    Refer to general objection. In addition, the information requested would require an improper invasion of privacy on individuals that are not parties to this lawsuit.

19)    *Provide a complete copy of any document written about Plaintiff by any source.*

**Response:**    Refer to general objection. In addition, the request is vague and ambiguous and is not propounded in accord with the Rules.    Moreover, this request seeks information that may be protected under attorney-client or work product privilege.

20)    *Provide a complete copy of all written disciplinary or progressive disciplinary policies in affect from 1/1/2007 thru 4/30/2007 specific to the employee development center.*

**Response:**    See attached D000103-122

21)    *Provide a complete copy of all rules and regulations in affect at the employee development center from 1/1/2000 thru 4/30/2007.*

**Response:**    See attached D000123-148.

22)    *Provide a complete copy of both bac's issued to Plaintiff while attending training as well as Plaintiff s responses.*

**Response:**    See attached D000153-170.

23)     *A complete copy of state law with regard to access to personnel files and a complete copy of written policy regarding access to personnel files.*

**Response:**     See attached D000149-152.

24)     *A complete copy of state law regarding maintaining a safe work environment and written policy regarding same.*

**Response:**     Please refer to general objections.

25)     *A complete copy of everything in my personnel file, medical file, including, but not limited to, background investigation, psychological evaluation, etc.*

**Response:**     As to plaintiff background investigation, please see attached D000171-238. As to the balance of these requests, after receipt and review defendants may supplement this response.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: May 31, 2007

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA 19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: May 31, 2007

## Discovery Documents

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 5/31/2007 at 2:08 PM EDT and filed on 5/31/2007

| | |
|---|---|
| **Case Name:** | Sminkey v. State of Delaware Department of Corrections et al |
| **Case Number:** | 1:06-cv-263 |
| **Filer:** | State of Delaware Department of Corrections |
| | Alan Machtinger |
| | Stanley Taylor |
| | Ruth Ann Minner |
| | Kathleen Mickle-Askin |
| | Louise Layton |
| | Ronald Sauls |
| | Alison Stevens |
| | Donna Watson |
| | Annette Franze |
| | Nichole Shuler |

**Document Number:** 53

**Docket Text:**

RESPONSE to Discovery Request from Plaintiff by Alison Stevens, Donna Watson, Annette Franze, Nichole Shuler, Ruth Ann Minner, State of Delaware Department of Corrections, Stanley Taylor, Alan Machtinger, Kathleen Mickle-Askin, Louise Layton, Ronald Sauls.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
5402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
STAMP dcecfStamp_ID=1079733196 [Date=5/31/2007] [FileNumber=395825-0]

[a9fd991205c97c2a2ed34104530af6e0cedbe3e089a3af2c65ec3d44a3fcd6e99840
5dc17f00e06104f3048639011b57f663407e322d7c714124510c150af949]]

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se           :
                                   :

        Plaintiff,             :       C.A. No. 06-263***
                                   :

STATE OF DELAWARE, et al.,      :
                                   :

        Defendants           :

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

25)    *A complete copy of everything in my personnel file, medical file, including, but not limited to, background investigation, psychological evaluation, etc.*

**Response:**    Please see attached D000239-501.

                                  STATE OF DELAWARE
                                  DEPARTMENT OF JUSTICE

                                  /s/ Marc P. Niedzielski
                                  Marc P. Niedzielski (#2616)
                                  Deputy Attorney General
                                  820 North French Street, 6th Floor
                                  Wilmington, DE 19801
                                  (302) 577-8400
                                  Attorney for Defendants

DATED: July 12, 2007

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: July 12, 2007

**Discovery Documents**

1:06-cv-00263-*** Sminkey v. State of Delaware Department of Corrections et al

PaperDocuments

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Niedzielski, Marc on 7/12/2007 at 1:45 PM EDT and filed on 7/12/2007

| | |
|---|---|
| **Case Name:** | Sminkey v. State of Delaware Department of Corrections et al |
| **Case Number:** | 1:06-cv-263 |
| **Filer:** | State of Delaware Department of Corrections |
| | Alan Machtinger |
| | Stanley Taylor |
| | Ruth Ann Minner |
| | Kathleen Mickle-Askin |
| | Louise Layton |
| | Ronald Sauls |
| | Alison Stevens |
| | Donna Watson |
| | Annette Franze |
| | Nichole Shuler |

**Document Number:** 55

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by Alison Stevens, Donna Watson, Annette Franze, Nichole Shuler, Ruth Ann Minner, State of Delaware Department of Corrections, Stanley Taylor, Alan Machtinger, Kathleen Mickle-Askin, Louise Layton, Ronald Sauls.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
STAMP dcecfStamp_ID=1079733196 [Date=7/12/2007] [FileNumber=414241-0]
1f461e129b42b1be26f931a31760f16a95a13f322b17a85a0c9c1c822a8ace0b14aa

·8131b6f88424fb34e83fce5caa32725434f8acc15e31b966617a0a62ffc]]

EXHIBIT # 3 A
October 9, 2007

SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS



RECEIVED

OCT 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se      :
      :
    Plaintiff,       :
      :    C.A. No. 06-263***
STATE OF DELAWARE, et al.,   :
      :
    Defendants    :

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE OF DELAWARE/DEPARTMENT OF CORRECTION

1) Provide a complete copy of all written documents listed below that were in effect on 2/25/2005.

    a)    Department of Correction Employee Handbook.
    b)    Beliefs and Principles (dated 9/10/2002).
    c)    Management Principles for the workplace (dated 12/18/2002).
    d)    Policy on sexual harassment prevention (dated 12/18/2002).
    e)    Career development mentoring program.
    f)    Guidelines on Equal Employment opportunity and affirmative action.
    g)    Workplace violence policy.
    h)    Reasonable accommodation guidelines and recommended procedure.
    i)    Drug Free work place.
    j)    Employee file guidelines.
    k)    Human Resources procedure manual.
    l)    Workforce planning guide.
    m)    Job descriptions for all defendants.
    n)    Workplace bullying policy.

2) Provide a complete copy of all written documents listed above in effect on 4/30/2007.

3) Provide a complete copy of all consent decrees signed with the United States government involving the Delaware State Police and the Department of Correction over the last 7 years.

4) Provide a complete copy of Executive Orders #10, 19 and 81.

5) Provide a complete copy of "Review of the Delaware State Police" dated December 1, 2001 authorized by Lisa Blunt-Bradley.

6)   Provide a complete copy of "Final Report of the task force on security issues at the Delaware Correctional Center" dated 2/14/2005.

7)   Provide a complete copy of the "Hostage Incident at the Delaware Correctional Center" dated 2/7/2005.

8)   Provide a complete copy of all bac's issued to any cadet who participated in probation and parole training or correctional officer training from 1/1/2000 thru 4/30/2007.

9)   Provide a complete copy of all medical, hospital, workers compensation, or injury reports authorized as a result of a cadet seeking medical attention while in probation and parole or correctional officer training from 1/1/2000 thru 4/30/2007.

10)   Provide a complete copy of all dismissal letters issued to DOC cadets who were terminated prior to the completion of training from 1/1/2000 thru 4/30/2007.

11)   Provide a complete listing of the race, age, and sex of every department of correction cadet that was involuntarily terminated while attending training.

12)   Provide a curriculum vitae for every person named as defendant in this suit.

13)   Provide a complete copy of licenses, certifications, training certificates, seminars attended, or degrees relevant to law enforcement or teaching.

14)   Provide a complete copy of all course evaluations (authorized by cadets) requested by the department for all cadets who completed probation and parole training from 1/1/2000 thru 4/30/2007.

15)   Provide a complete copy of all class/cadet sign in sheets for every day of cadet training from 1/1/2000 thru 4/30/2007.

16)   A complete copy of state law with regard to access to personnel files and a complete copy of written policy regarding access to personnel files.

17) A complete copy of state law regarding maintaining a safe work environment and written policy regarding same.

18) A complete copy of the State of Delaware Department of Correction Action plan (dated April 30, 2007)

19) Human Resource Procedures Manual (date March 2005 and march 2007)

20) Users Guide for Merit System Hiring In the State of Delaware dated July 2007)

21) A summary of the State of Delaware Workforce for Fiscal Years 2000 through 2006

22) A copy of the law regarding "Handicapped Persons Employment protections"

23) A copy of the law "Discrimination in Employment" (T-19 Sec. 710)

24) Provide a list by GENDER of all state employees for each year of the last 7 years beginning July 1, 2000 through July 1st 2007.

25) Provide a list by ETHNICITY of all state employees for each year of the last 7 years beginning July 1, 2000 through July 1, 2007.

Dated: August 11, 2007

Jack E. Sminkey, Ph.D.
3402 Edgmont Avenue #333
Brookhaven, PA 19015
(610) 620-3670
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by regular U.S. of Plaintiff's second request for production of documents to Defendant State of Delaware/Department of Correction:

Marc P. Niedzielski, Esquire
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801

Jack Sminkey, Ph.D.
Plaintiff, Pro Se
3402 Edgmont Avenue #333
Brookhaven, PA 19015
(610) 620-3670

Dated: August 11, 2007

EXHIBIT # 3 B
October 9, 2007

SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
RESPONSE

*Received by*
*US Mail 10/1/2007*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

JACK E. SMINKEY, Pro se         :

      Plaintiff,           :

                       :

                       :       C.A. No. 06-263***

                       :

STATE OF DELAWARE, et al.,     :

                       :

      Defendants.         :

## DEFENDANT STATE OF DELAWARE/DEPARTMENT OF CORRECTION'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

✓  **1)**    **Provide a complete copy of all written documents listed below that were in effect on 2/25/2005.**
      **RESPONSE:**

      Documents not included in enclosure can be found on the following state web sites -

      **a) Department of Correction Employee Handbook:**
          http://www.doc.delaware.gov/edc/DOCmanual_new.pdf

      **b) Beliefs and Principles (dated 9/10/2002)**
          http://www.delawarepersonnel.com/policies/beliefs_princ.shtml

      **c) Management Principles for the workplace (dated 12/18/2002).**
          http://www.delawarepersonnel.com/policies/manage_princ.shtml

      **d) Policy on sexual harassment prevention (dated 12/1812002).**
          http://www.delawarepersonnel.com/policies/sex_harassment.shtml

      **e) Career development mentoring program.**
          http://delawarepersonnel.com/diversity/documents/mentor.shtml

      **f) Guidelines on Equal Employment opportunity and affirmative action.**
          http://delawarepersonnel.com/diversity/documents/guide.pdf

      **g) Workplace violence policy.**
          http://www.delawarepersonnel.com/policies/docs/workplace_violence.pdf

**h) Reasonable accommodation guidelines and recommended procedure.**
http://www.delawarepersonnel.com/policies/docs/ada_guidelines_092006.pdf

**i) Drug Free work place.**
http://www.delawarepersonnel.com/policies/docs/drugfreeworkplace.pdf

**j) Employee file guidelines.**
http://delawarepersonnel.com/policies/docs/personnelfiles_06.pdf

**k) Human Resources procedure manual.**
http://www.delawarepersonnel.com/policies/docs/hr_procedures_manual_032807.pdf

**l) Workforce planning guide:**
http://www.delawarepersonnel.com/workforce/docs/WorkPlanGuide.pdf

**m) Job descriptions for all defendants.**
Already provided in first request for production. See D000017 -- D000039.

**n) Workplace bullying policy.**
See response to #1(n) of Plaintiff's First Request for Production of Documents.

**2) Provide a complete copy of all written documents listed above in effect on 4/30/2007.**
**RESPONSE:**

See same web sites listed for above subjects.

**3) Provide a complete copy of all consent decrees signed with the United States government involving the Delaware State Police and the Department of Correction over the last 7 years.**
**RESPONSE:**

See response to #3 of Plaintiff's First Request for Production of Documents.

**4) Provide a complete copy of Executive Orders # 10, 19 and 81.**
**RESPONSE:**

http://governor.delaware.gov/orders/eo_10.shtml#TopOfPage
http://governor.delaware.gov/orders/eo_19.shtml#TopOfPage
http://governor.delaware.gov/orders/executiveorderno81.shtml#TopOfPage

✓  5)    **Provide a complete copy of "Review of the Delaware State Police" dated December 1, 2001 authorized by Lisa Blunt-Bradley.**
         **RESPONSE:**

         http://www.delawarepersonnel.com/diversity/documents/dsp_report.pdf

6)       **Provide a complete copy of "Final Report of the task force on security issues at the Delaware Correctional Center" dated 2/14/2005.**
         **RESPONSE:**

         http://governor.delaware.gov/dccreport.shtml

✓  7)    **Provide a complete copy of the "Hostage Incident at the Delaware Correctional Center" dated 2/7/2005.**
         **RESPONSE:**

         http://governor.delaware.gov/dccreport.shtml

8)       **Provide a complete copy of all bac's issued to any cadet who participated in**
✓        **probation and parole training or correctional officer training from 1/1/2000 thru 4/30/2007.**
         **RESPONSE:**

                 See response to #11 of Plaintiff's First Request for Production of Documents.

N/A

✓  9)    **Provide a complete copy of all medical, hospital, workers compensation, or injury reports authorized as a result of a cadet seeking medical attention while in probation and parole or correctional officer training from 1/1/2000 thru 4/30/2007.**
         **RESPONSE:**

                 See response to #12 of Plaintiff's First Request for Production of Documents.

✓  10)   **Provide a complete copy of all dismissal letters issued to DOC cadets who were terminated prior to the completion of training from 1/1/2000 thru 4/30/2007.**
         **RESPONSE:**

                 See response to #13 of Plaintiff's First Request for Production of Documents.

11) **Provide a complete listing of the race, age, and sex of every department of correction cadet that was involuntarily terminated while attending training. RESPONSE:**

> See response to #14 of Plaintiff's First Request for Production of Documents.

12) **Provide a curriculum vitae for every person named as defendant in this suit. RESPONSE:**

> Resume of Nicole Shuler attached as D000821 – D000825.

13) **Provide a complete copy of licenses, certifications, training certificates, seminars attended, or degrees relevant to law enforcement or teaching. RESPONSE:**

> See response to #16 of Plaintiff's First Request for Production of Documents.

14) **Provide a complete copy of all course evaluations (authorized by cadets) requested by the department for all cadets who completed probation and parole training from 1/1/2000 thru 4/30/2007. RESPONSE:**

> See response to #17 of Plaintiff's First Request for Production of Documents.

15) **Provide a complete copy of all class/cadet sign in sheets for every day of cadet training from 1/1/2000 thru 4/30/2007. RESPONSE:**

> See response to #18 of Plaintiff's First Request for Production of Documents.

16) **A complete copy of state law with regard to access to personnel files and a complete copy of written policy regarding access to personnel files. RESPONSE:**

> See response to #23 of Plaintiff's First Request for Production of Documents.

17) **A complete copy of state law regarding maintaining a safe work environment and written policy regarding same. RESPONSE:**

See response to #24 of Plaintiff's First Request for Production of Documents.

18)     **A complete copy of the State of Delaware Department of Correction Action Plan (dated April 30, 2007).**
        **RESPONSE:**

Objection. Ambiguous. It is unknown what action plan Plaintiff is referring to.

19)     **Human Resources procedure manual.**
        **RESPONSE:**

http://www.delawarepersonnel.com/policies/docs/hr_procedures_manual_032807.pdf

20.     **User Guide for Merit System Hiring in the State of Delaware dated July 2007.**
        **RESPONSE:**

http://www.delawarepersonnel.com/hrmrepdata/documents/del/hiring_user_guide.pdf

21.     **A summary of the State of Delaware Workforce for Fiscal Years 2000 through 2006.**
        **RESPONSE:**

Objection. Ambiguous. It is unknown what information Plaintiff is asking for.

22.     **A copy of the law regarding "Handicapped Persons Employment Protections."**
        **RESPONSE:**

http://delcode.delaware.gov/title19/c007/sc03/index.shtml

23.     **A copy of the "Discrimination in Employment" (T-19 Sec. 710)**
        **RESPONSE:**

http://delcode.delaware.gov/title19/c007/sc02/index.shtml

24.     **Provide a list by GENDER of all state employees for each year of the last 7 years beginning July 1, 2000 through July 1, 2007.**
        **RESPONSE:**

Objection. This request is unduly burdensome. Furthermore it is beyond the scope of discovery under Rule 26 and is not reasonably calculated to lead to the discovery of admissible evidence.

✓ **25.**    **Provide a list by ETHNICITY of all state employees for each year of the last 7 years beginning July 1, 2000 through Jul 1, 2007.**
**RESPONSE:**

Objection. This request is unduly burdensome. Furthermore it is beyond the scope of discovery under Rule 26 and is not reasonably calculated to lead to the discovery of admissible evidence.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATED: September 28, 2007

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

/s/ Marc P. Niedzielski
Marc P. Niedzielski (2616)
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: September 28, 2007

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 9/28/2007 at 3:53 PM EDT and filed on 9/28/2007
**Case Name:** Sminkey v. State of Delaware Department of Corrections et al
**Case Number:** 1:06-cv-263
**Filer:** State of Delaware Department of Corrections
**Document Number:** 73

**Docket Text:**
RESPONSE to Discovery Request from Plaintiff by State of Delaware Department of Corrections.(Niedzielski, Marc)

**1:06-cv-263 Notice has been electronically mailed to:**

Marc P. Niedzielski   marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:06-cv-263 Notice has been delivered by other means to:**

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/28/2007] [FileNumber=451769-0]
[2363ee1b3d7c72daeab1c6480a70b4be635582e50dd12ad7b9c6c9e311efe05504c9
8bba56c641864e759a017cc9397e1cba88c05e489641582fe270dd491d5a]]

09/28/2007