JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

October 23, 2007

The Honorable Mary Pat Thynge
U.S. District Court
844 N. King Street
Lock Box 8
Wilmington, DE 19801

RE: **Sminkey v. DOC, et al.,** C.A. No. 06-263***

Dear Judge Thynge:

Please allow this to serve as defendants' discovery dispute letter that is responsive to plaintiff's motion to compel discovery. (D.I. 77) By the Court's Order, plaintiff's motion is to be treated as a discovery dispute letter in keeping with the Scheduling Order. (D.I. 79)

Defendants contend that due to the page limitations on discovery letters and the requirements of judicial economy, it may be beneficial to all parties to have the Court provide general guidance on the scope of discovery, and then the parties will be directed to meet and confer on the outstanding disputes. To place all these issues in the proper context, a brief description of this lawsuit may be helpful.

Plaintiff was hired as a probationary employee by the Department of Correction ["DOC"] for training as a Probation and Parole Officer ["P&P Officer"]. As the Court is aware, P & P Officers are armed law enforcement officers with the full powers of arrest and work under the direction of the state courts. Plaintiff started his Cadet training on February 25, 2005. On April 28, 2005, following a number of Behavioral Assessment Meetings and Reports by the training staff, plaintiff's employment with the DOC was terminated. Plaintiff subsequently filed suit claiming employment discrimination and some contract claims.

Thus far defendants have responded to two sets of discovery. Defendants have produced more than 800 pages of documents and hundreds more electronically in the form of CDs. Specifically, defendants have produced the

entire personnel file maintained by the DOC on plaintiff, including the background investigation. Defendants have produced the minutes of the BAC committee meeting and the BAC reports. Additionally, defendants have produced at plaintiff's request hundreds of pages of documents that are completely irrelevant.

With the above issues in mind, defendants believe that the following areas are beyond the scope of Rule 26 (absent a specific factual showing):

(a) The abduction and sexual assault of DOC employee by an offender in July 2004;

(b) The alleged personnel problems within the Delaware State Police;

(c) The potential personal assets of the individual defendants at this stage of litigation;

(d) The individual defendant's family and medical history including medicines prescribed for them;

(e) Personal information on named defendants that did not actually participate in any alleged wrongful conduct or whose participation was minimal such as signing a letter;

(f) The criminal or traffic violation history of individual defendants, other than felonies and crimes of dishonesty for purposes of credibility which may be asked at deposition;

(g) Any information sought against individuals regarding "Other Crimes, Wrongs or Acts" must be limited as set out in FRE 404(b); and,

(h) Any information regarding inmates within the custody of or other employees (not involved in plaintiff's training class) of the DOC.

Defendants believe that if the Court could provide guidance on the general scope of discovery, the parties can 'meet and confer' regarding specific discovery issues. If during the meet and confer session, plaintiff can provide counsel with reasons why a particular issue that appears to beyond the scope of discovery is discoverable in this case, counsel could resolve the dispute. Additionally, the Court's general guidance and the subsequent 'meet and confers' by the parties will allow both sides to adjust and refine their understanding of the issues and potentially lead to streamlining of the case.

Defendants thank the Court for its patience and look forward towards resolving the issues.

Respectfully submitted,

/s/ Marc P. Niedzielski
Deputy Attorney General

Cc: Jack E. Sminkey (via e-mail)