

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

November 13, 2007

The Honorable Mary Pat Thynge
U.S. District Court
844 N. King Street
Lock Box 8
Wilmington, DE 19801

    RE: <u>Sminkey v. DOC, et al.</u>, C.A. No. 06-263***

Dear Judge Thynge:

    Please allow this to serve as defendants' status report in anticipation of the teleconference scheduled for November 16, 2007 @ 8:30 am.

    Presently the parties are involved in paper discovery with some disputes. Pending before your Honor is plaintiff's discovery dispute to which defendant responded to on October 23, 2007. The next day, this counsel sent defendants' discovery dispute letter to plaintiff and asked that he supplement his discovery responses by November 7, 2007. (Defendants' October 24 Discovery Dispute Letter attached)

    The plaintiff has not responded nor has he requested more time to respond.

    Other than paper discovery, defendants will depose plaintiff and some other witnesses. It is anticipated that plaintiff will also depose a number of witnesses. I do not foresee any problem with completing discovery within the framework of the present scheduling order.

                                  Respectfully submitted,

                                  /s/ Marc P. Niedzielski
                                Deputy Attorney General

Cc: Jack E. Sminkey (via e-mail)



JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

October 24, 2007

Jack Sminkey, Ph.D.
3402 Edgemont Ave. #333
Brookhaven, PA 19015-2804

    *Re:*   **Sminkey v. State of Delaware, et al**, *C.A. 06-263-\*\*\**

Dear Mr. Sminkey:

    In a letter dated July 23, 2007, I asked you to have your responses to defendants' 1st set of discovery conform to the Local Rules. You will recall that I wrote:

> LR 26.1(c) requires a responding party restate the interrogatory (or request for production) and then state the response. I ask that you rewrite your responses to defendant's discovery to comply with the local rule.

For whatever reason, you have not done what I requested. I turn your attention to defendants' request for production:

    Request No. 4 asks you to produce: Any and all statements, in writing or oral, by any party or witness, in any form, relating to the incidents that form the basis of this lawsuit.

    You responded: "Will Provide"  Have you sent me anything?

    Request No. 5 asks you to produce: Any and all videotapes, audiotapes, or photographs taken by you that refers or relates to any claim or defense in the present matter.

    You responded with statements that do not make any sense. Do you have any of the items requested?

Request No. 6 asks you to produce: Any and all medical records or reports regarding the examination or treatment of plaintiff.

You responded: "'Unduly Burdensome'" etc. I am only asking you to produce medical records and reports in your possession. I am not asking you to acquire all such records.

Request No. 7 asks you to produce: Any and all documents or physical evidence that supports any claim of Plaintiff for damages of any nature.

You responded: "Same as question #1" (the response to Request No. 1 is "Objection: This question is over broad, vague and not likely to produce discoverable information or documents." This request asks you to produce any documents or tangible evidence that you will use to establish any damages that you claim. If you do not have such evidence, you should state that. Otherwise, you need to produce any evidence you intend to use to support your claims for damages.

Request No. 8 asks you to produce: Any and all applications for employment or self-employment for the last 7 years.

You responded: "Plaintiff does not have these documents." This request is seeking copies of any such materials. If you are telling me you do not have any copies, simply state that.

Request No. 9 asks you to produce: Any and all federal and State tax returns for the last 5 years.

You responded: "This question invades the privacy of my family. It is not reasonably calculated to lead to admissible evidence. Additionally, I claim spousal privilege since our tax returns are filed jointly and my wife is not a party to this litigation." Your tax returns and W-2 will provide evidence of your earning over the last 5 years and are signed under penalty of perjury. This evidence is directly related to your claims of any economic losses you are claiming. Spousal privilege does not apply, since is it documentary evidence and publicly filed. Please produce complete copies of your federal and state tax returns for the last 5 years.

Please produce a supplemental response with the above items by November 7, 2007. Thank you for your cooperation.

Sincerely,

/s/ Marc P. Niedzielski
Deputy Attorney General