**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

JACK E. SMINKEY,                          :
                                          :
      Plaintiff,                     :
                                          :
    v.                                :          C.A. No. 06-263-GMS
STATE OF DELAWARE, et al.,                :
                                          :
      Defendants.                    :


**<u>DEFENDANTS' OPENING BRIEF IN SUPPORT</u>**

**<u>OF SUMMARY JUDGMENT AND/OR DISMISSAL</u>**


**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8324


DATED: June 30, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. 3

NATURE AND STAGE OF THE PROCEEDINGS ............................................ 6

SUMMARY OF THE ARGUMENT .................................................................. 8

STATEMENT OF THE FACTS ......................................................................... 9

### ARGUMENT I.

DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON
PLAINTIFF'S CLAIMS UNDER THE ADA, ADEA, 42 USC §§ 1981,
1983 and 1985 AS THE CLAIMS ARE BARRED BY THE ELEVENTH
AMENDMENT OR OTHERWISE FAIL TO STATE A LEGAL CLAIM.......... 13

### ARGUMENT II.

TO THE EXTENT THAT PLAINTIFF HAS ASSERTED LAWFUL
CLAIMS, HE HAS FAILED TO PRODUCE EVIDENCE TO
ESTABLISH A PRIMA FACIE CASE TO SUPPORT SUCH CLAIMS ............ 20

### ARGUMENT III.

DEFENDANTS ARE ENTITLED TO DISMISSAL AS THE PLAINTIFF
FAILED TO PROPERLY SERVE THEM IN ACCORDANCE WITH
RULE 4 WHICH MEANS THERE IS A LACK OF PERSONAL
JURISDICTION OVER THE DEFENDANTS .................................................... 26

CONCLUSION .................................................................................................. 28

## TABLE OF AUTHORITIES

*Alden v. Maine*, 527 U.S. 706 (1999) ................................................................ 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..................................... 13

*Ayres v. Jacobs & Crumplar*, 99 F.3d 565 (3d Cir. 1996) ......................... 26, 27

*Board of Trustees v. Garrett*, 531 U.S. 356 (2001) ............................................. 15

*Brown v. Colonial Chevrolet Company*, 249 A.2d 439 (Del.Super. 1968)....................... 19

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)............................................. 13, 25

*City of Boerne v. Flores*, 521 U.S. 507 (1997)..................................................... 15

*Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir. 1995) ................................. 17

*Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d Cir.1996)................................ 18

*Edelman v. Jordan*, 415 U.S. 651 (1974) ........................................................... 16

*Federation of African American Contractors v. City of Oakland,*
    96 F.3d 1204 (9th Cir. 1996) ..................................................................... 17

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994)................................................... 22

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ..................................................... 25

*Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107 (3d Cir. 1996) ............. 14

*Jacobs v. City of Philadelphia,* 2004 WL 241507 (E.D. Pa. Jan. 29, 2004) ..................... 18

*Jett v. Dallas Independent School District,* 491 U.S. 701 (1989) ..................................... 17

*Johnson v. City of Fort Lauderdale,* 903 F.Supp. 1520 (S.D. Fla. 1995),
    *aff'd* 114 F.3d 1089 (11th Cir. 1997) ...................................................... 17

*Jones v. Wilmington*, 2004 WL 1534778 (D.Del. June 14, 2004)...................................... 22

*Kentucky v. Graham,* 473 U.S. 159 (1985) ......................................................... 16

*Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000) ..................................... 15

*Lavia v. Pennsylvania Department of Corrections*, 224 F.3d 190 (3d Cir. 2000) ............ 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ........................ 14

*McDonnell-Douglas v. Green*, 411 U.S. 792 (1973) .......................................................... 21

*Miles v. City of Philadelphia,* 1999 WL 274979 (E.D. Pa. May 5, 1999) ........................ 18

*Moore v. City of Philadelphia*, 461F.3d 331 (3d Cir. 2006) ............................................. 24

*Oaks v. City of Philadelphia,* 59 Fed.Appx. 502 (2003) ................................................... 17

*Oden v. Oktibbeha County, Miss.,* 246 F.3d 458 (5th Cir. 2001)...................................... 17

*Ostapowicz v. Johnson Bronze Co.,* 541 F2d 394 (3d Cir. 1976) .................................... 23

*Parker v. Gadow*, 893 A.2d 964 (Del. 2006) .................................................................... 17

*Robinson v. McCorkle*, 462 F.2d 111 (3d Cir.1972) ......................................................... 25

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)................................................ 15

*Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061 (3d Cir.1996),
     *cert. denied*, 521 U.S. 1129 (1997) .................................................................. 18, 22

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993) ................................................... 22

*Stewart v. Rutgers*, 120 F.3d 426 (3d Cir. 1999)............................................................... 24

*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981) ................................ 21

*United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*,
     463 U.S. 825 (1983) .............................................................................................. 25

*Valentin v. Philadelphia Gas Works,* 2004 WL 690805 (E.D. Pa March 29, 2004)....17-18

*Waldron v. SL Industries*, 56 F.3d 491 (3d Cir. 1995) ..................................................... 21

*Wallace v. Wood*, 753 A.2d 1175 (Del.Ch. 1999)............................................................. 19

*Will v. Michigan Department of State Police,* 491 U.S. 58 (1989)................................... 16

## STATUTES AND OTHER AUTHORITIES

U.S. CONST. art. I ........................................................................................... 15

U.S. CONST. amend. XI ........................................................................... *passim*

U.S. CONST. amend. XIV................................................................................. 15

29 U.S.C. §623 ................................................................................................ 16

42 U.S.C. § 1981 ........................................................................... 8, 15, 16, 17

42 U.S.C. § 1983 ..................................................................... 8, 15, 16, 17, 24

42 U.S.C. § 1985 ..................................................................8, 15-16, 17, 24, 25

42 U.S.C. § 1985(3) ................................................................................ 24, 25

42 U.S.C. § 2000e-3(a) (2000) ...................................................................... 24

42 U.S.C.12111 et seq. .................................................................................. 16

70 FR 71294-02, 2005 WL 3142253............................................................. 23

11 Del. C. chapter 92 ..................................................................................... 10

29 Del.C. §§ 730 – 735 .................................................................................. 18

29 Del.C. § 8914............................................................................................... 9

Fed.R.Civ.P. 4................................................................................. 6, 8, 26, 27

Fed.R.Civ.P. 4(e) ........................................................................................... 27

Fed.R.Civ.P. 4(j) ........................................................................................... 27

Fed.R.Civ.P. 4(m) .......................................................................................... 26

Fed.R.Civ.P. 56(c) ......................................................................................... 13

## NATURE AND STAGE OF THE PROCEEDINGS

On November 14, 2005, plaintiff Jack E. Sminkey filed a Charge of Discrimination with the EEOC against the Delaware Department of Correction. [Attached hereto in defendants' appendix as A1] Plaintiff claimed that he was discriminated against for reasons of race, sex, age, disability and retaliation when he was terminated from employment during training for the position of Probation and Parole Officer. On January 27, 2006, the EEOC closed its file and provided plaintiff with a right to sue letter. (D.I. 1)

On April 24, 2006, plaintiff commenced the present lawsuit by filing a 24 page complaint that contains 20 counts. (D.I. 1) The named defendants are: The State of Delaware, Department of Correction, Ruth Ann Minner, Stanley Taylor, Alan Machtinger, Kathleen Mickle-Askin, Louise Layton, Ronald Sauls, Alison Stevens, Donna Watson, Annette Franze and Nichole Shuler. On May 16, 2006, defendant Ron Sauls answered by denying all wrongdoing and asserting a number of defenses, including a lack of proper service and personal jurisdiction. (D.I. 3)

On October 3, 2006, the Court entered an order to show cause why the case should not be dismissed for failure to serve the remaining defendants. (D.I. 4) On October 31, 2006, plaintiff responded to the rule to show cause. (D.I. 5)

On January 12, 2007, the Court through the Magistrate Judge ordered plaintiff to effect service of process as required by Fed.R.Civ.P. 4. (D.I. 9) On February 5, 2007, plaintiff attempted to serve the remaining defendants, except the Governor and the Department of Correction, by leaving a copy of the summons and complaint with the

receptionist at the Central Administrative Office at 245 McKee Road, Dover, Delaware. (D.I. 10 -19)  In the case of the Governor, plaintiff served an individual on the 12th Floor of the Carvel State Office Building.  (D.I. 18)  For the Department of Correction, plaintiff attempted service by serving the Assistant State Solicitor for the Department of Justice. (D.I. 19)  The defendants who plaintiff had attempted to serve with process in response to the Court's January 12, 2007 Order (D.I. 9) answered by denying all wrongdoing and asserting a number of defenses including failure to make proper service and a lack of personal jurisdiction.  (D.I. 21-24, 26)

On March 26, 2007, the Court entered a scheduling order and the parties engaged in discovery.  (D.I. 33)  The discovery cut-off was April 1, 2008 and this is Defendants' Opening Brief in support of their concurrently filed motion for summary judgment and/or dismissal.

## SUMMARY OF THE ARGUMENT

### I.

The defendants are entitled to summary judgment for a number of reasons which includes that some of plaintiff's claims fail as a matter of law. Plaintiff's claims under age and disability employment discrimination statutes and his 42 U.S.C. §§ 1983, 1985 claims against the State or its officers in their official capacities are barred by the Eleventh Amendment.  Plaintiff's Title VII claims against individual defendants fail as such claims may only be asserted against the employer.  Plaintiff's claims under 42 U.S.C. § 1981 against the individual defendants fail to state a legal claim as § 1981 claims cannot be asserted against State actors.  Finally, plaintiff's state law claims fail as such claims can only be asserted against his employer, the State, not against other employees and that claim would be barred by the Eleventh Amendment.

### II.

Defendants are entitled to summary judgment as the record does not establish a prima facie case under Title VII or the civil rights statutes, 42 U.S.C §§ 1983, 1985.

### III.

Defendants are entitled to summary judgment as the plaintiff failed to properly serve them in accordance with Fed.R.Civ.P. 4, and therefore, there is a lack of personal jurisdiction over the defendants.

## STATEMENT OF THE FACTS

On November 24, 2003, plaintiff applied for the position of Probation and Parole

Officer with the Delaware Department of Correction [hereafter "DOC" or "Department"

or "employer"].  (D.I. 1, Complaint ¶ 20)

On August 11, 2004, the plaintiff completed and signed a number of documents in

application for employment with the Department.  One of the documents that plaintiff

executed was a disclosure form that required him to disclose any discipline he had

received from any employer and to provide a description of such discipline.  The plaintiff

stated that he had not been disciplined[1] by an employer.  (Defendants' Response to

Plaintiff's First Request for Production, May 31, 2007; D.I. 53, documents numbered

D000181-182 in D.I. 54)[A2-3]  However, in discovery it was revealed that plaintiff had

been disciplined by South Eastern Pennsylvania Transit Authority Police Department[2]

where he was suspended without pay for a long time and he had been disciplined by the

New Castle City Police Department where he was suspended with the intention to

terminate.  Delaware law requires that an applicant for employment with the Department

must be rejected if they make false statements or misrepresentation on the application.

29 *Del.C.* § 8914.

In 2004, plaintiff was notified that he passed a number of the requirements for

employment, but he delayed entering the cadet training program [Basic Officers Training

---

1 Document A3 defines discipline action as "verbal counseling, written reprimand, loss of
pay, fine, suspension or dismissal."

2 *see Sminkey v. SEPTA*, 1998 WL 401686 (E.D. Pa. June 30, 1998)

Course or "BOTC"] due to residual medical problems from a number of unrelated motor vehicle accidents. (D.I. 1, Complaint ¶ 23)  Thereafter, plaintiff was medically cleared by his healthcare providers and was accepted to begin basic training on February 25, 2005. (D.I. 1, Complaint ¶ 24)

On February 9, 2005, as part of the application process, plaintiff was tested and interviewed by Caren DeBernardo, Psy.D.  Based on plaintiff's responses during the interview, Dr. DeBernardo recommended plaintiff for employment.  (DeBernardo March 28, 2008 Deposition Transcript P. 32-33, Exhibit 1) [A4, A5-7]  After discovery commenced in this matter, it was discovered that plaintiff has not been honest with Dr. DeBernardo regarding his prior mental health treatment history nor had he been candid about his history of discipline with prior law enforcement agencies[3].  (DeBernardo Tr. 57-63)[A8-10]

The BOTC training commenced on February 25, 2005, and was scheduled to end on April 29, 2005.

On March 17, 2005, the plaintiff met with his assigned instructors regarding his training progress. He was informed that his attitude was inappropriate due to his sarcastic comments directed toward the instructors.  Plaintiff was given an opportunity to conform his behavior to that which is conducive to a proper training environment.  Plaintiff signed

---

3 In connection with discipline by the City of New Castle Police Department, plaintiff was the first individual to receive a hearing by an outside board in accordance with the newly enacted Law-Enforcement Officers Bill of Rights, 11 Del.C. chapter 92.  Plaintiff requested a public hearing and the board's decision is included in the Appendix with bates Nos. D002486-2520.  [A11-45]  The Board recommended that the City of New Castle Council terminate plaintiff's employment as a police officer for falsifying records and failure to appear at a hearing.

the BOTC Behavior Assessment Report.  (BOTC BAC March 17, 2005 Report D000269-271; D.I. 56 [sealed Exhibit])  [A46-48]

On April 12, 2005, the plaintiff again met with the assigned instructors regarding his behavior during class.  That behavior included: not participating in class, talking with other students during class and displaying a negative attitude.  Plaintiff was placed on formal "notice" that "[s]hould any inappropriate behavior, poor performance, or negative attitude another BAC would result, and a recommendation whether [plaintiff] is eligible to continue training would be made."  (BOTC BAC April 12, 2005 Report D000275-278, at 278; D.I. 56 [sealed Exhibit])  [A49-52 at A52]  Plaintiff signed the BOTC Behavior Assessment Report.

On April 28, 2005, a BOTC BAC report was completed by defendant Instructor Annette Franze that reflected events of the prior day.  During computer training, plaintiff's behavior was inappropriate and negative toward a guest instructor and Probation and Parole Supervisor Alison Stevens.  This report was forwarded to the instructors and supervision staff that included: defendants Louise Layton, Ronald Sauls, Annette Franze and Nicole Shuler.  They recommended that plaintiff be separated from training due to his repetitive history of inappropriate attitude toward authority and his inability to follow directions.  (BOTC BAC April 28, 2005 Report D000156-159, at 158; D.I. 54 [sealed Exhibit])  [A53-56 at A55]

Later that same day, plaintiff was terminated from employment and training.  The termination letter from Stanley Taylor states that the reason for the termination was: "this action is being taken after you had been placed on formal notice, due to your failure to

- 11 -

follow instructions, repetitive history of showing an inappropriate attitude and most recently, your disrespectful responses towards a guest instructor and Probation and Parole Supervisor, Alison Stevens." (April 29, 2005 Letter to plaintiff from Commissioner Stanley Taylor, Defendant's Responses to Request for Production, D000098; D.I. 54 [sealed exhibit])  [A57]

On June 6, 2005, plaintiff met with defendant Alan Machtinger, defendant Kathleen Mickle-Askin, and Alan Grinstead following plaintiff's request by letter of May 16, 2005, where he requested reconsideration.  (Machtinger Tr. Exhibits 4, 5)  [A58, A59-65]  Apparently during the meeting, plaintiff confirmed doing a number of things for which he was terminated.  (Machtinger Tr. p. 44, 60-63)  [A66, A67-68]

On June 7, 2005, plaintiff by letter requested access to his personnel file. (Machtinger Tr. Exhibit 6)  [A69]

## ARGUMENT I.

DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER THE ADA, ADEA, 42 USC §§ 1981, 1983 and 1985 AS THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT OR OTHERWISE FAIL TO STATE A LEGAL CLAIM.

### Introduction:

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "may reasonably be resolved in favor of either Party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). The moving party bears the initial burden of demonstrating the absence of material issues of fact. *Celotex Corp.*, at 323. However, the moving party need not support its motion with affidavits or other documents disproving the nonmoving party's claim, but need only "show - - that is point out to the district court - - that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The nonmoving party must go beyond the pleadings and through affidavits or other evidence demonstrate the existence of a genuine issue of material fact. *Id.* at 324. The district court is required to construe the evidentiary record so as to give

the nonmoving party reasonable factual inferences.  *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996).  Summary judgment should be granted if the court finds, in consideration of all of the evidence, that no reasonable trier of fact could find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

For the reasons that follow, the defendants are entitled to judgment as a matter of law because plaintiff has failed to establish evidence in the record from which a reasonable jury could find in his favor.  For reasons of simplicity, defendants will examine those claims that present purely legal questions first.

### (a)    The Eleventh Amendment:

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court in describing the immunity of states from suit observed that "Eleventh Amendment immunity ... is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by, the terms of the Eleventh Amendment."  *Alden v. Maine*, 527 U.S. 706, 713 (1999).  Instead, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today except as altered by the plan of the Convention or certain constitutional Amendments." *Id*.

Congress' sole constitutional authority to subject States to suit by individuals must arise under section 5 of the Fourteenth Amendment and not its Article I powers[4].  *Board of Trustees v. Garrett*, 531 U.S. 356, 364 (2001) [striking claims under the ADA against the States];  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 79 (2000)[striking claims of age discrimination under the ADEA against the States]; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)[striking claims under the Indian Gaming Act against the States].  The legislative enactment waiving the State's immunity must be remedial, congruent and proportional "to the injury to be prevented and the means adopted to that end."  *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997) [striking claims under the Religious Rights Restoration Act against state actors].  Since classifications regarding the disabled and age need only have a rational basis to comport with the equal protection clause of the Fourteenth Amendment, it is clear that neither the ADA nor the ADEA are "enforcing" that Amendment nor are they remedial, congruent or proportional.  *Garrett*, 531 U.S. at 374; *Lavia v. Pennsylvania Department of Corrections*, 224 F.3d 190 (3d Cir. 2000)[ADA Title I]; *Kimel v. Florida Bd. of Regents*, 528 U.S 62 (2000)[ADEA].

In *Garrett*, the Supreme Court repeated the analysis as to whether the Congress has validly abrogated the States' Eleventh Amendment immunity from suit.  The first part of the inquiry is to determine if the Congress "unequivocally intended to do so", and the second part is whether Congress "act[s] pursuant to a valid grant of constitutional authority."  531 U.S. at 363.  None of the provisions under 42 U.S.C. §§ 1981, 1983 or

---

[4] Since the Eleventh Amendment was enacted after Article I of the Constitution.

1985 contain any language that even suggests that Congress was intending to abrogate the State's immunity.  Moreover, the Eleventh Amendment bars any claims for money damages against the State.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) [Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment]  The Eleventh Amendment bar reaches claims against state employees when they are sued in their official capacities for retrospective relief.  *Kentucky v. Graham,* 473 U.S. 159 (1985).  Therefore, for the above reasons such claims cannot be asserted against the State of Delaware, the Department of Correction or against state employees in their official capacities.

Defendants State of Delaware, Department of Correction and the individual defendants in their official capacities are entitled to judgment as a matter of law regarding plaintiff's claims under the ADA (42 U.S.C.12111 et seq.) , ADEA (29 U.S.C. §623), 42 U.S.C. §§ 1981, 1983 and 1985.

### (b)    Allegations that fail to state a legal claim:

Some of plaintiff's allegations fail to state a legal claim and defendants are entitled to judgment as a matter of law.

### (1)    State is not a person under the civil rights statutes

In addition to the State's immunity from suit under the Eleventh Amendment as set out above, The State is not a person for purposes of the civil rights statutes. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).  While *Will* involved the application of the principle that the State is not a person for purposes of 42 U.S.C. §

1983, by analogy it would apply to §§ 1981 and 1985 as well.

<u>(2)    **State actors are not subject to 42 USC § 1981 claims**</u>

As a matter of law 42 U.S.C. § 1981 operates only against private actors, not state actors. Instead, "[w]e hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Independent School District,* 491 U.S. 701, 735 (1989).

In 1991, Congress amended § 1981 and a question arose as to whether *Jett* continues as precedent. The Ninth Circuit Court of Appeal has opined that the 1991 amendment overrules *Jett* in *Federation of African American Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir. 1996). However, the Fourth, Fifth and Eleventh Circuits have held that the 1991 amendment did not change the holding in *Jett. Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir. 1995); *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 463-64 (5th Cir. 2001); *Johnson v. City of Fort Lauderdale,* 903 F.Supp. 1520 (S.D. Fla. 1995), *aff'd* 114 F.3d 1089 (11th Cir. 1997); *Parker v. Gadow*, 893 A.2d 964 (Del. 2006). While the Third Circuit has not addressed the issue explicitly, it recently reiterated the holding in *Jett* that only § 1983 provides the remedy against state actors. *Oaks v. City of Philadelphia,* 59 Fed.Appx. 502, 503 (2003). Additionally, a number of district courts in this circuit have held that the holding of *Jett* has not been overruled as the 1991 amendment to § 1981 only codified the existing case law and did not intend to create a new cause of action. *Valentin v. Philadelphia Gas Works,* 2004

- 17 -

WL 690805, (E.D. Pa March 29, 2004); *Miles v. City of Philadelphia,* 1999 WL 274979

(E.D. Pa. May 5, 1999); *Jacobs v. City of Philadelphia,* 2004 WL 241507 (E.D. Pa. Jan.

29, 2004).

### (3)    Individual defendants are not subject to Title VII claims

Throughout the complaint, plaintiff asserts claims under the various counts against

individual defendants under Title VII.  Those counts include: Count II against the

Governor; Count IV against Nicole Shuler, Annette Franze and Donna Watson; Count VI

against Nicole Shuler and Annette Franze; Count VII against Nicole Shuler and Annette

Franze; Count XI against Nicole Shuler, Annette Franze and Alison Stevens; and, Count

XVIII against Stanley Taylor.

However, The Third Circuit has foreclosed any possibility of individual liability

under Title VII.  *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078

(3d Cir.1996), *cert. denied*, 521 U.S. 1129 (1997) [concluding that "Congress did not

intend to hold individual employees liable under Title VII."]; *Dici v. Commonwealth of

Pennsylvania*, 91 F.3d 542, 552 (3d Cir.1996) [holding that individual employees cannot

be held liable under Title VII]. Accordingly, plaintiff's Title VII claims against individual

defendants fail and those defendants are entitled to judgment on those claims against the

plaintiff.

### (4)    Plaintiff does not state a legal contract or personnel claim

In Count XIX, plaintiff asserts a claim against Alan Machtinger for failing to

allow the plaintiff to view his personnel file after he had been terminated.  (D.I. 1, ¶¶ 226

-230)  While not specified in the complaint, 29 Del.C. §§ 730 – 735, provides employees

in this State with the right to inspect their personnel files.  However, the definitions applicable to those provisions make it clear that terminated former employees are not within the coverage of the Act.  Moreover, the Act makes the employer the responsible party, not an employee or officer of the employer.  Mr. Machtinger is the Director of Human Resources [hereafter "HR"] for the Department, he is not nor is it alleged that he was or is plaintiff's employer.  To the extent plaintiff had properly amended his complaint and asserted this claim against his employer the State of Delaware, this Court would be without subject matter jurisdiction under the Eleventh Amendment.

Nevertheless, defendant Machtinger is entitled to judgment on Count XIX.

In Counts XVI and XVII, plaintiff asserts wrongful discharge and breach of the covenant of fair dealing against former Commissioner Stanley Taylor, Training Director Kathleen Mickle-Askin and HR Director Machtinger.  Plaintiff's claims must fail as state law employment contract can only be asserted against the employer, the State of Delaware, not officers of the employer.  *Wallace v. Wood*, 753 A.2d 1175, 1180 (Del.Ch. 1999); *Brown v. Colonial Chevrolet Company*, 249 A.2d 439, 441-2 (Del.Super. 1968).

As set forth above, even if plaintiff had properly asserted this claim against his employer the State of Delaware, this Court would be without subject matter jurisdiction under the Eleventh Amendment.  Nevertheless, defendants Taylor, Mickle-Askin and Machtinger are entitled to judgment on Count XV and XVII.

# ARGUMENT II.

TO THE EXTENT THAT PLAINTIFF HAS ASSERTED LAWFUL CLAIMS, HE HAS FAILED TO PRODUCE EVIDENCE TO ESTABLISH A PRIMA FACIE CASE TO SUPPORT SUCH CLAIMS.

Defendants attempted to have plaintiff reveal the factual basis of his extensive claims found in his complaint through the discovery tools of interrogatories, request for production and deposition.

On March 28, 2007, defendants propounded their first set of interrogatories on plaintiff.  (D.I. 35)  Interrogatory No. 3 requested plaintiff provide:

> For each allegation you are presenting in this matter, state with particularity and specificity (please provide the complete details including dates, times, and locations) the complete factual basis for each allegation and identify all persons having knowledge as well as each and all documents or other items of evidence in your possession that relate to each claim.

On May 1, 2007, plaintiff answered as follows:

> The complaint outlines details, dates, times, locations, conversations, and witnesses with knowledge of the issues as they unfolded in a very articulate and specific manner.  Read complaint for further details. (D.I. 38)

The above demonstrates that in response to a straight forward question for the factual basis of his claims, plaintiff did not provide any evidence to support his complaint.  The record reveals that plaintiff never supplemented this response.  It is the plaintiff's obligation to establish a *prima facie* case.  Moreover, at his deposition

plaintiff[5] again referred to his complaint and did not provide any evidence to support his claims.

### (b)    Title VII claims based on race and gender discrimination

The legal analysis for a discrimination claim under Title VII is well-settled.  Since plaintiff has not identified any direct evidence of discrimination, he must establish a prima facie case as set forth under *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* analysis, a plaintiff may rely upon indirect evidence that race was a motivating factor in an employment action.  The plaintiff must produce evidence that (1) he is a member of a protected class, that (2) he was qualified for the position at issue, and that (3) any adverse employment action for the position was "under circumstances that give rise to an inference of unlawful discrimination."  *Waldron v. SL Industries*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  Upon the plaintiff's production of evidence to establish this prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the purported adverse action.  *McDonnell-Douglas v. Green*, 411 U.S. 792, 802 (1973).  The defendant is free to articulate any

---

5    Q.  That's what I'm asking you.  You made an allegation.  I asked you in interrogatories the specific factual basis for all your allegations and your claims.
      A.  Right.
      Q.  And what did you do?  You referred me back to your complaint?
      A.   Right.
      Q.  So I'm going through the complaint now with you and I'm asking you to give me the factual basis for your allegations.
      A.  Right.  They are pretty much the same. They are in the complaint.
(Jack E. Sminkey Mar. 24, 2008 Deposition Transcript, P. 156, line 13 to P. 157, line 1) [A70-71]

legitimate reason for the purported adverse action; he does not need to show that the articulated reason motivated the purported adverse action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Once the defendant has articulated that reason, the burden shifts back to the plaintiff, who must prove that the reason the defendant articulated was a pretext and that the purported adverse action was in fact racially motivated. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 512 (1993). A plaintiff may withstand a motion for summary judgment only if the plaintiff is able to point to some evidence, direct or circumspect, from which a fact-finder could reasonably either disbelieve the defendant's articulated legitimate reason for the purported adverse action or believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the purported adverse action. *Fuentes v. Perskie*, 32 F.3d at 764; *Sheridan v. DuPont*, 100 F.3d 1061, 1067 (3d Cir. 1996). A plaintiff may not rely upon evidence that members of the protected class were generally treated differently; such generalizations are not relevant to the question whether others not in the protected class were treated more favorably. *Jones v. Wilmington*, 2004 WL 1534778 at * 5, n.8 (D.Del. June 14, 2004).

In the present matter, plaintiff contends that his protected class is male gender and Caucasian race. However, he does not point to another individual in his cadet class that was similarity situated, but of a different race or gender, that was treated better than plaintiff. He attempts to suggest that another male cadet, Jack Reyes, is a different race

in that he is Hispanic[6].  It is undisputed that Mr. Reyes identified himself as Caucasian like plaintiff.  Accordingly, plaintiff has failed to establish a *prima facie* case under Title VII and the defendant State of Delaware, Department of Correction[7] is entitled to judgment in its favor.

### (c)    Title VII retaliation claim

In plaintiff's November 14, 2005 EEOC Charge of Discrimination, he alleges that "I believe that I was retaliated against because of my disability."  (Charge of Discrimination, November 14, 2005 [A    ])  In his complaint, plaintiff asserts different claims of retaliation[8], Count II against the Governor and Count IV against Shuler, Franze and Watson.  Aside from a failure to properly exhaust such claims administratively, plaintiff fails to identify the retaliation or the protected activity in which he was engaged.

In order to survive summary judgment on a retaliation claim under Title VII, plaintiff must establish a *prime facie* case by tendering evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took a "materially adverse" employment

---

6 The EEOC classifies Hispanic or Latino as an ethnicity without regard to actual race. Accordingly, an individual could be Latino and any race.  70 FR 71294-02, 2005 WL 3142253

7 In the next argument, defendant employer along with defendants Shuler and Stevens asks the Court to dismiss the claims against it as plaintiff never properly served the State and there is no personal jurisdiction over it.

8 "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation…"  *Ostapowicz v. Johnson Bronze Co.,* 541 F2d 394, 398-399 (3d Cir. 1976).  Plaintiff is required to exhaust all of his Title VII claims with the EEOC before asserting such claims in a complaint. To the extent the allegations in the complaint are outside the EEOC proceedings, plaintiff failed to properly exhaust such claims and they must be dismissed.

action against her that would dissuade a "reasonable worker from making or supporting a charge of discrimination"; and (3) there is a casual connection between the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461F.3d 331, 340-341 (3d Cir. 2006). Nowhere in the record does plaintiff set forth the elements of a *prima facie* case of retaliation.

The scope of the "protected activity" is defined by the law or constitutional provision the plaintiff alleges is violated by the retaliation. In this case, he does not identify any protected activity under Title VII that the retaliation resulted from. Title VII protects those who "opposed any practice made an unlawful employment practice by [Title VII] or those who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]. 42 U.S.C. § 2000e-3(a) (2000). The anti-retaliation provisions of Title VII do not authorize a claim against an employer for conduct that is unrelated to the Title VII proceedings. The record is devoid of any evidence that plaintiff was engaged in protected activity and defendant employer is entitled to judgment on the retaliation claim.

### (d)    Plaintiff's purported 42 USC §§ 1983 and 1985 claims

Throughout the complaint, plaintiff asserts § 1983 and § 1985 claims against individual and groupings of defendants. The § 1983 claims are subject to the same shifting burden *McDonnell Douglas-Burdine* analysis as Title VII claims. *Stewart v. Rutgers*, 120 F.3d 426, 432 (3d Cir. 1999) However, as set out above plaintiff has not provided a factual basis for such claims and has failed to establish a *prima facie* case under those provisions. Plaintiff must come forward with evidence to support his claims

- 24 -

to avoid summary judgment, he may not merely rely on his contentions in the complaint. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

As to plaintiff's conspiracy claims under 42 U.S.C.§ 1985, he can only rely on subsection (3) of that provision.  The four basic elements of a prima facie case under 42 U.S.C. § 1985(3) are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983).

Section 1985 only applies to a conspiracy motivated by an invidious, discriminatory, class-based animus.  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). To properly establish a conspiracy under this section, a complainant must present specific factual allegations of a mutual understanding between or among the conspirators to take actions toward an unconstitutional end.  *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.1972) (affirming dismissal of section 1985(3) conspiracy claim and noting "[w]ith near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3)").

## ARGUMENT III.

DEFENDANTS ARE ENTITLED TO DISMISSAL AS THE PLAINTIFF
FAILED TO PROPERLY SERVE THEM IN ACCORDANCE WITH
RULE 4 WHICH MEANS THERE IS A LACK OF PERSONAL
JURISDICTION OVER THE DEFENDANTS.

Defendants could properly challenge service of process as to all defendants, but will seek dismissal on behalf of three defendants Shuler, Stevens, and State of Delaware, Department of Correction.  As set forth in the prior section of Nature and Stage of the Proceedings, defendants placed plaintiff on notice of his failure to properly serve them on a number of occasions.  Despite being placed on notice by the defendants, plaintiff has never sought to correct the defective service.

On October 3, 2006, the Court issued a Rule to Show Cause why the complaint should not be dismissed for failure to serve defendants.  (D.I. 4)  On October 31, 2006, plaintiff filed and served his response.  (D.I. 5)  On November 6, 2006, defendant Sauls[9] replied that plaintiff has failed to properly serve the summons and complaint as is required by Fed.R.Civ.P. 4 and cited to the case of *Ayres v. Jacobs & Crumplar*, 99 F.3d 565 (3d Cir. 1996).

On January 12, 2007, the Court through the Magistrate-Judge did not dismiss the complaint pursuant to Fed.R.Civ.P. 4(m), but ordered the plaintiff to serve the defendants as "required by Fed.R.Civ.P. 4."  (D.I. 9)  Despite being given this additional opportunity to properly serve defendants, plaintiff simply attempted to serve the defendants by depositing the summons with the receptionist at the Department Administrative

---

[9] Defendant Sauls was the only defendant who answered at that point.

Headquarters, Dover, Delaware.  Of course, Fed.R.Civ.P. 4 does not authorize the service of the summons and complaint by depositing the same with receptionist of a large organization.  Rule 4 requires that unless waived service of the summons and complaint must be personally upon the defendant or their abode.  Fed.R.Civ.P. 4(e).  The record reflects that service for Shuler and Stevens was attempted through the receptionist at the Headquarters in Dover.  However, Plaintiff knew or had reason to know that those defendants were not regularly employed at the Dover Facility. (D.I. 10, 13)  It is clear that service of process was improper as to Shuler and Steven, and the Court lacks personal jurisdiction over those two individuals.  *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 570 (3d Cir. 1996)["We further hold that a summons when properly issued is not effective in conferring personal jurisdiction upon a partnership or individual if it is not served in accordance with Rule 4 of the Federal Rules of Civil Procedure unless service has been effectively waived."]

For service upon a state government, Rule 4(j) requires personal service upon the Chief Executive Officer. Plaintiff attempted to serve the State of Delaware, Department of Correction by serving the Assistant State Solicitor with the Delaware Department of Justice.  (D.I. 19)  The record is clear that plaintiff failed to comply with the Rule as to the required service of process for the State of Delaware, Department of Correction.  *Id.*

For the above reasons, defendants Nicole Shuler, Alison Stevens and the State of Delaware, Department of Correction should be dismissed as parties to this action for a lack of personal jurisdiction.

## <u>CONCLUSION</u>

For the above reasons, defendants are entitled to judgment in their favor and against the plaintiff.  In the alternative defendants are entitled to dismissal of the claims against the State of Delaware, Department of Correction, Nicole Shuler and Alison Stevens for a lack of personal jurisdiction.

Respectfully submitted,


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Marc P. Niedzielski</u>
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the date indicated below I served two copies by regular U.S. Mail

of the attached document on the following:

Jack Sminkey
3402 Edgemont Avenue, # 333
Brookhaven, PA  19005

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Marc P. Niedzielski</u>
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
marc.niedzielski@state.de.us
Attorney for Defendants

DATED: June 30, 2008