

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

July 1, 2008

The Honorable Mary Pat Thynge
U.S. District Court
844 N. King Street
Lock Box 8
Wilmington, DE 19801

RE: **Sminkey v. DOC, et al.**, C.A. No. 06-263-GMS

Dear Judge Thynge:

Please allow this to serve as defendants' response to plaintiff's agenda letter dated June 14, 2008, but filed on June 30, 2008, in anticipation of a telephone discovery conference with your Honor scheduled for tomorrow, July 2, 2008 @ 9:00 a.m. On June 30, 2008, after 2:51 p.m., plaintiff hand delivered a number of documents: The June 14, 2008 letter to your Honor with exhibits, a motion for protective order, a motion in limine and a motion to strike defendants' expert witness, Dr. Caren DeBernardo. I will assume that only the first item will be the subject of our teleconference.

Regarding plaintiff's June 14, 2008 letter, a bit of background may be helpful to the Court. Plaintiff was hired as a probationary employee by the Department of Correction for training as a Probation and Parole Officer. As the Court is aware, P & P Officers are armed law enforcement officers with the full powers of arrest and work under the direction of the state courts. Plaintiff started his Cadet training on February 25, 2005. On April 28, 2005, following a number of Behavioral Assessment Committee Meetings and Reports ["BAC"] by the training staff, plaintiff's employment with the DOC was terminated. Plaintiff subsequently filed this lawsuit claiming employment discrimination and some contract claims.

Thus far defendants have responded to three sets of discovery, produced more than 1,634 documents (not including all policies and information on the State's website that plaintiff insisted on as hardcopies), scheduled and attended ten depositions. Most of the discovery requested by plaintiff is wholly irrelevant and

was produced over such objection. Defendants now will address plaintiff's discovery complaints in turn.

1. While named as a party defendant, the Governor has no personal knowledge regarding plaintiff's employment and contract claims. Plaintiff testified in his deposition that he had no contact with the Governor and she was not involved with plaintiff's employment decision. The Governor is the sitting highest executive officer of the State and has no personal knowledge on this case. Plaintiff named her in this lawsuit to depose her in an effort to embarrass her or the State which is not appropriate. In fact, all the information that he is seeking, we offered to stipulate. (Defendants' Proposed Stipulation attached) Defendants had taken plaintiff's proffered stipulation, made some revisions, asked plaintiff to review and continue the communication. (see May 16, 2008 e-mail from defense counsel) However, plaintiff simply refused to go forward on the issue of the stipulation as revealed in his E-mail of May 28, 2008. Defendants stand ready to continue the process.

2. This was plaintiff's 1st request for production to which we objected on May 31, 2007, on grounds of relevance as plaintiff does not allege an injury and such information is subject to medical privacy laws and seeks information on persons that are not parties.

3, 10, 11, 12, 13 and 14. We have produced all the records that were provided to counsel. They were produced over objection as to relevance.

4. Plaintiff has already exceeded the number of interrogatories under Local and Federal Rules. However, plaintiff has the information as he asked that question at the depositions of a number of witnesses.

5 and 6. Plaintiff deposed Dr. DeBernardo on March 28, 2008, and inquired about the exact nature of the questions she had asked him in the earlier interview. As to the MMPI-2 test, plaintiff does not state a reason that would justify a release of the raw results and lead to the weakening of the test's reliability.

7. I cannot find any authority for a Court to order a witness to change his testimony because plaintiff does not like the response. The EEOC recognizes that an individual can be Hispanic and any race so there is no conflict in any event.

8. Defendants provided plaintiff with a sample of the termination letter and a printout of all terminations from DOC training by race, gender and age for the last seven years in response to plaintiff's 1st set of request for production, No. 14. (D000099-102) A copy of all the termination letters would be irrelevant to

- 3 -

the present claims, unduly burdensome and would invade the privacy of persons that are not parties.

9.  Please refer to prior response as to the listing of all employees terminated during training. As to terminated employees that were rehired, to respond to such an inquiry would be to exceed the limit of interrogatories under the Local and Federal Rules. However, plaintiff did ask for this information during deposition of Alan Machtinger.

Defendants thank the Court for its patience and look forward to resolving the issues.

Respectfully submitted,

/s/ Marc P. Niedzielski
Deputy Attorney General

Cc: Jack E. Sminkey (via e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK E. SMINKEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 06-263-GMS |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

## STIPULATION

The above parties do hereby agree and stipulate to the following facts, but do not stipulate to their admissibility or relevance:

1. Ruth Ann Minner is the Governor of the State of Delaware and was first elected to that office in November 2000.

2. Governor Minner was reelected to her office in November 2004.

3. Stanley W. Taylor, Jr. was appointed to serve as the Commissioner of the Department of Correction in the Fall of 1995 and continued to serve in that capacity until his voluntary retirement on February 1, 2007.

4. On January 23, 2001, Governor Minner signed and promulgated Executive Order No. 10. A true and authentic copy of the contents of Executive Order No. 10 is available on-line at:

http://governor.delaware.gov/orders/eo_10.shtml#TopOfPage

4. On August 17, 2001, Governor Minner signed and promulgated Executive Order No. 19. A true and authentic copy of the contents of Executive Order No. 19 is available on-line at:

http://governor.delaware.gov/orders/eo_19.shtml#TopOfPage

5. Plaintiff was employed as a cadet probation and parole officer with the Delaware Department of Correction from February 25, 2005 until April 29, 2005.

6. Plaintiff was terminated from employment and BOTC training with the Delaware Department of Correction on April 29, 2005.

7. Prior to termination, plaintiff was advised of by the training staff on three occasions that his attitude needed to changed for successful completion of BOTC training

8. Plaintiff had been disciplined as a police officer while employed with SEPTA.

9. Plaintiff had been disciplined as a police officer while employed with the City of New Castle Police Department.

10. While employed with SEPTA as a police officer, plaintiff was required to be examined by a psychiatrist on a number of occasions.

11. Since 2004, plaintiff has been prescribed and has taken a number of medications that include those that treat depression and anxiety.

- 3 -

_____          _____
Jack Sminkey                            Marc P. Niedzielski
3402 Edgemont Avenue, # 333             Deputy Attorney General
Brookhaven, PA  19005                   820 N. French Street, 6th Floor
Plaintiff                               Wilmington, DE  19801
                                        Attorney for Defendants


DATED:

- 3 -