ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 JUN 30 PM 2:53

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK E. SMINKEY, Pro se | : | |
| Plaintiff, | : | |
| STATE OF DELAWARE, et al., | : | C.A. NO. 06-263-GMS |
| Defendants | : | |

Plaintiff Jack E. Sminkey submits this motion in limine for an order excluding from evidence plaintiff's background, employment, or medical history prior to April 16, 2007.

### Statement of Case

Plaintiff filed suit against the state of Delaware/Department of Correction and numerous employees claiming, inter alia, that he was wrongfully terminated and was a victim of sexual harassment, discrimination, and was deprived of his constitutional rights etc.

### Basic Facts

Plaintiff and defense counsel agreed to a lengthy discovery period of approximately one (1) year and to go back seven years in time from around April 16, 2007 with regard to employment, medical and background information.

Ten days after the close of discovery, defense counsel issued a subpoena to the New Castle City Police Department, NCPD, (where the plaintiff began working twenty three years ago).

In 1986, while employed at NCPD. Plaintiff had "fallout" with the NCPD after he was directed by his sergeant to fix a DUI trail. Instead, he went to the attorney general's office and reported his sergeant's illegal behavior. An AG's investigation ensued and the sergeant was later told to resign or be indicted.

In retaliation for plaintiff honesty, the NCPD attempted to terminate Sminkey's employment by lodging thirteen departmental allegations against him. Eventually a police tribunal convened and heard public testimony on the charges levied against Sminkey. The police tribunal found Sminkey guilty of only two charges and recommended to the City of new Castle his employment is terminated. The tribunal writes (doc.D002673), "throughout the proceeding, a recurrent theme of retribution or vindictiveness developed. Upon his (Sergeant Emerson's) return from an

interview with the attorney general, he (Sergeant Emerson) officially presented wrongful acts committed by the patrolman, (Sminkey) to the Chief of Police."

Despite the fact that the NCPD eventually withdrew all charges and entered into a mutual agreement with Sminkey, hundreds of pages of derogatory, negative and untruthful documents remained sealed for over twenty years, until NCPD received Mr. Niedzelski's subpoena ten days AFTER the close of discovery.

---

Plaintiff was employed with the Septa Transit Police Department (STPD) from April 1990 until his voluntary resignation in July 2000. While employed there, Sminkey was a well-liked and well respected union official who personally sued Septa twice for racial discrimination.

During plaintiff's employment with Septa, the police chief ordered him to see a psychiatrist and psychologist once each on two separate occasions, years apart. Both healthcare professionals were told by Septa police management that Sminkey was a "lunatic". After only two visits to each doctor, plaintiff was told "there is nothing wrong with you' I'm sending you back to work."

The first Septa lawsuit was withdrawn with prejudice. Four days later, STPD retaliated against Sminkey by attempting to terminate his employment. An impartial arbitrator eventually ruled the proposed discipline "extreme" and converted a dismissal into suspension and awarded plaintiff 50% back pay. Plaintiff asked STPD to pay him the other 50% to avoid litigation and when they refused, he initiated his second lawsuit.

In this matter, the Honorable Judge Pollack wrote in his response denying Septa's motion for summary judgment, "a reasonable fact finder could certainly infer from this timeline that Sminkey's termination was retaliatory." (Re. P10 last sentence CA 97-1347 filed September 29, 1999).

---

The record reflects the Department of Correction terminated Sminkey's employment (in an unprecedented manner) after he complained to supervision he was offended by how he was being treated (singled out) while attending probation and parole training. As a result of Plaintiff's very legitimate complaint(s), plaintiff was terminated approximately eighteen hours prior to his scheduled graduation.

## ARGUMENT

Now comes the Department of Correction, like NCPD and STPD, by and through their attorney, Mr. Niedzielski, seeking to destroy the good character and reputation of plaintiff.

The reasons the court should grant the motion in limine is as follows:

1. What transpired at the NCPD and STPD Departments are between 14-23 years old.
2. The employment events of NCPD and STPD are irrelevant to this case.
3. The probative value is out weighted by prejudicial value.
4. Information prior to April 16, 2000 such as psychological visits, allegations of misconduct, discipline, attempted terminations, prior lawsuits, etc. are all prejudicial toward plaintiff and therefore should not be allowed into evidence.

Dated: June 16, 2008
Filed by hand: June 30, 2008

Jack Sminkey, Plaintiff
3402 Edgemont Avenue; #333
Brookhaven, PA 19015
(610) 620-3670

# Certificate of Service

On June 30, 2008, I Jack Sminkey hand Delivered a Motion in limine to the person addressed below.

Mr. Marc Niedzielski, ESQ
820 N. French St., 6th FL
Wilmington, DE 19801

*Jack Sminkey*

Jack Sminkey, Plaintiff
3402 Edgmont Ave #33
Brookhaven PA 19015
610-620-3670