# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK E. SMINKEY, Pro se | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A.No. 06-263-GMS-MPT |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants | : | |

## MOTION FOR SANCTIONS

Now comes Plaintiff, pro se and does hereby respectfully submit as follows:

1. Plaintiff alleges that throughout this litigation defense counsel has been evasive, untimely, made blanket objections, meritless claims of irrelevance, and forced Plaintiff to file unnecessary motions.

2. Around April 12, 2007 Plaintiff and defense counsel agreed to go back (7) seven years in time regarding employment, medical records, etc. The discovery period was approximately one year. See EXHIBIT "A".

3. Eleven days AFTER the close of discovery defense counsel caused Plaintiff's previous employer to be served with a subpoena duces tecum. Plaintiff worked for this employer over twenty years ago. See EXHIBIT "B".

4. On July 2, 2008 Plaintiff and Defense Counsel had a conference call with your Honor to resolve discovery issues. During this call, Defense Counsel advised Plaintiff he would be e-mailing plaintiff a listing of (8) other Cadets in his training class to include their age and race within an hour. Plaintiff has yet to receive this listing. Mr. Niedzielski agreed to provide, or was ordered by the court to provide other documents (like the raw psychological score of a psychological test plaintiff took, an updated resume for defendant Shuler, other training records, etc. See page # 19 line #18 of the Conference call transcript enclosed as just one example. See EXHIBIT "C".

5. As of this date (57 days later) Plaintiff has not received the e-mail in question or any other discovery materials Mr. Niedzielski agreed to, or was ordered by the court to provide.

6. Based upon previous conversations, communication exchanges, previous motions, motions to compel, etc., defense counsel is on notice of Plaintiff's position regarding the failure to produce discovery materials, untimely responses, evasiveness, having "fun" etc. See EXHIBIT "D" for a few examples.

Plaintiff prays the court will order the following:

A. Order Mr. Niedzieski to give Plaintiff all outstanding discovery materials within 10 business days of the court's resolution to this motion.
B. Order Mr. Niedzielski not to use any documents or materials he obtained involving Plaintiff prior to April 12, 2000.
C. Order Mr. Niedzielski to abide by all local and federal rules of civil procedure in the future.
D. Impose a sanction the court deems appropriate to punish and deter defense counsel from breaking the rules pursuant to this motion.

Respectfully submitted:

Jack Sminkey, Plaintiff
3402 Edgmont Avenue # 333
Brookhaven, PA 19015
610-620-3670

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I served two copies by U.S. Mail of a motion for sanctions against Defendant State of Delaware /Department of Corrections.

Marc P. Niedzielski, Esquire
Deputy Attorney General
Department of Justice
820 North French Street
Carvel Building, 6th Floor
Wilmington, DE 19801

Jack Sminkey,
Plaintiff, Pro Se
3402 Edgmont Avenue #333
Brookhaven, PA 19015
(610) 620-3670

Dated: August 27, 2008

JACK SMINKEY
3402 Edgemont Avenue # 333
Brookhaven, PA 19015-2804



United States Postal Service®
**DELIVERY CONFIRMATION™**

0308 1400 0002 0415 3588



U.S. POSTAGE
PAID
BROOKHAVEN, PA
19015
AUG 30, 08
AMOUNT
**$5.45**









Clerk of the court

United States District Court
844 King Street/ Lock Box #18
Wilmington, DE 19801

## Jack Sminkey

**From:** "Jack Sminkey" <jesminkey@comcast.net>
**To:** "Niedzielski Marc (DOJ)" <Marc.Niedzielski@state.de.us>
**Cc:** "Jack Sminkey" <jesminkey@comcast.net>
**Sent:** Wednesday, April 18, 2007 6:41 PM
**Subject:** Re: Sminkey v. DOC, et al,

They will be, no games.

----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Wednesday, April 18, 2007 9:48 AM
**Subject:** RE: Sminkey v. DOC, et al,

That is fine with me as long as the copies are complete.

-----Original Message-----
**From:** Jack Sminkey [mailto:jesminkey@comcast.net]
**Sent:** Tuesday, April 17, 2007 4:50 PM
**To:** Niedzielski Marc (DOJ)
**Cc:** Jack Sminkey
**Subject:** Re: Sminkey v. DOC, et al,

Dear Mr. Niedzielski,

Since neither of us is charging the other for documents, can we agree to just send each other a copy of the requested documents. Obviously, if the original becomes an issue, we can just provide the original.

----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Monday, April 16, 2007 10:48 AM
**Subject:** RE: Sminkey v. DOC, et al,

Use 7 years for both. Thanks

-----Original Message-----
**From:** Jack Sminkey [mailto:jesminkey@comcast.net]
**Sent:** Monday, April 16, 2007 10:25 AM
**To:** Niedzielski Marc (DOJ)
**Cc:** Jack Sminkey
**Subject:** Re: Sminkey v. DOC, et al,

Dear Mr. Niedzielski,

Still looking for a response to this e-mail as it makes a difference how I answer the rogs.

----- Original Message -----
**From:** Jack Sminkey
**To:** Niedzielski Marc (DOJ)
**Cc:** Jack Sminkey
**Sent:** Tuesday, April 10, 2007 9:07 AM

Exhibit "A"  8/27/08  P1 of 3

**Subject:** Re: Sminkey v. DOC, et al,

Dear Mr. Niedzielski:

You are looking for 7 years of employment history from today back? You are looking for 10 years of medical history from today back?

I don't have a problem with the 7 years of employment history (from today back). Nor would I have a problem with 7 years of medical history from today back (for medical reports/tests and a listing of prescriptions). I think this would suffice to document my disabilities, pain medication, side-effects, etc. Otherwise, the medical documentation is very voluminous as I have sought evey doctor who could help me or help relieve my pain.

I am ok with your speaking to others so long as you provide me with a copy of your notes or interviews. I see your point of saving the cost of subpoena's and depositions, etc.

In closing, I'm not trying to hide anything, I just want to be clear on how we are going to proceed. I'm still thinking about the confidentiality order.

----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Monday, April 09, 2007 10:48 AM
**Subject:** RE: Sminkey v. DOC, et al,

Mr. Sminkey:

    In response to your questions:

    The employment and medical authorizations are the routine ones used in Title VII matters. Once executed they will permit me to get records and discuss those records with employers or health care providers. It would give me the same access as you have regarding such information. The authorizations would also allow ex-parte discussions regarding the records.

    The recently served discovery requests provide the relevant time period. You will recall that you made a number of allegations in this matter that makes your medical and employment history relevant and discoverable. In contrast, my clients have not put their medical history or employment history at issue. The authorizations would give me the same access as you have which is the goal of discovery under the federal rules. Additionally, it saves time and expense by allowing informal access without the need of subpoena and depositions. I have no intention of using any information on you other than the in the defense of this lawsuit. If you would like, I could propose a form of confidentiality order.

    -----Original Message-----
**From:** Jack Sminkey [mailto:jesminkey@comcast.net]
**Sent:** Wednesday, April 04, 2007 12:59 PM
**To:** Niedzielski Marc (DOJ)
**Cc:** Jack Sminkey
**Subject:** Re: Sminkey v. DOC, et al,

Dear Mr. Niedzielski,

Thanks for your e-mail. I am sorry for the delay in responding. I was out of town for five days and just got back. I do own you disclosures, etc.

With regard to your overly broad and vague disclosures, I would like to agree to some basic frame work on how we are going to proceed now and in the future. For example, the authorization to release information is fine, except I am troubled with the sentence that states they can "speak with the below individuals or their agents". This not only invites ex-parti communication, but is a recipy for someone who doesn't like me to defame me. The following paragraph releases them from liability (if they do this).

Second, what period of time are we talking? If you are going to go back to the first day in time with me, I'll do the same to your clients.

With regard to the authorization to release medical information, here again, I have some concerns. First, what time frames? What doctors? I believe my medical files are voluminous, most of which is not relevant to this claim. What we do know is that I was in a previous car accident, and, as a result I had medical treatment, therapy, and was prescribed pain medicine, etc.

The fact that I was in therapy just prior to starting training, have disabilities as a result of the accident, and suffer side-effects for pain medicine may be relevant. The merits of the accident, MRI's, etc. really have no relevance to this case at all.

Do we take the position that anything in any medical record could lead to discoverable information, or do we stick closer to the gist of the matter. Remember, if it's your position that you want "everything", I will take that same position with your clients. If you want to say closer to the facts of the case, I will do the same.

Lastly, this e-mail does not waive any objections or defenses I may claim at a later date. I am merely trying to clarify your positions.

Best regards,

Jack


----- Original Message -----
**From:** Niedzielski Marc (DOJ)
**To:** Jack Sminkey
**Sent:** Monday, April 02, 2007 1:44 PM
**Subject:** Sminkey v. DOC, et al,

Mr. Sminkey:

Attached are two forms of authorization for the release of information.  I ask that you print them and sign them and sent them to me by regular mail.  I will provide you with copies of all documents that I receive with them.   Thanks.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

District of Delaware

Jack E. Sminkey

V.

State of Delaware, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-263-GMS

TO:  Chief Kevin P. McDerby
City of New Castle Police
1 Municipal Blvd.
New Castle, DE 19720

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all employment records relating to Jack E. Sminkey (xxx-xx-1582; DOB xx-xx-1961), including but not limited to wage and salary information, attendance records/time cards, application for employment and resignation of employment.  * Personal appearance is waived if records are received on or before April 25, 2008

| PLACE     Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE 19801 | DATE AND TIME 4/25/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 4 - 11 - 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Marc P. Niedzielski, Deputy Attorney General, Dept. of Justice, 820 N. French Street, 6th Flr., Wilmington, DE 19801
302-577-8400    Attorney for Defendant

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit "B"  8/27/08  P 1 OF 5

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/10/2008 4/11/2006 | City of New Castle Police Department 1 Municipal Blvd., New Castle, DE 19720 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Chief Kevin P. McDerby | Hand Delivered personally to Chief Kevin P. McDerby |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marc P. Niedzielski, Esq. | Deputy Attorney General |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     4/10/2008
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

820 N.French St., 6th Flr., Wilmington, DE 19801

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Service of Process:
1:06-cv-00263-GMS-MPT Sminkey v. State of Delaware Department of Corrections et al
CASREF, PaperDocuments, VACANTJUDGESHIP

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Niedzielski, Marc on 4/14/2008 at 9:20 AM EDT and filed on 4/14/2008

**Case Name:**       Sminkey v. State of Delaware Department of Corrections et al
**Case Number:**     1:06-cv-263
**Filer:**
**Document Number:** 111

**Docket Text:**
**SUBPOENA Returned Executed as to Chief Kevin P. McDerby on 4/11/2008 (Niedzielski, Marc)**

### 1:06-cv-263 Notice has been electronically mailed to:

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

### 1:06-cv-263 Notice has been delivered by other means to:

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/14/2008] [FileNumber=549385-0]
[c54ec662573f938e31f86b0d771432a8daa01bfb85bce34a66a8c7d7fac33d7c01bf
6aedc94654ceafca36ac8df6fd1f485ffb16f5a31bed9e2442df9ef90866]]



**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

April 14, 2008

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

> **Re:  Sminkey v. state of Delaware, et al.**
> **C.A. 1:06-cv-263**

Dear Mr. Sminkey:

Enclosed please find a copy of an executed subpoena as to Chief Kevin P. Maloney served on April 11, 2008.

Very truly yours,

Jennifer Mitchell
Senior Paralegal

/jml

STATE OF DELAWARE
DEPARTMENT OF JUSTICE
STATE OFFICE BUILDING
820 N. FRENCH ST.
WILMINGTON, DELAWARE 19801-3509
15-01-01

OFFICIAL BUSINESS
Penalty For Private Use $300.00

FIRST CLASS MAILED

PRESORTED
FIRST CLASS

02 1A
0004623756
MAILED FROM ZIP CODE 19801

UNITED STATES POSTAGE
$ 00.31²
PITNEY BOWES
APR 15  2008

ВАНР551 19015

Jack E. Sminkey
3402 Edgmont Avenue #333
Brookhaven, PA 19015

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JACK SMINKEY,           :
                           :

         Plaintiff,      :
                           :

      v.                :     Civil Action No. 06-263-GMS/MPT
                           :

STATE OF DELAWARE, DEPARTMENT  :
OF CORRECTION, et al.,      :
                           :

        Defendants.   :

## ORDER

At Wilmington this **27**[th] day of **June, 2008.**

IT IS ORDERED that a teleconference has been scheduled for

**Wednesday, July 2, 2008 at 9:00 a.m.** with Magistrate Judge Thynge to address a

discovery matter. **Defense counsel shall initiate the teleconference call.** The Court

expects the parties to continue in their efforts to resolve their discovery matter.

        Local counsel are reminded of their obligations to inform out-of-state

counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the

Court immediately of any problems regarding compliance with this Order.

                        /s/ Mary Pat Thynge
                        UNITED STATES MAGISTRATE JUDGE

Exhibit "C"  8/27/08  P 1 of 3

1

1                    IN THE UNITED STATES DISTRICT COURT

2                  IN AND FOR THE DISTRICT OF DELAWARE

3                        - - -

JACK SMINKEY,

4                      :     CIVIL ACTION NO.

           Plaintiff,         :

5                      :

           v.                :

6                      :

STATE OF DELAWARE DEPARTMENT    :

7 OF CORRECTION, et al.,       :

                      :    06-263 (GMS/MPT)

8      Defendants.

                      - - -

9

                    Wilmington, Delaware

10          Wednesday, July 2, 2008 at 9:00 a.m.

                 *TELEPHONE CONFERENCE*

11                      - - -

12

BEFORE:     HONORABLE **MARY PAT THYNGE**, Magistrate Judge

13                    - - -

14 APPEARANCES:

15

16        JACK SMINKEY

17           Pro Se Plaintiff

18

19        DELAWARE DEPARTMENT OF JUSTICE

        BY:  MARC P. NIEDZIELSKI, ESQ.

20          Deputy Attorney General

21          Counsel for Defendant

22

23

24

                  Brian P. Gaffigan

25                Registered Merit Reporter

1    know, other persons' observations if we have more credible

2    data that says, hey, this person was, you know, 45, you

3    know, in February of 2005 or whatever.  So that's what I'm

4    asking you for.

5              MR. NIEDZIELSKI:  Do you want me to give you the

6    date of birth of the individuals in your cadet class?

7              THE COURT:  The DOB?  Yes.

8              MR. SMINKEY:  Okay.  That would be fine by me,

9    you know.  And, again, I'm not necessarily saying I need

10   their date of birth because I'm not doing anything with it.

11             THE COURT:  Well, that would give you the age.

12             MR. SMINKEY:  Well, of course it would.  He

13   could also say Sminkey was 42 and this person was 39.  That

14   would give me the age as well.  I obviously don't think Mr.

15   Niedzielski would be untruthful.  If you want to give me the

16   date of birth, that's great.  And if you want to just give

17   me the age, that's fine.

18             MR. NIEDZIELSKI:  Okay.  What I will do, I will

19   send you an e-mail in an about an hour and it will give you

20   the age of each one of the cadets in your class.

21             THE COURT:  What about the gender?

22             MR. SMINKEY:  2005, is that right?

23             MR. NIEDZIELSKI:  2005, that's fine.

24             THE COURT:  Is that going to be enough?

25             MR. SMINKEY:  Well, I would prefer that I get

Mr. Marc Niedzielski, Esquire
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801                                    June 18, 2007

RE:    06-263*** (Discovery Requests)

This letter comes to you regarding your response to my first set of production of
documents and first set of interrogatories.

I must advise you that if you don't fully comply with discovery, I will have no alternative
but to file a motion to compel and request sanctions as well.

<div align="center">The Rules</div>

Rule 26(b) (1)
Information sought "need not be admissible at the trial if discovery appears reasonably
calculated to lead to the discovery of admissible evidence".

Informal Discovery – Since I am not subject to lawyers' ethical duties, I may, in fact,
choose to seek information from fellow cadets or any other person willing to cooperate.

Rule 33 (Interrogatories)
My first set of interrogatories were not form interrogatories. Interrogatory answers will
help me determine what witnesses I want to depose and what documents I may wish to
examine.

Additionally, none of my questions or requests were vague, ambiguous, unduly
burdensome, or crafted to harass, annoy, or violate any privilege, as your general
objections suggest.

My present claims are many. They include the following allegations:

        (1)    Unconstitutional policies
        (2)    Retaliation
        (3)    Wrongful Discharge
        (4)    Various Constitution Violations
        (5)    Sexual Harassment
        (6)    Various Forms of Discrimination
        (7)    Conspiracy To Deprive Civil Rights
        (8)    Unsafe Work Environment

Exhibit    "D" 8\27\08   P 1 0F 10

Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street, Lockbox # 18
Wilmington, DE 19801                                    October 9, 2007

RE: Sminkey v Delaware Department of Correction 06-CV-263***

Dear Judge Thynge;

Enclosed please find a one original and one copy of a motion to compel
discovery.

I have never filed this type of motion before but I made every effort to file it
as perfectly as possible, given the fact I am not a member of the bar.

If you have any questions, please feel free to have a court clerk contact me.
Or, if you wish, I would be happy to appear in your court to respond.

Please accept my sincere apology for having to bother the court with this
matter.


I am,

Jack Sminkey, Ph.D.
Plaintiff, Pro se
3402 Edgmont Avenue # 333
Brookhaven, PA 19015
(610) 620-3670


Cc. Mr. Marc Niedzielski, Esquire

Mr. Marc Niedzielski, Esquire
Department of Justice
820 N. French Street, 6th Fl.
Wilmington, DE 19801

December 8, 2007

RE: Sminkey v State of Delaware        C.A. 06-263***
    Meet and confer last week         (by e-mail)

Dear Mr. Niedzielski;

I write as a follow up to our MEET AND CONFER meeting last week. This
letter will be a bit long because I am also using it for documentation
purposes as well.

## BRIEF BACKGROUND

As you are aware, I successfully completed all pre-employment prerequisites
prior to being hired by the Department of Correction. I was initially
scheduled to participate in Probation & Parole training in late 2004. Due to
the fact I was attending physical therapy and our mutual concern about my
ability to successfully complete fitness training, we agreed to delay training
by one class. At this time, the employer was aware of my disabilities, auto
accidents, and physical therapy. I subsequently started training in February
2005.

A few weeks into training I was intentionally targeted by several instructors
and subsequently separated from training (on April 28, 2005) while my
classmates were setting up the gym for graduation the following day. Within
ten days, I received a certified letter signed by (then) Commissioner Stanley
Taylor indicating my employment was terminated.

I then initiated an investigation into the Department of Correction and
basically concluded they suffered from retardation ("slowness or limitation
in intellectual understanding and awareness, emotional development
academic progress, etc.").

I followed the appropriated legal procedures and brought suit in April 2006
seeking relief as a pro se litigant.

✳   Page # 2 Must important

You entered your appearance and after some early bickering, we agreed to go back seven years in time, to "streamline" discovery, not charge each other for documents, and attempt to do things "on the cheap". Because of this, in part, coupled with the fact that you can't prevail, I choose not to retain legal counsel thus far. It now appears the landscape has changed. Therefore, I must change the way I do business as well.

At our meet and confer, we agreed this is a Title V11 claim. I pointed out there were many others claims (namely 1983 and other claims).

You presented two Supreme Court decisions indicating I cannot prevail on the Title V11 claims based upon age and disability, due to an eleventh amendment bar. We agreed the other title V11 claims were still alive.

Despite the 11th amendment bar, and our agreement (as outlined above), you choose to discover volumes of medical records that appear to have no relevance, since (supposedly) I can't prevail on these claims anyway.

The streamline version of my medical reports and prescription history that I provided in August 2007 sufficed to document my disabilities prior to being hired. Not withstanding the fact the employer did a background investigation and documented these facts as well.

The fact that I have disabilities, and the employer knew it prior to my being hired, appear moot at this point, since I can't prevail on this claim. So why do you really want these records? Perhaps you can find a little dirt?

While you could claim you have a right to discover these records, you can now see that I did not "tamper" with the records I gave you. Additionally, my doctors don't always agree. Moreover, I have no idea what they write in medical records about me.

## FUN

The most concerning thing you said was that you like to have "fun" with some of your cases. The record reflects other state agents like to have fun as well.

For example, I got the distinct impression the instructors were having a lot of fun (at my expense) during my training.

Mr. Machtinger also had a little "fun" when he cancelled my first post-termination meeting and had someone advise me of this when I showed up for the meeting after a seventy five minute drive.

At the subsequent post-termination meeting, I got the impression Mr. Machtinger was having (more) 'fun' based on his conduct, body language, expressions, and the questions he asked, and didn't ask.

I suppose when you are a long-term state employee with no fear of being disciplined, who has a legal department with unlimited resources, I guess it provides a license to have "fun" at the expense of others.

Having "fun", bad morals, or suffering from retardation, in and of itself, is not illegal, however, sometimes these behaviors do rise to a level of actionable conduct (here we are).

While I do like to have "fun", and do have a "smirk", and a sense of humor, I don't do any of these things at the expense, or detriment of others.

When games are played or people are having fun while engaged in legal training or proceedings, it tends to obstruct and pervert the administration of justice. I would think Judges would not find this type of behavior funny at all.

## THE BLACK BINDERS

If you read the information in them, you would probably agree that the average taxpayer probably has little faith or trust in state government. Although there may be some inaccuracies in the reporting, the majority of the stories are not favorable to Governor Minner, Stanley Taylor, or other state agents. In fact, things are so bad that the federal government keeps getting involved with protecting the rights of the citizenry of/from the State of Delaware. Whether the State signed a consent decree or a memorandum of law, the fact is, it's not good for anyone.

## THE LOCAL RULES

It's clear; I don't know the local rules like you do. Nor am I an attorney. As a result, it allows you to have some fun and expose my ignorance.

March 24, 2008

Marc Niedzielski, Esquire                                    BY HAND
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801

RE:    Outstanding/Pending items
       Sminkey v State of Delaware/
       Department of Correction 06-263-gms

Dear Mr. Niedzielski:

Based upon my memory and notes from the depositions I have taken so far, I believe you owe me
the following supplemental information/documents:

1.    A copy of all class sign in sheets for BOTC Class #1 from February 25, 2005 – April 29,
      2005.
2.    A copy of the class calendar for BOTC class #1.
3.    A copy of the BAC meeting schedule for BOTC Class #1.
4.    A copy of all college degree diplomas by all defendants who purport to have a college
      degree.
5.    A copy of all training records updated to present date for each defendant.
6.    A copy of all resumes for all defendants who own a resume.
7.    A listing of the race and age of the following persons as of February 25, 2005:

      Cadets

      A.    Jack Sminkey
      B.    Jack Reyes
      C.    Derek McDowell
      D.    Alison Justiniano
      E.    Stacy Rauh
      F.    Dawn Stevens-Arbaugh
      G.    Julio Sanchez
      H.    Bob Sniadowski
      I.    Nicole Williams

      Instructors/Defendants

      J.    Amos Calloway
      K.    Harold Mack
      L.    Donna Watson
      M.    Nicole Shuler
      N.    Annette Franze
      O.    Alison Stevens
      P.    Louise Layton
      Q.    Ronald Sauls
      R.    Kathleen Mickle-Askin
      S.    Alan Machtinger
      T.    Stanley Taylor

Marc Niedzielski, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

May 5, 2008

Certified Mail
70071490000314351438

RE: Sminkey v State of Delaware Department of Correction 06-263-GMS

Dear Mr. Niedzielski:

I write for several reasons. First, I am still looking for the balance of the discovery materials you agreed to provide. I would also urge you to reconsider items you have refused, such as injury reports, making Defendant Minner available for deposition, etc.

As I read through my deposition, I noticed you frequently cut me off. As a result, the court reporter was unable to transcribe portions of my testimony.

It appears as though you object to me requesting leave to amend my complaint. This being your position, I will not be amending the complaint.

With regard to your suggesting I need to see a psychiatrist, I will pass on this for the reasons listed below.

While psychologists and psychiatrists have a very legitimate place in society, they are also misused.

Almost all law enforcement agencies require new hires to be evaluated by a psychologist (for liability reasons).

Unfortunately, employers sometimes wrongly send their employees to a psychologist or psychiatrist for the purpose of:

1. Harming the employees good name and reputation (under the auspices of being concerned for the employees well being).

2. Sometimes the employer attempts to use mental health professionals or none relevant documents to eventually prejudice a jury.

3. The last reason would be that, like you, or a supervisor becomes frustrated with the employee (or me) and suggests, without merit, the employee or "Sminkey is crazy".

Honorable Mary Pat Thynge                              June 14, 2008
United States District Court
844 King Street/ Lock Box #18
Wilmington, DE 19801


RE: Sminkey v State of Delaware/Department of Correction    C.A. 06-263-GMS


Dear Judge Thynge:

Pursuant to paragraph 3(e) of the scheduling order dated October 16, 2007, regarding
discovery disputes, your order indicated discovery disputes will be handled by letter and
not formal motion. The courts March 14, 2008 order re-affirms the same.

Agreed upon discovery framework:

Via email exchanges throughout March and April 2007, plaintiff and defense counsel
agreed to:

1. Streamline discovery by going back seven years in time from around April 16,
   2007 regarding employment and medical information, etc.

2. Plaintiff advised he would not attempt to embarrass defendants, abuse discovery
   and provide complete copies of discovery documents, which he has done.

Discovery efforts:

Plaintiff and defense counsel have exchanged formal letters and emails approximately
twenty (20) times during discovery, regarding discovery.

In March 2008, plaintiff deposed nine (9) defendants and a psychologist for the defense.

Plaintiff agreed to forgo deposing Governor Ruth Ann Minner if we agreed to a
stipulation regarding the Governor. Defense counsel would agree to allow plaintiff two
more depositions. Plaintiff and Mr. Niedzielski were unable to agree on a stipulation.
(See attached proposed stipulations for further details found in exhibit #1).

Unresolved discovery items:

1. Defendant Ruth Ann Minner – Plaintiff believes he is entitled to depose
   defendant Minner because: 1) She is specifically named in counts I, II, XX of the
   complaint, 2) She is the highest ranking policy maker in State Government, 3)
   Defendant Minner appointed department heads, set written policy, ordered
   investigations, issued executive orders relevant to discrimination and retaliation,
   4) Defendant Minner has personal knowledge regarding  issues of discrimination

Honorable Mary Pat Thynge
June 4, 2008
Page 2

and retaliation in State Government 5) We were unsuccessful in working out a
stipulation for the Governor, and, 6) Mr. Niedzielski never sought to have
defendant Minner, (or anyone else) removed as a defendant (See exhibit #1).

2. Injury reports (not workers' compensation records) of all persons injured while
doing physical fitness (circuit training) from 1/1/2000- 4/30/07. Relevant to count
XIV and XV of the complaint (See exhibit #2).

3. Training certificates/documentation for all instructors qualified to teach circuit
training, namely defendants Donna Watson, Nicole Shuler and Annette Franze.
Relevant to count XIV and XV of the complaint.

4. The race, age and gender of all defendants in this lawsuit and all BOTC Class #1
cadets on 3/1/2005. This is an age, race, and gender discrimination claim.

5. A listing of every question Dr. DeBernardo (psychologist) asked plaintiff when
she conducted her clinical interview of plaintiff in February 2005. Dr. De-
Bernardo is a defense expert. There is a dispute as to exactly what the doctor
asked and how she asked certain questions.

6. Dr. DeBernardo refused to release an original copy of plaintiff's MMPI-2
psychological test without a court order. Hence, a court order is requested.

7. Plaintiff respectfully asks the court to order Mr. Jack Reyes (fact witness) to
clarify his race. In C.A. No. 02-1283, he says he is a "Hispanic-American" and
was a victim of discrimination because of his race. He claims he was passed over
for promotion in favor of white males. When plaintiff deposed him in March
2008, he testified he is a "White-American". (See exhibit #3).

8. A copy of all dismissal letters issued to cadets who were involuntarily terminated
prior to completion of training from 01/01/2000 – 4/30/2007. The reasons are
relevant to the wrongful termination claim in the matter.

9. A listing of all cadets involuntarily terminated during cadet training then re-hired
after their post-termination meeting from 1/1/2000-4/30/2007, including age, race
and sex. The age, race, and sex of "re-hires" are relevant to this case.

10. All high school diplomas, GED's, college diplomas and resume (current) for all
defendants who possess or earned them, but has not yet provided them. This is
basic information which speaks to basic qualifications of each defendant.

11. The newest version of all defendants' official training records. Records are not
updated, consistent, and presently not very reliable.

12. Mr. Saul's supervisory training certificate from the United States Air Force (Re.
dep.).

Honorable Mary Pat Thynge
June 4, 2008
Page 3

13. Mr. Saul's documented training in civil rights law (Re. dep. P100, line 20).

14. Signed depositions/errata sheets of: Mr. Jack Reyes, Ms. Annette Franze, Ms. Nicole Shuler and, Ms. Dawn Stevens-Arbaugh.

Plaintiff respectfully request the court order defense counsel produce defendant Ruth Ann Minner for deposition, documents, and clarifications indicated above in a timely manner. Plaintiff believes opposing counsel is unwilling to produce same so as to impede discovery efforts, conceal facts, and to force plaintiff to file unnecessary motions.

Respectfully submitted,

Jack Sminkey, Plaintiff
3402 Edgemont Avenue #333
Brookhaven, PA 19015
(610) 620-3670

Filed by hand: June 30, 2008