

| | | |
|---|---|---|
| JOSEPH R. BIDEN, III<br>ATTORNEY GENERAL | DEPARTMENT OF JUSTICE<br>NEW CASTLE COUNTY<br>820 NORTH FRENCH STREET<br>WILMINGTON, DELAWARE 19801 | CIVIL DIVISION (302) 577-8400<br>FAX (302) 577-6630<br>CRIMINAL DIVISION (302) 577-8500<br>FAX (302) 577-2496<br>FRAUD DIVISION (302) 577-8600<br>FAX (302) 577-6499<br>TTY (302) 577-5783 |

September 9, 2008

The Honorable Mary Pat Thynge
U.S. District Court
844 N. King Street
Lock Box 8
Wilmington, DE  19801

      RE:   <u>**Sminkey v. DOC, et al.,**</u>, C.A. No. 06-263-GMS

Dear Judge Thynge:

     This letter is in response to the Court's directive to file a letter responding to plaintiff's nonconforming motion for sanctions. (D.I. 127) Since filing that motion on September 2, 2008, defendants on that same day filed a document reflecting their compliance (D.I. 124) with the Court's direction at the telephone conference on July 2, 2008. (D.I. 123)  For sake of clarity, I shall refer to plaintiff's document as the "sanctions letter."

     Yesterday, plaintiff filed another document entitled: Defendant's [sic] Non-Compliance with Magistrate Judge's Order in Discovery Dispute. (D.I. 128)  For sake of clarity, I shall refer to plaintiff's most recent document as the "noncompliance letter."

     In regards to the sanctions letter:

     1.    Plaintiff claims that throughout this litigation, that defense counsel has been evasive, untimely, made blanket objections, meritless claims of irrelevance, and forced plaintiff to file unnecessary motions. Defendants do agree that plaintiff has filed many unnecessary motions, but that was not due to defendants' action and the record in this case vitiates plaintiff's other claims.

     2.    Plaintiff suggests that counsel for the defendants agreed to limit discovery to seven years.  That is simply not the case.  The e-mail reflects that plaintiff was asking about how far he was to go in responding to defendants' pending discovery requests as some were for ten years and some were for seven

years. As a courtesy to plaintiff, defense counsel indicated that seven years would be sufficient in regards to the interrogatories and request for production directed to plaintiff. Counsel was not limiting discovery to seven years as to the plaintiff. The plaintiff had prior law enforcement employment and medical history that turns out is very relevant to this lawsuit.

The present record is clear that plaintiff falsified the employment application with DOC where he claimed he had not been disciplined by an employer. Plaintiff was suspended from duty with the New Castle City Police and an independent board recommended that he be terminated for a number of actions. During plaintiff's subsequent employment with SEPTA he was terminated and that was eventually changed to half-year of suspension without pay. Additionally, Dr. DeBernardo testified that plaintiff was not honest with her during the employment interview about his medical history and employment discipline. Plaintiff is attempting to hide these facts by seeking a motion in limine (which has already been denied) and by requesting an order that prohibits any discovery material dated before April 12, 2000.

3.   Plaintiff complains that defense counsel served a subpoena on his prior employer, New Castle City Police, on April 11, 2008, which was ten days after the close of discovery. On October 9, 2007, defense counsel served New Castle City with the employment authorization and requested his employment records. The City did not respond and defense counsel followed up with the City Solicitor. In early April, counsel was contacted by the New Castle City Police who had located the voluminous records on plaintiff. Counsel served them with the subpoena and inspected the records. Copies were made of some of the documents and plaintiff was provided with copies. This is not the case where counsel was not diligent and waited until the close of discovery to obtain discovery.

4. and 5.   Plaintiff refers to matters that arose on the July 2, 2008 telephone conference with your Honor. This document crossed with defendants' response to the Court's direction and may be best handled in the discussion regarding the noncompliance letter.

At the conclusion of his sanctions letter, plaintiff requests a number of things that are moot or have been ruled on already at the telephone conference (i.e. denial of motions to strike and in limine, [D.I. 123, Tr. p. 2-3). Plaintiff does not indicate what local or federal rule was violated nor does he offer a basis for a sanction.

In regards to plaintiff's September 8, 2008 noncompliance letter:

Item 1.  Plaintiff complains that he did not receive the MMPI2 results that were bate stamped D003164-3176. The Notice of Compliance does not represent that the document was served on him, but was filed under seal as was directed by the Court on July 2, 2008. (D.I. 124, Tr. p. 24, line 10-22)

Item 2.  Plaintiff complains that although he did receive the fifteen involuntary termination letters, he did not receive race, age, and gender information on Ashmore, Bowden, Robinson and Selby. Plaintiff did not review the documents with care. He was sent nineteen pages and in the above named four cases these are second letters that followed the termination letter where race, age and gender were disclosed.

Item 5.  Plaintiff complains about Voluntary Affirmative Action statements from his Cadet Class. Mr. Sanchez did not provide his date of birth or his gender. We will stipulate that he is male and he is not a protected age. In Ms. Williams' statement the last digit of her date of birth is hard to read, we will stipulate her year of birth is 1966. Plaintiff complains that there is no statement from Mr. Sniadowski as he is no longer employed by the DOC. We will stipulate that Mr. Sniadowski is male, white and is not a protected age.

Plaintiff complains that he did not receive an updated resume for defendant Nicole Shuler. He is correct and it was counsel's oversight. A copy of that resume has been filed under seal and served on plaintiff. (D.I. 129, 130)

I apologize for the length of this letter and thank you for your patience. It appears plaintiff's concerns could have been handled by a simple e-mail to counsel and did not require the Court's involvement which is what the scheduling order requires. This is not the first time that plaintiff has ignored the Scheduling Order procedures for discovery disputes. I believe all matters have been addressed and plaintiff can now respond to the defendants' pending motion for summary judgment in ten days.

Respectfully submitted,

/s/ Marc P. Niedzielski
Deputy Attorney General

Cc   Jack E. Sminkey (by e-mail)